# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10501 (PBS)<br><br>**REQUEST FOR SPECIAL ACTION PURSUANT TO RULE 5.1(C)** |

# MEMORANDUM OF LAW IN SUPPORT OF DEXIA BANK BELGIUM'S EMERGENCY MOTION FOR A PROTECTIVE ORDER

Peter M. Saparoff (BBO#441740)
Breton Leone-Quick (BBO#655571)
MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO
One Financial Center
Boston, MA 02111
Tel:  (617) 542-6000
Fax:  (617) 542-2241

James B. Weidner
Joel M. Cohen
Kara Morrow
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel:  (212) 878-8000
Fax:  (212) 878-8375
*Counsel for Dexia Bank Belgium*

**TABLE OF CONTENTS**

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

I.     THIS COURT SHOULD ISSUE A PROTECTIVE ORDER BECAUSE
PLAINTIFFS ARE NOT ENTITLED TO PREJUDGMENT ASSET
DISCOVERY ................................................................................................................... 3

II.    PLAINTIFFS ARE NOT ENTITLED TO EXPEDITED DISCOVERY ....................... 9

CONCLUSION ............................................................................................................................. 11

## TABLE OF AUTHORITIES

**Page**

### CASES

*Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*,
244 F.3d 189 (1st Cir. 2001) ..................................................................................................3

*Amica Mut. Ins. Co. v. W.C. Bradley Co.*,
217 F.R.D. 79 (D. Mass. 2003) ...............................................................................................4

*Ass'n for Reduction of Violence v. Hall*,
734 F.2d 63 (1st Cir. 1984) .....................................................................................................4

*Auto-Owners Ins. Co. v. S.E. Floating Docks, Inc.*,
231 F.R.D. 426 (M.D. Fla. 2005) ............................................................................................7

*Caouette v. OfficeMax, Inc.*,
352 F. Supp. 2d 134 (D.N.H. 2005) ........................................................................................4

*Clauss v. Danker*,
264 F. Supp. 246 (S.D.N.Y. 1967) ..........................................................................................7

*Crown Crafts, Inc. v. Aldrich*,
148 F.R.D. 151 (E.D.N.C. 1993)...........................................................................................10

*Diaz-Padilla v. Bristol Myers Squibb Holding Ltd.*,
No. 04-1003, 2005 U.S. Dist. LEXIS 5879 (D.P.R. Apr. 4, 2005) ..........................................4

*Dimension Data N. Am., Inc. v. NetStar-1, Inc.*,
226 F.R.D. 528 (E.D.N.C. 2005)...........................................................................................10

*Entm't Tech. Corp. v. Walt Disney Imagineering*,
No. 30-3546, 2003 U.S. Dist. LEXIS 19832 (E.D. Pa. Oct. 2, 2003) ....................................10

*Gill v. Gulfstream Park Racing Assoc.*,
No. 03-cv-155, 2005 U.S. Dist. LEXIS 14733 (D.N.H. July 21, 2005)...................................4

*Grupo Mexicano v. Alliance Bond Fund, Inc.*,
527 U.S. 308 (1999) ................................................................................................................5

*Gucci Am., Inc. v. Daffy's, Inc.*,
No. 00-4463, 2000 U.S. Dist. LEXIS 16714 (D.N.J. Nov. 14, 2000) ....................................10

*Hickman v. Taylor*,
329 U.S. 495 (1947) ................................................................................................................4

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Irish Lesbian & Gay Org. v. Giuliani*,
  918 F. Supp. 728 (S.D.N.Y. 1996) .............................................................................. 10

*Kadar Corp. v. Milbury*,
  549 F.2d 230 (1st Cir. 1977) ........................................................................................ 5

*L. Knife & Son, Inc. v. Banfi Prods. Corp.*,
  118 F.R.D. 269 (D. Mass. 1987) ............................................................................. 4, 5

*Lussenhop v. Clinton County, New York*,
  No 1:04-cv-263, 2004 U.S. Dist. LEXIS 21624 (N.D.N.Y. Oct. 19, 2004) .................. 9

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*,
  194 F.R.D. 618 (N.D. Ill. 2000) ................................................................................. 10

*Mettler-Toledo, Inc. v. Acker, d/b/a Precision Instrument Servs.*,
  No. 4:cv-95-1649, 1995 U.S. Dist. LEXIS 21707 (M.D. Pa. Oct. 19, 1995) ............... 10

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) ..................................................................................................... 6

*OSRecovery, Inc. v. One Groupe Int'l, Inc.*,
  305 F. Supp. 2d 340 (S.D.N.Y. 2004) .......................................................................... 5

*Pinkert v. Oliveri, et al.*,
  No. 99-380, 2001 U.S. Dist. LEXIS 8133 (D. Del. May 24, 2001 ............................... 7

*Poliquin v. Garden Way, Inc.*,
  989 F.2d 527 (1st Cir. 1993) ........................................................................................ 3

*Public Serv. Co. of N.H. v. Hudson Light & Power Dep't.*,
  938 F.2d 338 (1st Cir. 1991) ........................................................................................ 4

*Ranney-Brown Distribs., Inc. V.E.T. Barwick Indus., Inc.*,
  75 F.R.D. 3 (S.D. Ohio 1977) ...................................................................................... 8

*Renshaw v. Ravert*,
  82 F.R.D. 361 (E.D. Pa 1979) ...................................................................................... 8

*Resolution Trust Corp. v. Feffer*,
  793 F. Supp. 11 (D.D.C. 1992) .................................................................................... 7

*Sheehan v. NetVersant-New England, Inc.*,
  345 F. Supp. 2d 130 (D. Mass. 2004) .......................................................................... 9

# TABLE OF AUTHORITIES
#### (continued)

**<u>Page</u>**

*Sinclair Nat'l Bank v. Office of the Comptroller of the Currency*,
  No. 00-2398, 2000 U.S. Dist. LEXIS 17968 (D.D.C. Dec. 18, 2000) ........................ 10

*In re WebSecure, Inc., Sec. Litig.*,
  No. 97-10662, 1997 U.S. Dist. LEXIS 19600 (D. Mass. Nov. 26, 1997) ..................... 5

## STATUTES

Fed. R. Civ. P. 26 ................................................................................................. 6, 8, 9

Fed. R. Civ. P. 26(a)(1)(D) ........................................................................................ 6

Fed. R. Civ. P. 26(b) .............................................................................................. 4, 6

Fed. R. Civ. P. 26(b)(1) ................................................................................. 1, 2, 4, 6, 8

Fed. R. Civ. P. 30(b)(6) ................................................................................. 1, 2, 4, 10

Fed. R. Civ. P. 34 ...................................................................................................... 2

Fed. R. Civ. P. 34(b) .............................................................................................. 2, 9

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and Local Rule 5.1(c), Defendant Dexia Bank Belgium ("Dexia") respectfully submits this memorandum of law in support of its Emergency Motion for a Protective Order preventing Plaintiffs from obtaining discovery sought in Plaintiffs' Notice of Rule 30(b)(6) Deposition Of, And Request For Production Of Documents By, Defendant Dexia Bank Belgium ("Discovery Request"). In further support of this motion, Dexia submits the Declaration of Joel M. Cohen dated November 21, 2005 ("Cohen Decl.").

## PRELIMINARY STATEMENT

Plaintiffs have sought an immediate Rule 30(b)(6) deposition and expedited document discovery concerning the closure and liquidation of a Dexia branch office located in New York. Plaintiffs do not seek discovery that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The information sought in Plaintiffs' Discovery Request is irrelevant to the claims and defenses at issue in the present actions. Moreover, discussions with Plaintiffs indicate that the only purpose of the proposed deposition and document requests is to obtain discovery of Dexia's financial assets for the purpose of determining an ability to satisfy a hypothetical judgment. Such discovery falls outside the scope of permissible discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure. This Court should therefore issue a protective order preventing Plaintiffs' proposed discovery.[1]

## BACKGROUND

On November 17, 2005, Plaintiffs served counsel for Dexia with Notice of a Deposition pursuant to Rule 30(b)(6) seeking testimony from a representative of Dexia in New York five

_____

[1] This motion is styled as one for a protective order; however, it could also be deemed a motion to quash. We respectfully ask the Court to treat the motion accordingly.

days later, on November 22. (*See* Cohen Decl. Ex. A). The topics for the deposition all relate to the closing of a branch office of Dexia located in New York City. *Id*. The deposition notice also incorporated a Rule 34 document request, seeking the production of various categories of documents related to the same branch office closing. *Id*. A letter accompanying the deposition notice requested that Dexia agree to waive the 30-day response period provided by Rule 34(b) of the Federal Rules of Civil Procedure and produce the requested documents within four days. (*See* Cohen Decl. Ex. A and B.) In their letter to Dexia, Plaintiffs, without reference to any case law, stated, "If we do not receive Dexia's written agreement to this effect by 12:30 p.m. tomorrow, we will be forced to move the Court on an expedited basis to direct Dexia to respond immediately to the enclosed document request." (*See* Cohen Decl. Ex. B.)

On November 18, 2005, the parties conferred twice on the telephone. (*See* Cohen Decl. ¶ 4.) Counsel for Dexia articulated its position that Plaintiffs are not entitled under Rule 26(b)(1) of the Federal Rules of Civil Procedure to discovery concerning the closing of the New York branch because such discovery is not relevant to any claims or defenses at issue in the litigation. *Id*. Plaintiffs reasserted their request for immediate, expedited discovery, again without any explanation of the factual or legal grounds for such an extraordinary request. *Id*. In an attempt to respond in good faith, counsel for Dexia asked Plaintiffs to indicate any legal basis that Plaintiffs had found that would contradict Dexia's position. *Id*. Plaintiffs failed to provide any authority.

The underlying actions arise out of allegations concerning Dexia's participation in alleged accounting improprieties at Lernout & Hauspie Speech Products NV ("L&H"). According to the complaints filed by Plaintiffs, Dexia made loans in 1997, 1998 and 1999 to certain entities that, directly or indirectly, purchased licenses to speech recognition technology

from L&H.  Plaintiffs allege that L&H improperly recognized revenue from those licensing transactions and reported such revenue in its quarterly financial statements.  Plaintiffs now seek to hold Dexia responsible for L&H's alleged improper accounting decisions.

None of the claims arising from these allegations, nor any of Dexia's defenses to such claims, relate to Dexia's business plans to close its New York branch – discussion of which was in progress prior to the filing of any of the complaints here.  Thus, as set forth below, these actions do not justify Plaintiffs' proposed discovery.

## ARGUMENT

**I.    THIS COURT SHOULD ISSUE A PROTECTIVE ORDER BECAUSE PLAINTIFFS ARE NOT ENTITLED TO PREJUDGMENT ASSET DISCOVERY**

Plaintiffs are not entitled to obtain discovery from Dexia on issues pertaining to what they refer to as the "imminent liquidation" of Dexia's New York Branch.  (*See* Cohen Decl. Ex. B.)  As set forth below, prejudgment asset discovery is irrelevant to the merits phase of this action and premature until the claims have been reduced to judgment.  Rule 26(c) of the Federal Rules of Civil Procedure authorizes the Court to issue a protective order to prevent discovery upon a showing of good cause.  Fed. R. Civ. P. 26(c) ("Upon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense"); *see Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,* 244 F.3d 189, 193 (1st Cir. 2001); *see also Poliquin v. Garden Way, Inc.,* 989 F.2d 527, 532 (1st Cir. 1993) ("district court has broad discretion to decide when a protective order is appropriate . . .") (quoting *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984)).  Although the defendant generally must show good cause for a protective order, Plaintiffs have the burden of demonstrating that the information they are seeking is

relevant. *Caouette v. OfficeMax, Inc.,* 352 F. Supp. 2d 134, 136 (D.N.H. 2005); *see also, Gill v. Gulfstream Park Racing Assoc.*, No. 03-cv-155, 2005 U.S. Dist. LEXIS 14733, n.2 (D.N.H. July 21, 2005); *Diaz-Padilla v. Bristol Myers Squibb Holding Ltd.,* No. 04-1003, 2005 U.S. Dist. LEXIS 5879, at *3 (D.P.R. Apr. 4, 2005).

Plaintiffs' proposed discovery is unrelated to *any* of the allegations set forth in *any* of the complaints that have been filed against Dexia. A protective order plainly is warranted. Under Rule 26(b)(1), discovery is limited to "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." *See generally, Hickman v. Taylor,* 329 U.S. 495, 508 (1947) ("[A]s Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant . . . .") In the instant case, neither a Rule 30(b)(6) deposition nor document discovery is related to a claim or defense of any party. It is well settled that a plaintiff is not entitled to discovery that is irrelevant to a claim or defense. *See Public Serv. Co. of N.H. v. Hudson Light & Power Dep't.*, 938 F.2d 338, 347 (1st Cir. 1991) (denying discovery under 26(b) due to the irrelevance of the discovery sought); *Ass'n for Reduction of Violence v. Hall*, 734 F.2d 63, 67 (1st Cir. 1984) (affirming lower court's decision to deny discovery due to irrelevance); *Amica Mut. Ins. Co. v. W.C. Bradley Co.*, 217 F.R.D. 79, 84 (D. Mass. 2003) (denying plaintiffs' request for discovery of defendant's general loss reporting procedures due to irrelevance); *L. Knife & Son, Inc. v. Banfi Prods. Corp.*, 118 F.R.D. 269, 273 (D. Mass. 1987) (holding that discovery sought by plaintiffs "premised on its stated method of computing damages, is irrelevant and 'unduly burdensome' within the meaning of Rule 26(b)(1) . . . .")

Plaintiffs have acknowledged, in a "meet and confer" on November 18, that the sole factual basis for their sudden concern about Dexia's closure of a branch office arose from their review of Dexia's public notice of such event in a <u>Wall Street Journal</u> advertisement. Plaintiffs

apparently suspect that, despite Dexia's public disclosure of the event in a national newspaper, Dexia intends to transfer its assets from the United States for the purpose of frustrating collection of a possible judgment by Plaintiffs. The public nature of this notice alone demonstrates that Dexia is not acting with any such intent.[2]

The First Circuit has also rejected discovery designed to uncover a claim that has not yet been made absent relevance to a claim that has already been asserted. *See Kadar Corp. v. Milbury*, 549 F.2d 230, 233 n.2 (1st Cir. 1977) ("Plaintiffs argue that they need not be able at the outset of a lawsuit to identify the role defendants played, and point to their motion for leave to amend the complaint following discovery. This theory of a lawsuit in search of defendants goes too far. As the seventh circuit [sic] said recently, 'We agree that plaintiff is entitled to the fullest opportunity to adduce evidence in support of her claim. But she is not entitled to a trial, or even to discovery, merely to find out whether or not there may be a factual basis for a claim

---

[2] Plaintiffs demand for discovery must also be viewed in light of the U.S. Supreme Court's decision in *Grupo Mexicano v. Alliance Bond Fund, Inc.,* 527 U.S. 308 (1999). In *Grupo Mexicano*, the Court ruled that federal courts have no authority to issue preliminary injunctions preventing parties from disposing of their assets pending adjudication of an action for money damages. *Id.* at 324. Since *Grupo Mexicano,* courts that have considered granting injunctive relief to secure prejudgment assets have done so only in limited factual circumstances that are not present here. *See, e.g., OSRecovery, Inc. v. One Groupe Int'l, Inc.,* 305 F. Supp. 2d 340, 343-344, 348 (S.D.N.Y. 2004) (denying motion for injunctive relief, but granting an order of attachment, in case where defendant never appeared in response to motion, asserted Fifth Amendment against self-incrimination, and in the court's estimation, ran a "Ponzi scheme" and "thorough-going fraud from beginning to end.") In a federal court case in Massachusetts decided *prior* to *Grupo Mexicano*, the court similarly denied a motion for preliminary injunction after plaintiffs failed to demonstrate that the defendant was "dissipating its assets at such a rate that unless the injunction is granted there will be nothing from which to collect any judgment they might win" but, nevertheless, granted some asset discovery "[b]ecause the viability of WebSecure as an operating business is an important factor in determining whether, or when, injective relief might be appropriate . . . ." *In re WebSecure, Inc., Sec. Litig.,* No. 97-10662, 1997 U.S. Dist. LEXIS 19600, at *13 (D. Mass. Nov. 26, 1997). No such extraordinary allegations have been made – or could be sustained – in this case. Apart from the widely different nature of the claims made here, Plaintiffs also have no basis to conclude that they have any particular interest in, or right to, the assets being transferred from Dexia's New York branch, nor that Dexia's transfer of such assets results in a total liquidation such that the bank is left without assets from which Plaintiffs could collect if they were to obtain a judgment in the case.

which she has not made.' *Cohen v. Illinois Inst. of Tech.*, 524 F.2d 818, 827 (7th Cir. 1975) (Stevens, J.), *cert. denied*, 415 U.S. 943, 96 S.Ct. 1683, 48 L.Ed. 2d 187 (1976)").

The U.S. Supreme Court observed that – aside from disclosure of liability insurance agreements, which is explicitly provided for in Rule 26(a)(1)(D) – discovery concerning a defendant's financial assets related to satisfying a possible judgment is not relevant and not permissible under Rule 26(b). *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978). In *Oppenheimer*, the Court stated, "Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id*. Describing matters not subject to discovery, the Court indicated, "Thus it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case. For the same reason, an amendment to Rule 26(b) was required to bring within the scope of discovery the existence and contents of insurance agreements under which an insurer may be liable to satisfy a judgment against a defendant, *for that information ordinarily cannot be considered*, and would not lead to information that could be considered, by a court or jury in deciding any issues." *Id.* (emphasis added).[3]

---

[3] The Supreme Court noted that the Advisory Committee Notes on the 1970 amendment to Rule 26 reflected that one policy reason for changing the rule was the belief that "revelation of such agreements tends to sway settlements…." *Oppenheimer Fund, Inc.,* 437 U.S. 340, n.16. The Advisory Committee concluded that disclosure of liability insurance agreements and other financial information related to plaintiff's potential recovery are not "relevant" under Rule 26(b). Indeed, Rule 26(a)(1)(D) had to be added to bring such information within the scope of discovery. The Committee explained that the rule requiring discovery of liability insurance serves a narrow policy purpose in favor of settlement and should be limited expressly to that disclosure, and no other. *See* Federal Rules of Civil Procedure Rule 26, Advisory Committee Notes on 1970 Amendments ("The amendment is limited to insurance coverage, which should be distinguished from any other facts concerning defendant's financial status….")

Courts in other circuits similarly have held that defendants should be protected from discovery for the purpose of uncovering information about prejudgment assets or other prospective claims. The Federal District Court of the Middle District of Florida recently considered whether to issue a protective order to prevent plaintiffs' discovery of defendants' financial assets prior to judgment. *Auto-Owners Ins. Co. v. S.E. Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. 2005). The Florida court held that good cause existed to protect defendants on the grounds that the discovery sought was irrelevant to the litigants' claims or defenses. *Id*. The court reasoned:

> Defendants argue that Plaintiff's discovery is irrelevant because it does not relate to a claim or defense by the parties, but is in aid of execution of a judgment that has not yet been entered. The Court agrees that such discovery prior to the entry of judgment is improper. Plaintiff contends that the discovery is needed to determine whether the non-parties should be added to the law suit as real parties in interest. While certain financial records may show that the non-parties are interrelated with Defendants, Plaintiff's discovery regarding financial matters is grossly overbroad and irrelevant.

*Id*; *see also*, *Resolution Trust Corp. v. Feffer*, 793 F. Supp. 11, 14 (D.D.C. 1992) (denying plaintiffs' request for expedited discovery on the grounds that the financial information plaintiffs sought is not discoverable and noting "[c]ourts have routinely denied access to information concerning an individual's financial affairs for the purpose of discerning a defendant's inability to satisfy a judgment, reasoning that such material is irrelevant to the subject matter of the suit."); *Clauss v. Danker,* 264 F. Supp. 246, 249 (S.D.N.Y. 1967) ("The purpose of pretrial discovery is to prepare for trial of the issues, not to uncover assets that might be applied to satisfaction of a judgment. Supplementary proceedings to locate such assets are normally available to the plaintiff only after a judgment has been entered."); *Pinkert v. Oliveri, et al.,* No. 99-380, 2001 U.S. Dist. LEXIS 8133, at *18 (D. Del. May 24, 2001) ("The [defendants] have requested a protective order preventing pre-judgment discovery of their

assets. The Federal Rules of Civil Procedure do not permit pre-trial discovery of a defendant's finances." (citing *Gangemi v. Moor*, 268 F. Supp. 19, 21-22 (D. Del. 1967)); *McCurdy v. Wedgewood Capital Mgmt. Co.*, No. 97-4304, 1998 U.S. Dist. LEXIS 18875, at *37-38 (E.D. Pa. Nov. 16, 1998) ("Plaintiff also moves to compel discovery of facts concerning Defendant's financial status in order to determine Defendant's 'ability to satisfy a judgment . . . ' However, Plaintiff is not entitled to access such information. Although discovery of the existence and contents of liability insurance is permitted, 'Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence.' . . . Accordingly, such information does not become relevant prior to judgment with execution unsatisfied.") (citing *Ranney-Brown Distribs., Inc. V.E.T. Barwick Indus., Inc.,* 75 F.R.D. 3, 4 (S.D. Ohio 1977)); *Renshaw v. Ravert*, 82 F.R.D. 361, 363 (E.D. Pa 1979) (inquiry into Defendant's personal financial status is not ordinarily permitted) (citing 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2010, at 93 (1970)).

  In this case, Plaintiffs have asserted securities and common law fraud claims related to alleged transactions between Dexia and L&H in Belgium during the 1990s. Plaintiffs cannot credibly suggest that discovery into the closure of Dexia's New York branch office approximately six years after the alleged relevant acts ended is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Despite their breadth, the federal discovery rules are not limitless. One court succinctly summarized the federal discovery rules: "To be relevant, the request for information must be 'germane' to the subject matter of the claim, defenses or counterclaims . . . 'Parties should not be permitted to roam in the shadows of relevancy and to explore matter which does not presently appear germane on

the theory that might conceivably become so.'" *Lussenhop v. Clinton County, New York*, No 1:04-cv-263, 2004 U.S. Dist. LEXIS 21624, at *6 (N.D.N.Y. Oct. 19, 2004) (internal citations omitted). Plaintiffs' Discovery Request falls outside the shadow of relevancy and seeks business information about Dexia to which Plaintiffs are not entitled. There are neither temporal nor factual connections between the discovery sought and the allegations in this case. Moreover, Plaintiffs' requests blithely invade upon the current internal business decisions and strategies of Dexia, for no relevant reason. This Court should issue a protective order to prevent Plaintiffs from obtaining this irrelevant and intrusive discovery.

## II.     PLAINTIFFS ARE NOT ENTITLED TO EXPEDITED DISCOVERY

Because Plaintiffs are not entitled to the discovery sought in their Discovery Request, they clearly are not entitled to such discovery on an expedited basis. Even assuming that Plaintiffs could properly conduct discovery now into Dexia's decision to close its New York branch office, such discovery should proceed according to the timing set forth in Rule 34(b). Plaintiffs have pointed to no compelling reason why this Court should consider a departure from these well-established norms, nor can they.

Rule 26 and Massachusetts case law do not offer a bright line test for evaluating requests for expedited discovery. Massachusetts courts tend to look to the overall fairness of the request. *See, e.g., Sheehan v. NetVersant-New England, Inc*., 345 F. Supp. 2d 130, 132 (D. Mass. 2004) ("expedited discovery beyond that to which the Defendant has consented is unwarranted because, under the circumstances, the information that Defendant has agreed to provide should reasonably suit Plaintiff's immediate needs and any broader expedited discovery would be unduly burdensome."). Courts in other jurisdictions have often measured a request for expedited discovery against a four-part standard that requires a showing of (1) irreparable

injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited discovery is granted.[4]  Alternatively, other courts apply a more flexible "reasonableness test," considering "the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances."[5]  Under any such standard, Plaintiffs cannot justify expedition of their request.

Plaintiffs have requested a Rule 30(b)(6) deposition in New York and the production of documents within six days of receiving service of the Discovery Request (with the deadlines falling during the week of Thanksgiving).  Complying with these requests would require collecting documents in Belgium, reviewing them to filter out any privileged documents and then flying a witness from Brussels to New York for the deposition itself.  Not only are these requests unduly burdensome and unreasonable, it is unlikely that Dexia, practically, could even meet such draconian deadlines.

---

[4] *See, e.g., Sinclair Nat'l Bank v. Office of the Comptroller of the Currency*, No. 00-2398, 2000 U.S. Dist. LEXIS 17968 (D.D.C. Dec. 18, 2000); *Gucci Am., Inc. v. Daffy's, Inc.*, No. 00-4463, 2000 U.S. Dist. LEXIS 16714 (D.N.J. Nov. 14, 2000); *Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 730 (S.D.N.Y. 1996); *Mettler-Toledo, Inc. v. Acker, d/b/a Precision Instrument Servs.*, No. 4:cv-95-1649, 1995 U.S. Dist. LEXIS 21707 (M.D. Pa. Oct. 19, 1995); *Crown Crafts, Inc. v. Aldrich*, 148 F.R.D. 151 (E.D.N.C. 1993).

[5] *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000).  *See also Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528 (E.D.N.C. 2005); *Entm't Tech. Corp. v. Walt Disney Imagineering*, No. 30-3546, 2003 U.S. Dist. LEXIS 19832 (E.D. Pa. Oct. 2, 2003).

---

## CONCLUSION

For all the foregoing reasons, the Court should grant Dexia's emergency motion for a protective order to prevent Plaintiffs from obtaining the deposition and documents they seek in their Discovery Request.

Dated: November 21, 2005

Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO

By: /s/ Breton Leone-Quick
    Peter M. Saparoff (BBO#441740)
    Breton Leone-Quick (BBO#655571)

One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241

James B. Weidner
Joel M. Cohen
Kara Morrow
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel: (212) 878-8000
Fax: (212) 878-8375

*Counsel for Dexia Bank Belgium*