UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.:  03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.:  04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.:  04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10501 (PBS) |

## DECLARATION OF JOEL M. COHEN

I, Joel M. Cohen, declare and state as follows:

1.     I am an attorney associated with Clifford Chance US LLP. I am fully familiar with the facts set forth herein. I submit this declaration in support of Dexia Bank Belgium's Motion for a Protective Order.

2.     Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Notice of Rule 30(b)(6) Deposition Of, And Request For Production Of Documents By, Defendant Dexia Bank Belgium ("Dexia") dated November 17, 2005.

3.     Attached hereto as Exhibit B is a true and correct copy of the Letter from Susan M. Davies dated November 17, 2005.

4.     On November 18, 2005, the parties conferred twice on the telephone. Counsel for Dexia articulated its position that Plaintiffs are not entitled under Rule 26(b)(1) of the Federal Rules of Civil Procedure to discovery concerning the closing of the New York branch because such discovery is not relevant to any claims or defenses at issue in the litigation. Plaintiffs reasserted their request for immediate, expedited discovery, again without any explanation of the factual or legal grounds for such an extraordinary request. In an attempt to respond in good

faith, counsel for Dexia asked Plaintiffs to indicate any legal basis that Plaintiffs had found that would contradict Dexia's position. Plaintiffs failed to provide any authority.

Dated: New York, New York
November 21, 2005

_____
Joel M. Cohen