# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>Defendants. | Civil Action No.: 03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>Defendants. | Civil Action No.: 04-10477 (PBS) |

|  |  |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10501 (PBS) |

## OPPOSITION TO PLAINTIFFS' JOINT MOTION
## FOR LEAVE TO SUBMIT REPLY PAPERS

Defendant Dexia Bank Belgium ("Dexia") opposes Plaintiffs' joint motion for leave to submit reply papers because Dexia believes Plaintiffs' reply papers are untimely, overly voluminous and unnecessary, and because Plaintiffs refused Dexia's reasonable request to submit sur-reply papers. If, however, the Court agrees to consider Plaintiffs' reply papers, Dexia requests a reasonable opportunity to submit sur-reply papers, which would require an adjournment of the argument on this motion currently scheduled for December 23, 2005.

**Background**

On November 4, 2005, Plaintiffs served a motion to compel deposition testimony from Piet Cordonnier, Bart Ferrand and Peter Rabaey, which was accompanied by a 20-page brief and an affidavit and exhibits totaling approximately 500 pages. In accordance with Local Rule 37.1(c), Dexia served its opposition papers two weeks later, on November 18, 2005. Dexia's papers consisted of a 16-page brief and two short declarations. On November 22, 2005, Magistrate Judge Collings scheduled a hearing on this motion for December 23, 2005.

2

On December 1, 2005, during a telephonic meet and confer arranged for other purposes, counsel for Plaintiffs requested permission to submit reply papers with respect to this motion, consisting of a 10-page reply brief and a declaration attaching unspecified additional documents. When counsel for Dexia asked whether Plaintiffs would agree that Dexia could submit sur-reply papers, counsel for Plaintiffs refused that request. Accordingly, Dexia refused to agree to Plaintiffs' proposal to submit reply papers.[1]

Nearly two weeks later, on December 13, 2005, Plaintiffs filed the instant motion for leave to submit reply papers. The reply papers, which were provided to Dexia on the same date, consist of a nine-page brief and a five-page declaration attaching exhibits totaling approximately 130 pages.

**Argument**

1. <u>Plaintiffs request is untimely.</u> Although Plaintiffs' motion to compel deposition testimony involved more than 500 pages of submissions, Dexia filed its opposition papers within 14 days, as it was required to do under Local Rule 37.1(c). In contrast, Plaintiffs have taken nearly twice that amount of time—25 days—to assemble their reply papers, leaving little time for Dexia to prepare a suitable response before the hearing scheduled for December 23, 2005. Plaintiffs should not have taken more time for their reply papers than the Local Rules permitted Dexia for its opposition papers.[2] For this reason alone, the motion to submit reply papers should be denied.

---

[1] Dexia agreed that Plaintiffs' reply papers, if permitted, should be filed under seal.

[2] We note that, in connection with Dexia's motion to compel documents and interrogatory responses from Plaintiffs, Dexia sought permission to file a reply brief one week after Plaintiffs filed their opposition papers, and more than 20 days prior to the scheduled hearing.

3

2.  <u>Plaintiffs' proposed reply papers are overly voluminous.</u>  Plaintiffs' proposed reply papers purport to address only two points raised in Dexia's opposition paper: the role of the Credit Committee and the possibility that the employees in question will refuse to testify. Dexia's discussion of these points occupies only four pages of its opposition brief. (*See* Dexia Br. at 13-16.)  In response to these four pages, Plaintiffs ask the Court to consider an additional nine-page brief and an additional five-page declaration attaching approximately 130 pages of exhibits.  Dexia submits that this is not a reasonable or measured reply to Dexia's arguments.

3.  <u>Plaintiffs' proposed reply papers are unnecessary.</u>  Plaintiffs claim that reply papers are needed because Plaintiffs did not anticipate Dexia's arguments concerning the role of the Credit Committee and the possibility of that the employees in question will refuse to testify. Plaintiffs, however, were clearly in a position to anticipate these arguments.  *First*, the role of the Credit Committee in approving loan transactions at Artesia is obvious from the witness statements submitted by Plaintiffs in connection with their motion.  It should have been readily apparent to Plaintiffs that the Credit Committee exercised far more authority with respect to the relevant transactions than Cordonnier, Ferrand or Rabaey.  *Second*, Plaintiffs are plainly aware of the pending criminal investigation in Belgium, and the shadow that it casts over these civil proceedings.  It requires no great leap of intuition to conclude that many Dexia employees— including Cordonnier, Ferrand and Rabaey—are concerned about the criminal investigation, and the impact that sworn testimony in this action may have on future criminal proceedings in Belgium.  To the extent Plaintiffs failed to anticipate these arguments in their opening brief, they have only themselves to blame.

4.  <u>Dexia should have a reasonable opportunity to respond.</u>  If the Court grants Plaintiffs' motion to submit reply papers, Dexia should be given a reasonable opportunity to

prepare sur-reply papers addressing Plaintiffs' arguments and the new evidence submitted by Plaintiffs.  Given the size of Plaintiffs' proposed submission, Dexia respectfully requests at least two weeks to submit such papers, which is roughly half the amount of time Plaintiffs have taken to prepare their reply papers.  To accommodate this schedule, Dexia also requests a short adjournment of the hearing scheduled for December 23, 2005.

## **Conclusion**

For all the foregoing reasons, Plaintiffs' motion for leave to submit reply papers should be denied and the Court should hear argument from the parties as scheduled on December 23, 2005.  Alternatively, Dexia should be given at least two weeks to submit sur-reply papers and the hearing scheduled for December 23, 2005, should be adjourned.

Dated:  December 14, 2005

Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO

By:   /s/  Breton Leone-Quick
    Peter M. Saparoff (BBO#441740)
    Breton Leone-Quick (BBO#655571)

One Financial Center
Boston, MA 02111
Tel:  (617) 542-6000
Fax:  (617) 542-2241

James B. Weidner
Jeff E. Butler
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel:  (212) 878-8000
Fax:  (212) 878-8375

*Counsel for Dexia Bank Belgium*