**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>       Plaintiffs,<br><br>       v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>       Defendants. | Civil Action No.:  04-10501 (PBS) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEXIA BANK BELGIUM'S EMERGENCY MOTION
FOR A PROTECTIVE ORDER POSTPONING CERTAIN DEPOSITIONS**

Defendant Dexia Bank Belgium ("Dexia") submits this Memorandum of Law in support of its Emergency Motion for a Protective Order Postponing Certain Depositions. Dexia also submits the Declaration of Jeff E. Butler dated February 24, 2006 ("Butler Decl.") in support of this motion.

**Background**

Discovery in this action has been proceeding in earnest since May 2005. In December 2005, the parties agreed to schedule depositions of seven Dexia employees. Five depositions were scheduled for the weeks of March 6 and March 13, 2006. The two remaining depositions were scheduled for the week of April 17, 2006. For purposes of preparing for the depositions beginning on March 6, counsel for Dexia had made plans to travel to Belgium on March 1, 2006. (Butler Decl. ¶ 2.)

In the meantime, the parties have been briefing an important interlocutory appeal to the First Circuit that could result in dismissal of all of the federal securities claims currently at issue in this litigation. This interlocutory appeal was certified by the Court on July 11, 2005, and the

2

First Circuit granted leave to appeal on October 18, 2005. The parties completed their briefing of this appeal on February 13, 2006, and the First Circuit has scheduled oral argument to take place on April 6, 2006. (*See id.* ¶ 3 & Ex. A.)

Class Plaintiffs are now engaged in what appears to be a concerted effort to avoid having the First Circuit issue a substantive ruling on the pending appeal. *First*, on February 16, 2006, Class Plaintiffs filed a motion for leave to file a Third Amended Complaint for the purpose of adding new claims against Dexia for control person liability and insider trading. (*Id.* ¶ 4.) Class Plaintiffs have filed this motion even though the time for filing motions to amend the pleadings expired on August 1, 2005. Dexia's response to that motion is due on March 2, 2006.

*Second*, on February 23, 2006, Class Plaintiffs filed a motion for an order requesting remand of the interlocutory appeal in the event their motion to amend is granted. (*Id.* ¶ 5.) Dexia's response to this motion is due on March 9, 2006, which is in the midst of the first week of depositions previously scheduled to take place in Belgium. If this motion is successful, Class Plaintiffs clearly intend to file a motion in the First Circuit seeking dismissal of the interlocutory appeal before oral argument is heard on April 6, 2006. Moreover, Class Plaintiffs have indicated that they may file yet another motion in this Court seeking expedited hearing of the motion to amend and the motion for an order requesting remand.

While Class Plaintiffs' motion to amend is pending, Dexia has no way of knowing which claims are at issue in this litigation. In light of this uncertainty, on February 22, 2006, Dexia informed Plaintiffs that it would postpone the depositions previously scheduled to take place in early March until after the motion to amend was decided. (*See id.* Ex. B.) Moreover, Dexia has emphasized to Plaintiffs that the current flurry of motion practice by the Class Plaintiffs makes it impossible for counsel for Dexia to travel to Belgium for nearly three weeks to prepare for

depositions in the first half of March.  (*See id.* Ex. D.)  Notwithstanding these concerns, Plaintiffs have insisted that the depositions take place on the previously-agreed scheduled, necessitating this motion for a protective order.  (*See id.* Ex. F.)

**Argument**

The depositions of Dexia employees previously scheduled for early March should be postponed until mutually-agreeable dates in late April or early May, which will allow time for the Court to decide Class Plaintiffs' motion to amend.  Class Plaintiffs are seeking to add new claims against Dexia, even though the time for filing a motion to amend the pleadings expired more than six months ago, on August 1, 2005.  Dexia's opposition papers will show that Plaintiffs' motion is not only untimely, but that the new claims in the proposed complaint are completely futile.  Still, it is possible that the Court will allow Plaintiffs' motion to amend, and while that possibility exists Dexia is faced with the Hobson's choice of allowing the upcoming depositions to proceed as though the motion had been granted (*i.e.*, allowing Plaintiffs to examine witnesses on the proposed new claims) or taking the opposite approach, and risking that Plaintiffs will demand additional testimony from these witnesses in the event their motion to amend is granted.  Under these circumstances, we believe it is reasonable to postpone the upcoming depositions for a short period of time while the Court determines which claims are at issue in this litigation, and which claims are not.

Plaintiffs themselves have created this problem.  But for Class Plaintiffs' recent motion to amend, Dexia would have no objection to proceeding with the depositions as previously planned.  Moreover, Class Plaintiffs have exacerbated the problem by filing another motion—one week after the motion to amend—seeking an order requesting remand of the interlocutory appeal from the First Circuit.  Class Plaintiffs have also indicated, by telephone with counsel for Dexia, that

more motions are in the works, including a motion to expedite hearing of their latest motions. (*See id.* ¶ 8.) These motions appear to be part of a carefully-planned effort by Class Plaintiffs to interfere with the interlocutory appeal to the First Circuit, which is fully briefed and scheduled for argument on April 6, 2006. Class Plaintiffs are filing all these motions even though they are well-aware that counsel for Dexia are scheduled to travel to Belgium to prepare for depositions in early March. Plaintiffs are equally aware that each of their motions requires careful consideration by counsel for Dexia, and time and effort devoted to preparing a response. Given the motions currently filed (and expected to be filed) by Plaintiffs, it is entirely reasonable for Dexia to request a short delay in the deposition schedule.

Plaintiffs' response to these legitimate practical concerns is that "Clifford Chance is one of the two or three largest law firms in the world, with 2,346 attorneys located in 29 offices, including an office in Brussels." (*See id.* Ex. E.) The sheer size of Clifford Chance, however, is irrelevant. Dexia has a core team of Clifford Chance lawyers, based in the United States, who must be involved in important motion practice *and* important depositions. This team of lawyers simply cannot be in two places at once.

The postponement proposed by Dexia will not prejudice Plaintiffs in any way. Plaintiffs have scheduled only seven depositions of Dexia employees, five of which Dexia seeks to postpone at this time.[1] Given that the close of fact discovery is June 16, 2006, there is still plenty of time to reschedule these five depositions in late April or early May, well in advance of the

---

[1] The depositions of seven other Dexia employees (or former employees) have been noticed, but Dexia has taken the position that these employees are not available for deposition on notice under Rule 30(b)(1). A motion to compel relating to three of these depositions has been filed, and is currently *sub judice*.

discovery deadline. In their communications with Dexia, Plaintiffs have not cited any reason why Plaintiffs would be prejudiced by such a short postponement.

## Conclusion

For all the foregoing reasons, Dexia's Emergency Motion for a Protective Order should be granted. The depositions previously scheduled for March 2006 should be rescheduled for mutually-agreeable dates in late April or early May 2006.

Dated: February 24, 2006

Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO

By:   /s/ Breton Leone-Quick
      Peter M. Saparoff (BBO#441740)
      Breton Leone-Quick (BBO#655571)

One Financial Center
Boston, MA 02111
Tel:   (617) 542-6000
Fax:   (617) 542-2241

James B. Weidner
Jeff E. Butler
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel:   (212) 878-8000
Fax:   (212) 878-8375

*Counsel for Dexia Bank Belgium*

## Certificate of Service

I, Breton Leone-Quick, hereby certify that this document, and the accompanying Declaration of Jeff E. Butler, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 24, 2006.

  /s/ Breton Leone-Quick                                           Dated: February 24, 2006