UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.),<br><br>      Defendants. | Civil Action No. 03-Civ-11566 (PBS) |

## DECLARATION OF JEFF E. BUTLER

I, Jeff E. Butler, declare and state as follows:

1. I am an attorney associated with Clifford Chance US LLP and admitted *pro hac vice* to practice before this Court. I submit this declaration in support of Dexia's Emergency Motion for a Protective Order Postponing Certain Depositions.

2. In December 2005, the parties agreed to schedule depositions of seven Dexia employees. Five depositions were scheduled for the weeks of March 6 and March 13, 2006. The two remaining depositions were scheduled for the week of April 17, 2006. For purposes of preparing for the depositions beginning on March 6, counsel for Dexia had made plans to travel to Belgium on March 1, 2006.

3. The parties have been briefing an interlocutory appeal to the First Circuit that could result in dismissal of all of the federal securities claims currently at issue in this litigation. This interlocutory appeal was certified by the Court on July 11, 2005, and the First Circuit

granted leave to appeal on October 18, 2005. The parties completed their briefing of this appeal on February 13, 2005, and the First Circuit has scheduled oral argument to take place on April 6, 2005. Attached hereto as Exhibit A is a true and correct copy of the Notice of Oral Argument from the First Circuit.

4. On February 16, 2006, Class Plaintiffs filed a motion for leave to file a Third Amended Complaint for the purpose of adding new claims against Dexia for primary liability, control person liability and insider trading.

5. Attached hereto as Exhibit B is a true and correct copy of a letter dated February 22, 2006, from Jeff Butler to all Plaintiffs' counsel.

6. Attached hereto as Exhibit C is an e-mail dated February 23, 2006, from Steven Singer to Jeff Butler.

7. On February 23, 2006, Class Plaintiffs filed a motion for an order requesting remand of the of the interlocutory appeal in the event their motion to amend is granted.

8. In a telephone conference on February 23, 2006, Patrick Egan from Berman DeValerio Pease Tabacco Burt & Pucillo informed me that Class Plaintiffs intend to file a motion for expedited treatment of their motion to amend and/or their motion for an order requesting remand. He also informed me that Class Plaintiffs intend to file a motion for remand with the First Circuit before the oral argument scheduled for April 6, 2006.

9. During the same telephone conference, Mr. Egan and I discussed the possibility of postponing the depositions previously scheduled for March 2006 in light of the motions filed (and expected to be filed by Class Plaintiffs). Mr. Egan promised to get back to me with a response.

10. Attached hereto as Exhibit D is a letter dated February 23, 2006, from Jeff Butler to Steven Singer.

11. Attached hereto as Exhibit E is a letter dated February 23, 2006, from Steven Singer to Jeff Butler.

12. Attached hereto as Exhibit F is a letter dated February 24, 2006, from Patrick Egan to Jeff Butler.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      February 24, 2006

_____
Jeff E. Butler

# Exhibit A

NYB 1519791.1

```
              OFFICE OF THE CLERK
         UNITED STATES COURT OF APPEALS
              FOR THE FIRST CIRCUIT
              UNITED STATES COURTHOUSE
          1 COURTHOUSE WAY, SUITE 2500
           BOSTON, MASSACHUSETTS 02210
         (617) 748-9057 or 748-9069 voice mail
```

**NOTICE**

No. 05-2580                                        February 16, 2006

   HANS A. QUAAK; ATTILIO PO; KARL LEIBINGER, on behalf of
          themselves and those similarly situated

                  Plaintiffs - Appellees


                            v.

                        DEXIA, S.A.

                         Defendant

                         ------

    DEXIA BANK BELGIUM, f/k/a Artesia Banking Corp., S.A.

                    Defendant - Appellant

                         ------

      THE BOND MARKET ASSOCIATION; THE CHAMBER OF COMMERCE
       OF THE UNITED STATES OF AMERICA; THE CLEARING HOUSE
    ASSOCIATION L.L.C.; THE SECURITIES INDUSTRY ASSOCIATION

                       Amici Curiae

     _____

    This case is presently scheduled to be called for oral argument <u>Thursday, April 6, 2006 at 9:30 a.m.</u>

    By no later than noon of <u>March 3, 2006</u> counsel for each party should advise this office, by completing and returning the enclosed form, of the name of the person who will be presenting oral argument. An appearance form by each arguing party must also be filed with the Clerk's Office before oral argument.

    There will be no continuance except for grave cause.

    All counsel presenting oral argument must report to the Courtroom deputy at least 15 minutes before court convenes.

PLEASE NOTE: On occasion, cases scheduled for oral argument are removed from the calendar before the scheduled date. The oral argument calendar is frequently prepared before the judges have completed their review of the briefs. Therefore, if the panel ultimately concludes that argument is not warranted in a particular case, that case will be removed from the argument calendar. In such circumstances, the Clerk's Office will endeavor to notify counsel as promptly as possible.

# Exhibit B

NYB 1519791.1

# CLIFFORD
# CHANCE

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

**Jeff E. Butler**

DIRECT TEL 212-878-8205
DIRECT FAX 212-878-8375
jeff.butler@cliffordchance.com

February 22, 2006

VIA FACSIMILE

To:  Counsel on attached list

Re:  *Quaak v. Dexia Bank Belgium*
*Stonington v. Dexia Bank Belgium*
*Filler v. Dexia Bank Belgium*
*Baker v. Dexia Bank Belgium*

Dear Counsel:

In light of the Motion for Leave to File a Third Amended Complaint filed by Class Plaintiffs last week, we are postponing the depositions scheduled to take place in Belgium during the weeks of March 6 and March 13. Until this motion is resolved by the Court, we have no way of knowing which claims are at issue in this litigation, and which claims are not. It would be unfair and potentially prejudicial to subject Dexia witnesses to depositions under these circumstances. We will reschedule these depositions promptly after the Court rules on Class Plaintiffs' motion.

Sincerely,

*[signature]*

Jeff E. Butler

NYB 1522657.1

**CLIFFORD CHANCE**

CLIFFORD CHANCE US LLP

Page 2

February 22, 2006

To:    Patrick T. Egan, Esq.
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109

Patrick Rocco, Esq.
Shalov Stone & Bonner
485 Seventh Avenue, Suite 1000
New York, NY 10018

Steven B. Singer, Esq.
Bernstein Litowitz Berger & Grossman LLP
1285 Avenue of the Americas
New York, NY 10019

Susan Davies, Esq.
Gregory P. Joseph Law Offices LLC
805 Third Avenue, 31st Floor
New York, NY 10022

Karen Dyer, Esq.
Boies, Schiller & Flexner LLP
255 South Orange Avenue, Suite 905
Orlando, FL 32801

Alan Cotler, Esq.
Reed Smith
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Peter M. Saparoff, Esq.
Mintz Levin Cohn Ferris Glovsky & Popeo
One Financial Center
Boston, MA 02111

NYB 1522657.1

Exhibit C

NYB 1519791.1

## Butler, Jeff E. (Litigation-NY)

**From:** Steven Singer [Steven@blbglaw.com]
**Sent:** Thursday, February 23, 2006 1:57 PM
**To:** Butler, Jeff E. (Litigation-NY)
**Cc:** Patrick L. Rocco; Patrick Egan; Jim Bonner; Susan M. Davies; Karen Dyer; Yue, Joan A.; acotler@reedsmith.com; Avi Josefson
**Subject:** Quaak v. Dexia; Stonington v. Dexia; Filler v. Dexia; and Baker v. Dexia

Jeff:

On behalf of all Plaintiffs in the above-referenced actions, we write in response to your letter dated February 22, 2005, in which you purport to unilaterally adjourn the depositions of Dexia witnesses scheduled to proceed in Belgium the weeks of March 6 and March 13, 2005, because the proposed Third Amended Complaint filed by the Class Plaintiffs could supposedly "potentially" prejudice Dexia. Please be advised that Dexia does not have the right to unilaterally adjourn depositions which have been duly noticed by Plaintiffs, and which have been scheduled for months. Further, as set forth in the Class Plaintiffs' motion for leave to amend, the proposed amendment will not change the scope of these depositions or of discovery. Moreover, Dexia has not filed a motion for a protective order. Accordingly, plaintiffs do not agree to adjourn these depositions, and expect that they will proceed as previously noticed.

Please be advised that, unless you inform us by the end of the day today that Dexia will produce its witnesses the weeks of March 6 and 13, we will have no choice but to file a motion with the Court asking the Court to order Dexia to produce the witnesses noticed for the weeks of March 6 and 13, 2005 on the dates that have been previously agreed to.

Very truly yours,

Steven Singer
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 554-1413
(212) 554-1444 (fax)

Exhibit D

NYB 1519791.1

**C L I F F O R D**
**C H A N C E**

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

Jeff E. Butler

DIRECT TEL  212-878-8205
DIRECT FAX  212-878-8375
jeff.butler@cliffordchance.com

February 23, 2006

VIA FACSIMILE

Steven B. Singer, Esq.
Bernstein Litowitz Berger & Grossman LLP
1285 Avenue of the Americas
New York, NY 10019

Re:   *Quaak v. Dexia Bank Belgium*
      *Stonington v. Dexia Bank Belgium*
      *Filler v. Dexia Bank Belgium*
      *Baker v. Dexia Bank Belgium*

Dear Steve:

This responds to your e-mail to me from earlier today, which was written on behalf of all Plaintiffs. As indicated in my letter yesterday, we believe that postponement of the depositions previously scheduled for early March is justified by the uncertainty that currently exists over the claims at issue in this litigation. This uncertainty exists solely because Class Plaintiffs are seeking to amend their complaint to add new claims, even though the time for adding such claims has long past.

In addition, Class Plaintiffs have filed yet another motion today seeking an order requesting remand of the interlocutory appeal from the First Circuit. This appears to be part of a concerted campaign by Class Plaintiffs to interfere with the interlocutory appeal that is now fully briefed to the First Circuit. I understand from Pat Egan that Class Plaintiffs have additional motions in the works, which may be filed in the coming days.

As you point out in your e-mail, these depositions have been scheduled for a long time, yet Class Plaintiffs have chosen this time to file a flurry of important motions, each of which triggers an obligation for Dexia to respond. In the face of all this motion practice, it is completely unreasonable for Plaintiffs to expect counsel for Dexia to travel to Belgium for an extended period of depositions.

NYB 1517135.2

**CLIFFORD**
**CHANCE**

CLIFFORD CHANCE US LLP

Steven B. Singer, Esq.  Page 2
February 23, 2006

      In sum, Class Plaintiffs have created the conditions that make depositions in early March untenable for Dexia and its counsel. We do not believe that a motion for a protective order should be needed to postpone the depositions for a short time. If you disagree, please let me know immediately so that we can get a motion on file.

Sincerely,

*[signature]*

Jeff E. Butler

cc:    Patrick Rocco, Esq.
        Patrick T. Egan, Esq.
        Susan Davies, Esq.
        Karen Dyer, Esq.
        Alan Cotler, Esq.
        Peter M. Saparoff, Esq.

NYB 1517135.2

Exhibit E

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
## ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • NEW JERSEY • LOUISIANA

STEVEN B. SINGER
steven@blbglaw.com
212-554-1413

February 23, 2006

**Via Facsimile**

Jeff E. Butler, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019

Re: *Quaak v. Dexia Bank Belgium; Stonington v. Dexia Bank Belgium;*
*Filler v. Dexia Bank Belgium; Baker v. Dexia Bank Belgium*

Dear Jeff:

I write on behalf of all plaintiffs in response to your letter dated February 23, 2006.

First, Dexia has not sought to "postpone the depositions for a short time." Rather, last night you sent a letter which unilaterally adjourned those depositions sine die, or until some time after the District Court decides the Class' pending motion for leave to amend. Since that motion was filed last week and is not even fully briefed, the "short" delay you claim will result may well be lengthy. Given that (1) the Scheduling Order requires fact discovery to be complete by June 16; (2) these depositions have been scheduled for months; (3) the proposed amendment in no way affects these depositions; and (4) the Court has indicated on numerous occasions that it wishes the parties to proceed expeditiously with this litigation, we do not agree that an adjournment is warranted.

Second, we do not agree with your assertion that it is "completely unreasonable" for Plaintiffs to expect defense counsel to travel to Belgium for these depositions in light of the pending motions. As an initial matter, we note that the pending motions are interrelated and raise the same essential issues, and the motion to amend was filed as quickly as possible given that it took Dexia eight months to produce documents that had been gathered long ago in connection with the criminal investigation. We also note that, according to your firm's web site, Clifford Chance is one of the two or three largest law firms in the world, with 2,346 attorneys located in 29 offices, including an office in Brussels. In light of this, we do not understand why your firm cannot both respond to the pending motions and attend these depositions. However, because you have represented that travel to Belgium would be burdensome for you, in the

1285 AVENUE OF THE AMERICAS • NEW YORK • NY 10019-6028
TELEPHONE: 212-554-1400 • www.blbglaw.com • FACSIMILE: 212-554-1444

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jeff E. Butler, Esq.
February 23, 2006
Page 2

interest of resolving this dispute without judicial intervention, please be advised that we are willing to conduct the depositions in New York on the dates noticed. Please let us know if you would like to proceed that way.

Very truly yours,

Steven B. Singer

cc: Patrick L. Rocco, Esq.
James P. Bonner, Esq.
Patrick T. Egan, Esq.
Susan Davies, Esq.
Karen Dyer, Esq.
Alan Cotler, Esq.
Joan A. Yue, Esq.
Peter M. Saparoff, Esq.

SBS/lag

# Exhibit F

NYB 1519791.1

**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**

ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

February 24, 2006
*Via Facsimile*

Jeff E. Butler, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019-6131

Re:   *Quaak v. Dexia*, 03-CV-11566-PBS

Dear Jeff:

I write as a follow-up to our conversation from yesterday and in response to your letter to Steven Singer dated February 23, 2006.

First, yesterday I requested your assent to a proposed motion requesting an expedited hearing on the pending motion for leave to file an amended complaint and the motion for an order requesting a remand of the interlocutory appeal. You indicated that Dexia would only consider assenting to such a motion if Plaintiffs agreed to postpone the currently scheduled depositions. I took your proposal to plaintiffs' counsel and we are unwilling to postpone any of the depositions for early March, for the reasons already stated in Mr. Singer's February 23, 2006 email and letter.

Second, in your September 23, 2006 letter you imply that Class Plaintiffs have timed the pending motions as a means of disrupting your deposition preparation. Nothing could be further from the truth. The two interrelated motions go to the heart of Plaintiffs' case and the appeal. Moreover, in support of our motion for leave to file a Third Amended Complaint, we detailed the efforts taken to expeditiously review Dexia's production and demonstrated that we filed the motion as soon as possible. The sole factor necessitating the pending motion for an order requesting remand and the planned motion for an expedited hearing date is the First Circuit setting oral argument for April 6, 2006.

As we discussed yesterday, it serves everyone's interest to have the pending motions heard far in advance of the April 6, 2006 date for oral argument. Accordingly, I ask that you reconsider assenting to the proposed motion for an expedited hearing.

**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**

Jeff E. Butler, Esq.
February 24, 2006
Page 2

Very truly yours,

*[signature]*

Patrick T. Egan

cc:   Patrick L. Rocco, Esq.
      Steven B. Singer, Esq.
      Karen C. Dyer, Esq.
      Susan B. Davies, Esq.
      Peter Saparoff, Esq.

lernout2/c/butler_2-24-06