# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendant. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10477 (PBS) |

JANET BAKER and JAMES BAKER,
JKBAKER LLC and JMBAKER LLC,

      Plaintiffs,

      v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING

CORP., SA),

      Defendants.

No.:  04-CV-10501 (PBS)

## DECLARATION OF PATRICK T. EGAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THE RETURN OF INADVERTENTLY PRODUCED OPINION WORK PRODUCT DOCUMENTS

I, Patrick T. Egan, declare and state as follows:

1.      I am a partner at Berman DeValerio, Pease, Tabacco, Burt & Pucillo, co-lead counsel for Lead Plaintiffs in the above-captioned action.  Unless otherwise indicated, I have personal knowledge of the matters addressed in this declaration.  I am over the age of 18 and am fully competent to testify.

2.      I submit this declaration in support of Plaintiffs' Motion To Compel The Return Of Inadvertently Produced Opinion Work Product Documents.

3.      True and correct copies of the following documents are attached hereto as indicated:

    a.    Letter dated January 6, 2006 from Maryana A. Kodner of Clifford Chance US LLP, counsel for Dexia, to Plaintiffs' Counsel, without enclosure, is attached hereto as Exhibit A.

    b.    My letter dated January 6, 2006 to Maryana A. Kodner of Clifford Chance US LLP, counsel for Dexia, is attached hereto has Exhibit B.

    c.  My letter dated January 18, 2006 to Maryana A. Kodner of Clifford Chance US LLP, counsel for Dexia, is attached hereto has Exhibit C.

    d.  Letter dated January 19, 2006 from Jeff E. Butler of Clifford Chance US LLP, counsel for Dexia, to me is attached hereto as Exhibit D.

    e.  My letter dated January 26, 2006 to Jeff E. Bulter of Clifford Chance US LLP, counsel for Dexia, is attached hereto has Exhibit E.

    f.  Letter dated January 30, 2006 from Jeff E. Butler of Clifford Chance US LLP, counsel for Dexia, to me, is attached hereto as Exhibit F.

    g.  My letter dated February 10, 2006 to Jeff E. Bulter of Clifford Chance US LLP, counsel for Dexia, is attached hereto as Exhibit G.

    h.  My letter dated February 27, 2006 to Jeff E. Bulter of Clifford Chance US LLP, counsel for Dexia, is attached hereto as Exhibit H.

    i.  Letter dated February 28, 2006 from Jeff E. Butler of Clifford Chance US LLP, counsel for Dexia, to me, is attached hereto as Exhibit I.

4.    To date, Class Plaintiffs and Transactional Plaintiffs have produced more that 1.8 million pages of documents to Dexia in this litigation.  Upon receiving a letter from Ms. Kodner on January 6, 2006 (Exhibit A hereto) concerning the Plaintiffs' inadvertent production of a document captioned "Lernout & Hauspie Document Review List" within a document production originally obtained by Plaintiffs in the *In re Lernout & Hauspie Sec. Litig.*, 00-11589-PBS, Class Plaintiffs' counsel re-reviewed the various document productions from the *In re Lernout & Hauspie Sec. Litig.*, 00-11589-PBS, which they had produced to Dexia in this litigation in order to identify, and request the return of, any other inadvertently produced documents.  In the course of that review, Class Plaintiffs' counsel identified a total of thirteen other inadvertently produced documents, none of which bear any Bates numbers.  Class Plaintiffs' counsel has requested that Dexia return these documents and destroy all notes and memoranda concerning same.  Dexia has refused to do so, resulting in the instant motion.

5.     On or about June 30, 2005, Plaintiffs produced to Dexia over 113,000 pages of documents that had been produced by non-party Brown Rudnick Berlack Israels LLP ("Brown Rudnick") in response to a subpoena served by Plaintiffs in the *In re Lernout & Hauspie Sec. Litig.*, 00-11589-PBS, and other related litigation.  In so doing, Plaintiffs inadvertently produced thirteen nearly identical documents entitled "Lernout & Hauspie Document Review Issues List" (including the document identified in Ms. Kodner's January 6, 2006 letter), which were produced in one box containing Brown Rudnick documents Bates stamped BRBI 8564-15059.

6.     Because Plaintiffs' counsel previously had reviewed and analyzed the copy of the Brown Rudnick document production that was to be made available to Dexia, counsel for Class Plaintiffs took steps to ensure that qualified attorneys, paralegals and law clerks re-reviewed all boxes of documents for any potentially privileged or work product documents before making them available to Dexia.  Specifically, I instructed the persons who performed the review to identify any handwritten annotations, coding sheets or other un-Bates stamped documents within the boxes containing the document production.  Any such documents were to be brought to the attention of a more senior attorney.  Moreover, as an added preliminary precaution, the written coding sheets used by Plaintiffs' counsel in connection with their prior review and analysis of the Brown Rudnick document production had been printed on brightly colored paper to make the sheets stand out and to clearly distinguish attorney notes from the underlying document production.  However, the thirteen inadvertently produced coding sheets were provided to Class Counsel in November 2003, copied on plain white paper.

7.     Also on or about June 30, 2005, Plaintiffs produced to Dexia a computer hard drive containing 350,902 electronic images of documents Plaintiffs had obtained from parties

and non-parties in the *In re Lernout & Hauspie Sec. Litig.*, 00-11589-PBS.[1]  The computer hard

drive contained a two-page document similar to the document identified in Ms. Kodner's January

6, 2006 letter, which appears immediately prior to the document Bates stamped YPR037753.

8.    The YPR-related document was created and utilized by Plaintiffs' counsel during

a document review occurring in November 2003, months after the initial lawsuit was

commenced against Dexia.  The document contains a list of issues and potential witnesses, as

well as handwritten attorney notes regarding the underlying document.

9.    For purpose of the hard drive production, Plaintiffs' counsel had instructed our

document vendor not to scan any documents that reflected un-Bates stamped attorney notes or

coding sheets, which were on brightly colored paper to signify that they were privileged.

Despite these precautions, it is now clear that our document vendor scanned one two-page

coding sheet.


I declare under penalty that the foregoing is true and correct.

Executed in Boston, Massachusetts this 8th day of March, 2006.



                    /s/ Patrick T. Egan
                    Patrick T. Egan, BBO # 637477

---

[1]  Plaintiffs had scanned for their own use some documents that had been produced to them in paper form.  As a courtesy, Plaintiffs produced to Dexia electronic versions of those documents as well.