# EXHIBIT A

# C L I F F O R D
# C H A N C E

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

**Maryana A. Kodner**
Associate

DIRECT TEL +1 212 878 3324
DIRECT FAX
maryana.kodner@cliffordchance.com
admitted in New York

January 6, 2006

VIA FACSIMILE

To: Counsel on attached list

Re:     *Quaak v. Dexia Bank Belgium*
       *Stonington v. Dexia Bank Belgium*
       *Filler v. Dexia Bank Belgium*
       *Baker v. Dexia Bank Belgium*

Dear Counsel:

In the course of our review of documents bearing the Bates ranges BRBI 008564 – BRBI 015059, we have come across the attached document entitled "Lernout & Hauspie Document Review Issues List." This document does not have a Bates number and it may have been produced inadvertently.

Very truly yours,

*[signature]*

Maryana A. Kodner

enclosure

NYA 764274.1

**C L I F F O R D**
**C H A N C E**

CLIFFORD CHANCE US LLP

January 6, 2006                                                                 Page 2

To:      Patrick T. Egan, Esq.
         Berman Devalerio Pease  Tabacco Burt & Pucillo
         One Liberty Square
         Boston, MA 02109

         Patrick Rocco, Esq.
         Shalov Stone & Bonner
         485 Seventh Avenue, Suite 1000
         New York, NY 10018

         Javier Bleichmar, Esq.
         Bernstein Litowitz Berger & Grossman LLP
         1285 Avenue of the Americas
         New York, NY 10019

         Susan Davies, Esq.
         Gregory P. Joseph Law Offices LLC
         805 Third Avenue, 31st Floor
         New York, NY 10022

         Karen Dyer, Esq.
         Boies, Schiller & Flexner LLP
         255 South Orange Avenue, Suite 905
         Orlando, FL 32801

         Alan Cotler, Esq.
         Reed Smith
         2500 One Liberty Place
         1650 Market Street
         Philadelphia, PA 19103

         Peter M. Saparoff, Esq.
         Mintz Levin Cohn Ferris Glovsky & Popeo
         One Financial Center
         Boston, MA 02111

NYA 764274.1

EXHIBIT B

# BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

### ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

January 6, 2006
*Via Electronic Mail And Regular Mail*

Maryana A. Kodner, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019-6131

Re:     *Quaak v. Dexia, S.A.*, No. 03-CV-11566-PBS
        *Stonington Partners, Inc. v. Dexia, S.A.*, No. 04-CV-10411-PBS
        *Baker v. Dexia, S.A.*, No. 04-CV-10501-PBS
        *Filler v. Dexia, S.A.*, No. 04-CV-10477-PBS

Dear Maryana:

I write on behalf of all plaintiffs in response to your January 6, 2006 letter concerning the document entitled "Lernout & Hauspie Document Review Issues List".

You are correct that that document was produced inadvertently. Accordingly, we request that you please return any copies of that document or any versions or iterations of that document. I appreciate your professional courtesy in this matter.

Very truly yours,

Patrick T. Egan

cc:     Via electronic mail only
        Patrick Rocco, Esq.
        Susan Davies, Esq.
        Karen Dyer, Esq.
        Steven Singer, Esq.

lernout2/c/kodner_1-9-06

# EXHIBIT C

# BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

### ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194
————————
WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21ST FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

January 18, 2006
*Via Facsimile And Regular Mail*

Maryana A. Kodner, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019-6131

Re:     *Quaak v. Dexia, S.A.*, No. 03-CV-11566-PBS
        *Stonington Partners, Inc. v. Dexia, S.A.*, No. 04-CV-10411-PBS
        *Baker v. Dexia, S.A.*, No. 04-CV-10501-PBS
        *Filler v. Dexia, S.A.*, No. 04-CV-10477-PBS

Dear Maryana:

I write on behalf of all plaintiffs as a follow up to my January 6, 2006 letter, to which I have yet to receive a response.

In my January 6 letter, I informed you that the document entitled "Lernout & Hauspie Document Review Issues List" was produced inadvertently and requested that you return any copies of that document. I reiterate my request that you immediately return the document and any copies. If you refuse, I demand that you provide the basis for your refusal, in writing, no later than the close of business tomorrow.

Very truly yours,

Patrick T. Egan

cc:     <u>Via facsimile only</u>
        Patrick Rocco, Esq.
        Susan Davies, Esq.
        Karen Dyer, Esq.
        Steven Singer, Esq.

lernout2/c/kodner_1-18-06

EXHIBIT D

**C L I F F O R D**

**C H A N C E**

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

Jeff E. Butler

DIRECT TEL 212-878-8205
DIRECT FAX 212-878-8375
jeff.butler@cliffordchance.com

January 19, 2005

VIA FACSIMILE

Patrick T. Egan, Esq.
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109

Re:  *Quaak v. Dexia Bank Belgium*
     *Stonington v. Dexia Bank Belgium*
     *Filler v. Dexia Bank Belgium*
     *Baker v. Dexia Bank Belgium*

Dear Pat:

     This responds to your letters to Maryana Kodner dated January 6, 2006, and January 18, 2006, concerning the document titled "Lernout & Hauspie Document Review Issues List" that was produced to Dexia.

     This document appears to be both responsive to Dexia's document requests and highly relevant to the question of whether Plaintiffs, or their attorneys, conducted any investigation that was directed at Artesia or Dexia. Plaintiffs' interrogatory responses state that the alleged investigation included the review of documents produced in the *L&H Securities Litigation*. This document appears to be a checklist used in connection with that review, identifying by category the issues being investigated by Plaintiffs. Notably, there is no mention of Artesia or Dexia, implying that Plaintiffs were *not* investigating Artesia or Dexia at the time this document was used.

     Furthermore, this document is not protected by the work product doctrine. Plaintiffs' decision affirmatively to inject their alleged investigation into this litigation has waived such protection, as the recent ruling by Judge Collings confirms. In addition, Judge Collings has ruled in analogous circumstances that inadvertent production operates as a waiver of any privilege that would otherwise attach to the document produced. *See International Digital Sys. Corp. v. Digital Equip. Corp.*, 120 F.R.D. 445 (D. Mass. 1988).

**C L I F F O R D**
**C H A N C E**

Patrick T. Egan, Esq.                                                    Page 2
January 19, 2006

     Finally, we are not under any ethical obligation to return the document. Indeed, Opinion 99-4 of the Massachusetts Bar Association virtually requires counsel to retain and use relevant documents in their possession—whether produced inadvertently or otherwise—in discharge of the obligation to represent clients zealously.

     Your letters do not cite any basis for demanding return of this document. If you are aware of legal authority that you believe requires us to return the document, you should identify it within one week. Otherwise, we believe Dexia is free to use the document to defend itself in this litigation.

Sincerely,

Jeff E. Butler

cc:    Patrick Rocco, Esq.
       Javier Bleichmar, Esq.
       Karen C. Dyer, Esq.
       Alan Cotler, Esq.
       Susan Davies, Esq.
       Peter M. Saparoff, Esq.

EXHIBIT E

# BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

## ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194
—————————
WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

January 26, 2006

**Via Facsimile and Regular Mail**

Jeff E. Butler, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, New York 10019-6131

Re:    Quaak v. Dexia, S.A.,
       No. 03-CV-11566-PBS

Dear Jeff:

I write in response to your January 19, 2006 letter concerning the document entitled "Lernout & Hauspie Document Review Issues List," which inadvertently was produced to Dexia Bank Belgium ("Dexia").

In the course of investigating the cause of the inadvertent production, Plaintiffs have discovered that the document in question actually is one of thirteen essentially identical documents Plaintiffs inadvertently produced to Dexia contained in a portion of the "BRBI" production (the "Documents").

Two things about the Documents are indisputable: they are opinion work product, and they were produced inadvertently. Moreover, the Documents were not created until after August 19, 2001, so they are outside the scope of the Court's October 6, 2005 and December 22, 2005 Orders.

Furthermore, in addition to disagreeing with your characterization of the Documents and their relevance to this action, Plaintiffs dispute your claim that the protections of the work product doctrine have been waived. While Plaintiffs are aware of Magistrate Judge Collings' 1988 decision in *International Digital Systems Corp. v. Digital Equip. Corp.*, 120 F.R.D. 445 (D. Mass. 1988), the majority, and more recent, view in this Circuit is to apply what is known as the "middle test" to questions of waiver involving an inadvertent production. *See, e.g., Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 190 F.R.D. 287, 292 (D. Mass. 2000) (C.J. Young); *Turner v. Brave River Solutions, Inc.*, 92-148-JD, 2003 U.S. Dist. LEXIS 10298, at *4 (D.N.H. June 18, 2003). Indeed,

## BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

Jeff E. Butler, Esq.
January 26, 2006
Page 2 of 3

Judge Saris herself implicitly adopted the "middle test" seven years *after* the decision in *International Digital Systems. See In re Grand Jury Subpoena*, 925 F. Supp. 849, 855 (D. Mass. 1995).

Under the "middle test," courts consider a number of factors to determine whether the inadvertently producing party has waived the privilege, including "(1) the reasonableness of the precautions taken to prevent inadvertent disclosure, (2) the amount of time it took the producing party to recognize its error, (3) the scope of the production, (4) the extent of the inadvertent disclosure, and (5) the overriding interest of fairness and justice." *Amgen*, 190 F.R.D. at 291. Plaintiffs are confident that, under the circumstances here, the balance of these factors weighs heavily in favor of upholding the work product privilege and compels the return of the Documents.[1]

Specifically, (1) Plaintiffs had a staff of law clerks and paralegals review documents for any work product notes or commentary prior to production; (2) Plaintiffs requested return of the documents immediately upon receiving Attorney Kodner's January 6, 2006 letter; (3-4) Plaintiffs' entire production totals well in excess of 1 million pages of documents, yet the inadvertent production was limited to only thirteen, one-page documents; and (5) the document is clearly privileged and beyond the scope of Magistrate Collings' October 6, 2005 and December 22, 2005 Orders. Accordingly, Plaintiffs reiterate our demand that Dexia immediately return the Documents, as well as destroy any notes, memoranda or other documents you have created concerning the Documents.

Plaintiffs are willing to meet and confer on this issue should you have further questions. If, however, Dexia has no intention of moving from its position that any inadvertent production constitutes a waiver of the work product privilege, please inform me of that immediately, so we can move for a protective order.

Finally, pursuant to paragraph 3 of the Stipulation and Proposed Order Governing the Treatment of Confidential Information ("Protective Order"), Plaintiffs designate the Documents "Confidential" and request that Defendant treat them as such under the terms of the Protective Order. Additionally, Plaintiffs request that Defendant refrain from

---

[1] Even assuming the work product protections have been waived, which Plaintiffs by no means concede, it is clear under the law of this District that any such waiver would be limited to the documents inadvertently produced. *See International Digital Systems*, 120 F.R.D. at 446 n.1; *Amgen*, 190 F.R.D. at 293; *Ken's Foods, Inc. v. Ken's Steak House, Inc.*, 213 F.R.D. 89, 96 (D. Mass. 2002).

BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

Jeff E. Butler, Esq.
January 26, 2006
Page 3 of 3

further review or use of the Documents until either the parties or the Court can resolve
this issue.  *See VLT Corp. v. Unitrode Corp.*, 194 F.R.D. 8, 11 (D. Mass. 2000).

Very truly yours,

Patrick T. Egan

cc:    Via facsimile only
       Patrick Rocco (procco@lawssb.com)
       Karen C. Dyer (kdyer@bsfllp.com)
       Steven B. Singer (steven@blbglaw.com)
       Susan M. Davies (sdavies@josephnyc.com)

EXHIBIT F

JAN-30-2006 15:57 FAX  212 878 8375          CLIFFORD CHANCE US NYC                    002/003

# C L I F F O R D

# C H A N C E

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

Jeff E. Butler

DIRECT TEL  212-878-8205
DIRECT FAX  212-878-8375
jeff.butler@cliffordchance.com

January 30, 2006

VIA FACSIMILE

Patrick T. Egan, Esq.
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109

Re:   *Quaak v. Dexia Bank Belgium*
      *Stonington v. Dexia Bank Belgium*
      *Filler v. Dexia Bank Belgium*
      *Baker v. Dexia Bank Belgium*

Dear Pat:

     This responds to your letter dated January 26, 2006, concerning the document entitled "Lernout & Hauspie Document Review Issues List."

     We do not agree that this document is "opinion" work product. This document merely reflects a list of topics that were relevant to the *L&H Securities Litigation*, some of which are also relevant in this litigation. There are no "opinions" or "mental impressions" in this document that are not readily apparent from the pleadings filed by Plaintiffs.

     In any event, as indicated in my previous letter, we believe that Plaintiffs have waived *all* work product protection—including "opinion" protection—concerning the alleged investigation by their counsel by relying on that investigation to avoid Dexia's motion to dismiss. We also believe there has been a waiver as to this particular document, and any similar documents you may have produced, under either the "strict accountability test" or the "middle test" for inadvertent waiver. Finally, we reserve our rights on the question of whether there has also been a subject-matter waiver.

     There is no need for further discussion of these issues. We would be happy to make these same points to Judge Collings.

Sincerely,

Jeff E. Butler

# EXHIBIT G

# BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

### ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

February 10, 2006

**<u>Via Facsimile</u>**

Jeff E. Butler, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, New York 10019-6131

Re:    **Quaak v. Dexia, No. 03-CV-11566-PBS**

Dear Jeff:

In the course of investigating the cause of the inadvertent production to Dexia, Plaintiffs have discovered one additional document that was inadvertently produced. This is a two-page document unintentionally included on the hard drive produced to Dexia and appears immediately before the document Bates stamped YPR037753. The document itself does not contain a Bates stamp.

This two-page document was a coding sheet utilized by Plaintiffs' counsel during a document review in November 2003, months after the initial lawsuit was commenced against Dexia. It contains attorney notes on the underlying document and, as such, is opinion work product. While we instructed our document vendor not to copy or scan any such documents, it, nevertheless, was inadvertently scanned as an electronic document.

Given the fact that the document is opinion work product, created after November 2003 and inadvertently produced to Dexia, Plaintiffs demand that Dexia immediately return the documents, as well as destroy any notes, memoranda or other documents you have created concerning the document. Further, pursuant to paragraph 3 of the Stipulation and Proposed Order Governing the Treatment of Confidential Information ("Protective Order"), Plaintiffs designate the document "Confidential" and request that Dexia treat the document as such under the terms of the Protective Order. Finally, Plaintiffs request that Dexia refrain from further review or use of the document until either the parties or the Court can resolve this issue.

BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

Jeff E. Butler, Esq.
February 10, 2006
Page 2 of 2


If, however, you refuse based on the position outlined in your January 30, 2006 letter regarding the other inadvertently produced document, please confirm so in writing and we will bring the matter before Magistrate Judge Collings.


                                    Very truly yours,

                                    Patrick T. Egan


cc:     Patrick Rocco
        Karen C. Dyer
        Steven B. Singer
        Susan M. Davies

# EXHIBIT H

# BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

## ATTORNEYS AT LAW

### ONE LIBERTY SQUARE
### BOSTON, MA 02109
.TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

February 27, 2006
*Via Facsimile*

Jeff E. Butler, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019-6131

Re:    *Quaak v. Dexia,* 03-CV-11566-PBS

Dear Jeff:

On February 10, I wrote to you requesting the return of a two-page document that was inadvertently produced to Dexia within the "YPR" document production. Later that day, Maryana Kodner sent me a letter forwarding one of the two pages referenced in my letter, but not substantively responding to my letter. I have received no other response from your office.

Unless I hear from you by the close of business Wednesday, March 1, I will assume that Dexia is unwilling to return the inadvertently produced document.

Very truly yours,

Patrick T. Egan

cc:    Peter Saparoff, Esq.
       Patrick L. Rocco, Esq.
       Steven B. Singer, Esq.
       Susan M. Davies, Esq.
       Karen C. Dyer, Esq.

!ernout2/c/butler_2-27-06_ypr

# EXHIBIT I

# C L I F F O R D
# C H A N C E

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

**Jeff E. Butler**

DIRECT TEL 212-878-8205
DIRECT FAX 212-878-8375
jeff.butler@cliffordchance.com

February 28, 2006

VIA FACSIMILE

Patrick T. Egan, Esq.
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109

Re:    *Quaak v. Dexia Bank Belgium*
       *Stonington v. Dexia Bank Belgium*
       *Filler v. Dexia Bank Belgium*
       *Baker v. Dexia Bank Belgium*

Dear Pat:

This responds to your letters to me regarding the "Document Review Issues List" produced to Dexia among the "YPR" documents. In our view, this document proves that Plaintiffs did not conduct *any* investigation directed at Artesia or Dexia until sometime in late 2003. This document is therefore highly relevant to our statute of limitations defense, and we do not believe we are under any obligation to return it.

Sincerely,

Jeff E. Butler

cc:    Patrick Rocco, Esq.
       Steven B. Singer, Esq.
       Karen C. Dyer, Esq.
       Alan Cotler, Esq.
       Susan Davies, Esq.
       Peter M. Saparoff, Esq.

NYB 1522621.1