# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendant. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>   Plaintiffs,<br><br>   v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>   Defendants. | No.:  04-CV-10501 (PBS) |

**DECLARATION OF AVI JOSEFSON IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL THE RETURN OF
INADVERTENTLY PRODUCED OPINION WORK PRODUCT DOCUMENTS**

I, Avi Josefson, declare as follows:

1.  I am an associate with the law firm of Bernstein Litowitz Berger & Grossmann LLP, counsel to plaintiffs Stonington Partners, Inc., Stonington Capital Appreciation 1994 Fund, L.P., and Stonington Holdings, L.L.C. (collectively "Stonington") in the above-captioned matter. I am a member in good standing of the bars of the States of New York and Illinois, and have been admitted to practice before this Court *pro hac vice*. I respectfully submit this declaration in support of Plaintiffs' Motion to Compel the Return of Inadvertently Produced Opinion Work Product Documents.

2.  At issue are thirteen nearly identical documents entitled "Lernout & Hauspie Document Review Issues List," which were inadvertently produced to defendants in this litigation. Those documents were prepared by attorneys at my firm in connection with our representation of Stonington in related litigation.

3.  Prior to filing of its instant action against Dexia S.A. and Dexia Bank Belgium

(collectively "Dexia"), Stonington prosecuted two other lawsuits against a number of other defendants in connection with Stonington's sale of Dictaphone Corporation to Lernout & Hauspie Speech Products, N.V. ("L&H"), the transaction that gives rise to Stonington's claims against Dexia. *See generally*, *Stonington Partners, Inc. v. Dammekens*, No. 02 CV 10303 (D. Mass.); *Stonington Partners, Inc. v. Lernout & Hauspie Speech Products, N.V.*, C.A. No. 18524 (Del. Ch. Ct.).

4. In those prior-filed actions, Stonington obtained discovery from a number of parties and non-parties, including hundreds of boxes of documents. Included in this discovery were documents produced to Stonington on April 8, 2002 from the law firm of Brown Rudnick Berlack Israels LLP ("Brown Rudnick").

5. In July 2002, Stonington and plaintiffs in related cases prepared to conduct a joint review of the documents obtained in discovery in their respective litigations relating to L&H. In connection with that document review, on July 24, 2002 attorneys at my firm prepared the earliest draft of the document entitled "Lernout & Hauspie Document Review Issues List." Although that document was revised, and it is impossible to identify the date on which the versions that were inadvertently produced to Dexia were created, they could not have been created any earlier than July 24, 2002.

6. The Lernout & Hauspie Document Review Issues List was used by the attorneys conducting the document review during August 2002. This document contains a list of the defendants and subject matter that the attorneys performing the document review sought to identify. This document reflects opinion work product in that it reflects issues relevant to the claims that had been asserted by the various plaintiffs in these actions, as well as handwritten attorney notes regarding the underlying documents. During the course of the document review,

this document was printed on brightly colored paper, copies of which were inserted into the boxes of documents being reviewed in order to identify documents deemed as relevant.

7.      On November 19, 2003, my firm sent a copy of the documents produced by Brown Rudnick to the law firm of Berman DeValerio Pease Tabacco Burt & Pucillo, Lead Counsel in the Class Action that was coordinated with Stonington's action for purposes of discovery. Stonington did not remove copies of the Lernout & Hauspie Document Review Issues List from the production because Stonington was not producing the Brown Rudnick documents to adversarial counsel. While the copies of the Lernout & Hauspie Document Review Issues List in my firm's set of the Brown Rudnick documents were printed on brightly colored paper, in the set of those documents sent to the Berman DeValerio firm those documents were copied onto plain white paper.

I declare under penalty that the foregoing is true and correct. Executed this 8th day of March, 2006.

        /s/ Avi Josefson
        AVI JOSEFSON