UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.),<br><br>Defendants. | Civil Action No. 04-Civ-10411 (PBS) |

**MEMORANDUM IN SUPPORT OF DEXIA BANK BELGIUM'S
MOTION FOR A SUBPOENA PURSUANT TO 28 U.S.C. § 1783**

MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO
One Financial Center
Boston, MA 02111
Tel:   (617) 542-6000
Fax:   (617) 542-2241

CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel:   (212) 878-8000
Fax:   (212) 878-8375

*Counsel for Dexia Bank Belgium*

Defendant, Dexia Bank Belgium ("Dexia"), through its counsel Mintz Levin Cohn Ferris Glovsky & Popeo and Clifford Chance US LLP, respectfully submits this memorandum of law in support of its motion for a subpoena pursuant to 28 U.S.C. § 1783.

## Preliminary Statement

This motion seeks the issuance of a subpoena to require the deposition testimony of Mr. John H. Duerden, a non-party to this action, who played a central role in the events from which this action arises. Mr. Duerden, a U.S. citizen presently residing in England, was CEO of Dictaphone Corporation at the time of its acquisition by Lernout & Hauspie Speech Products, N.V. ("L&H") in early 2000. Subsequently, he became CEO of L&H itself, a post he held from August 25, 2000 until January 17, 2001.

In these roles Mr. Duerden was uniquely placed as a witness to the sale of Dictaphone by Stonington Partners to L&H, and to the events surrounding L&H's collapse in late 2000. In fact, it is hard to imagine anyone better suited to testify concerning these events. They are of critical relevance to the allegations that Dexia aided and abetted L&H in the fraudulent conduct that induced plaintiffs to sell Dictaphone to L&H in return for L&H stock, and which eventually rendered L&H stock worthless.

Because Mr. Duerden is a U.S. citizen residing in a foreign country, the Court may issue a subpoena requiring his testimony pursuant to 28 U.S.C. § 1783 where the interests of justice so require. The test is met in this case because Mr. Duerden's testimony is plainly relevant to the allegations in these actions and would undoubtedly be warranted within the United States under the liberal discovery rules. Further, counsel for Dexia has for almost a month sought, but so far failed to obtain, the agreement of Mr. Duerden's counsel, located in New York, to accept service of a subpoena. Because the discovery deadline in this action is nearing, however, Dexia is now faced with no option but to seek this Court's aid in serving Mr. Duerden personally. Thus, under

the circumstances, the interests of justice require issuance of the subpoena, and Dexia accordingly respectfully requests its issuance.

## Background

The nature of these actions is well known to the Court. The Stonington Complaint alleges that Artesia Banking Corporation, S.A. was a participant in the fraud perpetrated at L&H. The Stonington plaintiffs allege that they were defrauded when they sold their 96% ownership interest in Dictaphone Corporation to L&H in exchange for L&H stock. (Stonington Compl. ¶¶ 1-5.)

Mr. Duerden served as CEO of Dictaphone from approximately 1995 to May 5, 2000, the period when it was acquired by L&H, and then served as CEO of L&H itself from August 25, 2000 until January 17, 2001. Plaintiffs listed him as one "likely to have discoverable information relating to Plaintiffs' sale of Dictaphone to [L&H] in exchange for shares of L&H stock and the accounting principles at L&H." (Pls.' Initial Disclosures, Ex. B at 3; Declaration of Thomas Teige Carroll in Support of Motion for Issuance of Subpoena Pursuant to 28 U.S.C. § 1783 ("Carroll Decl.") Ex. C.) This involvement is documented in the testimony of other witnesses in depositions from prior L&H litigation. (See, e.g., Fitzgibbons Dep. 53:13–54:24 and 75:3–75:12, In re Lernout and Hauspie Sec. Litig., No. 00-CV-11589 (PBS), (D. Mass. July 13, 2004) (Duerden among others "took a trip to [L&H Belgium offices in] Ieper … in order to visit their headquarters and discuss the business purpose of combining speech recognition and our transcription systems"), Carroll Decl. Ex. G; Janet Baker Test. 237:2–237:7, In re: Lernout and Hauspie Speech Products, N.V., No. 00-4389, (Bankr. D. Del. March 14, 2001) (Mr. Bodson "was put in place [as CEO because] John Duerden was too open" about the L&H fraud."), Carroll Decl. Ex. H.)

In light of Mr. Duerden's obvious relevance and potential significance as a witness, Dexia seeks his deposition.  Plaintiffs' initial disclosures state Mr. Duerden's address as Invensys PLC, Carlisle Place, London SW1P 1BX, United Kingdom.  (Pls.' Initial Disclosures, Ex. B at 3, Carroll Decl. Ex. C.)  Despite this address, investigation by counsel for Dexia indicates that Mr. Duerden is an American citizen.  (See, e.g., Carroll Decl. Exs. D and E.)  Additionally, plaintiffs have confirmed they do not represent Mr. Duerden and will not accept service of process on his behalf.  (See Carroll Decl. Ex. A.)

Plaintiffs have, however, provided the name of his counsel (Carroll Decl. Ex. A), whom Dexia has contacted.  (Affidavit of Thomas Teige Carroll in Support of Dexia's Motion for Issuance of a Subpoena Pursuant to 28 U.S.C. § 1783 ("Carroll Aff.") ¶¶ 3-4; Carroll Decl. Ex. B.)  Dexia first spoke with Mr. Duerden's counsel on March 13, 2006.  (Carroll Aff. ¶ 3.)  Since that time, despite several communications with Mr. Duerden's counsel, they have refused to accept service.  (Carroll Aff. ¶ 7.)

## Argument

### I. THE INTERESTS OF JUSTICE REQUIRE ISSUANCE OF A SUBPOENA REQUIRING MR. DUERDEN'S TESTIMONY

"By virtue of the obligations of citizenship, the United States retain[s] its authority over [its citizens]."  United States v. Blackmer, 284 U.S. 421, 436 (1932).  "[O]ne of the duties which the citizen owes to his government is to support the administration of justice by attending its courts and giving testimony whenever he is properly summoned."  Id. at 438.  For citizens residing abroad, this obligation is addressed in 28 U.S.C. § 1783:

> [a] court of the United States may order the issuance of a subpoena requiring the attendance . . . before a person or body designated by it, of a national or resident of the United States who is in a foreign country, . . . if the court finds that particular testimony . . . is necessary in the interest of justice, and, . . . if the court finds, in addition, that it is not possible to obtain his testimony in admissible form without his personal appearance.

3

28 U.S.C. § 1783(a).

The "interest of justice" standard of § 1783 is governed by the "liberal discovery contemplated by Rule 26" of the Federal Rules of Civil Procedure. Klesch & Co. Ltd. v. Liberty Media Corp., 217 F.R.D. 517, 524 (D. Colo. 2003). "[T]he discovery procedures in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing the surprise at trial and ensuring wide-ranging discovery of information." Id. at 523 (citing United States ex rel. Schwartz v. TRW Inc., 211 F.R.D. 388, 392 (C.D. Cal. 2002)).

Mr. Duerden's deposition is plainly warranted in light of the above standard. First, he is a U.S. citizen. (See Carroll Decl. Exs. D and E.) Second, his testimony is clearly relevant. He is listed in plaintiffs' initial disclosures as a potential witness. (Pls.' Initial Disclosures, Ex. B at 3; Carroll Decl. Ex. C.) Also, as witnesses from the prior L&H litigation have described, he was a very senior officer at the companies involved, and a participant in the events at issue in this action. See, e.g., Fitzgibbons Dep. 53:13–54:24, In re Lernout and Hauspie Sec. Litig., No. 00-CV-11589 (PBS), (D. Mass. July 13, 2004), Carroll Decl. Ex. G; Janet Baker Test. 231:5–231:6, 237:2-237:7, In re: Lernout and Hauspie Speech Products, N.V., No. 00-4389, (Bankr. D. Del. March 14, 2001), Carroll Decl. Ex. H. These facts assure that "the predicate theory of federal pretrial discovery--the production of relevant material essential for full and fair litigation of a cause of action--support[s] the issuance of the subpoena." Estate of Yaron Ungar v. The Palestinian Auth., No. 18 MS 0302 CM LMS, 2006 WL 225839, *5 (S.D.N.Y. Jan. 5, 2006) (issuing subpoena to a U.S. citizen in Egypt).

Moreover, it is not otherwise possible to obtain Mr. Duerden's deposition testimony in admissible form without issuance of a subpoena. For almost a month, Dexia has diligently sought counsel for Mr. Duerden's agreement to accept of service of a subpoena. (See generally

4

Carroll Aff.)  Dexia first contacted Mr. Duerden's counsel on March 13, 2006.  (Id. ¶ 3.) Repeated communication has failed to yield any agreement, however. (Id. ¶¶ 3 – 7).  Mr. Duerden's counsel has declined to accept service on his behalf, asserting a need to determine whether or not insurance would pay Mr. Duerden's expenses, and has stated in general terms that he refuses to accept service for Mr. Duerden except on condition that Dexia assures Mr. Duerden will be deposed only once in connection with all actions, evidently worldwide, involving Dexia. (Id. ¶¶ 3, 7).

While this negotiation drags on, the discovery deadline is nearing: it is now just over two months away, on June 16, 2006.  Without taking prompt action in this Court, Dexia is in danger of losing the opportunity to depose Mr. Duerden.  Accordingly, Dexia now respectfully seeks the subpoena's issuance.[1]

---

[1] Finally, it should be noted that Dexia is willing to agree to a mutually convenient time and place for Mr. Duerden's deposition, including travel to London, the same city where he was until very recently employed.  This accommodation, for a deposition subpoena in London, falls far short of the statute's intent, which permits subpoenas requiring return of witnesses to the United States for testimony.  28 U.S.C. §1783(a) (permitting a court of the United States to issue "a subpoena requiring the appearance as a witness before it").

5

## **Conclusion**

For the foregoing reasons, Dexia respectfully requests that its motion for issuance of a subpoena to John H. Duerden pursuant to 28 U.S.C. § 1783 be granted.

Dated: April 11, 2006

                                        Respectfully submitted,

                                        MINTZ LEVIN COHEN FERRIS GLOVSKY & POPEO


                                        By: ___/s/ Breton Leone-Quick_____
                                                Peter M. Saparoff (BBO#441740)
                                                Breton Leone-Quick (BBO#655571)

                                        One Financial Center
                                        Boston, MA 02111
                                        Tel:   (617) 542-6000
                                        Fax:  (617) 542-2241

                                        James W. Weidner
                                        Joel M. Cohen
                                        Thomas Teige Carroll
                                        Jeff Butler
                                        CLIFFORD CHANCE US LLP
                                        31 West 52nd Street
                                        New York, NY 10019-6131
                                        Tel:   (212) 878-8000
                                        Fax:  (212) 878-8375

                                        *Counsel for Dexia Bank Belgium*

**Certificate of Service**

I, Breton Leone-Quick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 11, 2006.

I also hereby certify that a copy of this document was served by hand, on April 11, 2006, on counsel for Mr. Duerden:

Thomas E. Engel, Esq.<br>
Engel McCarney & Kenney, LLP<br>
720 Fifth Avenue<br>
New York, New York 10019

   /s/  Breton Leone-Quick                                                      Dated:  April 11, 2006