UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., <br><br>　　　　　　　　　Plaintiffs, <br><br>　　　　v. <br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.), <br><br>　　　　　　　　　Defendants. | Civil Action No. 03-Civ-10411 (PBS) |

## AFFIDAVIT OF THOMAS TEIGE CARROLL IN SUPPORT OF DEXIA'S MOTION FOR ISSUANCE OF A SUBPOENA PURSUANT TO 28 U.S.C. § 1783

STATE OF NEW YORK　)
　　　　　　　　　　) ss.:
COUNTY OF NEW YORK　)

THOMAS TEIGE CARROLL, being duly sworn, deposes and says:

1. I am an associate at Clifford Chance US LLP, counsel for Defendant Dexia Bank Belgium ("Dexia"). I submit this Affidavit in further support of Dexia's Motion For Issuance of a Subpoena Pursuant to 28 U.S.C. § 1783.

2. By letter dated March 3, 2006, counsel for Stonington Partners notified us that the firm of Engel, McCarney & Kenney represented John H. Duerden. (Carroll Decl. Ex. A.)

NYB 1526571.1

3. On March 13, I conferred with Mr. Thomas Engel, counsel for Mr. Duerden, in regard to Dexia's intention to depose Mr. Duerden and Dexia's request that counsel for Mr. Duerden accept service of a subpoena in that connection. In this conversation Mr. Engel stated in substance that he was concerned that Dexia ensure that Mr. Duerden would be deposed only once in the actions involving Dexia, and that he would have to determine whether insurance was available to pay Mr. Duerden's legal fees in connection with the deposition before deciding whether to accept service on Mr. Duerden's behalf.

4. Following our conversation, I sent counsel for Mr. Duerden a letter dated March 13, 2006 with which I enclosed a copy of the Complaint in <u>Stonington v. Dexia</u>, Index No. 04-10411 and confirmed Dexia's intent to depose Mr. Duerden. (Carroll Decl. Ex. B.)

5. Approximately a week later, I spoke again with Mr. Engel, who stated that he could not yet accept service on behalf of Mr. Duerden, that he was meeting shortly with Mr. Duerden, and that he would apprise him of the situation. Mr. Engel also stated that he was still trying to determine whether insurance was available to pay Mr. Duerden's legal fees in connection with the deposition.

6. On March 29, 2006, I left a telephone voicemail message for Mr. Engel, counsel for Mr. Duerden, asking again whether his firm would accept service of a subpoena for Mr. Duerden. By voicemail message to me the same day, Mr. Engel related in substance that he had not had time to obtain the necessary information to make a decision concerning acceptance of service yet but that he would respond as soon as possible.

7. On April 7, 2006, I conferred again with counsel for Mr. Duerden, who again refused to accept service on behalf of Mr. Duerden, but suggested that they might be inclined to accept

service in return for a commitment to ensure that Mr. Duerden would only be deposed once in regard to actions involving Dexia.

Dated: New York, New York
April 11, 2006

                                                      Thomas Teige Carroll

Sworn to and subscribed before
me this 11th day of April, 2006.

_____
Notary Public

LEVITA L. DAVIS
Notary Public, State of New York
No. 01DA6094388
Qualified in Queens County
Commission Expires April 23, 2007

NYB 1526571.1