# EXHIBIT A

# United States District Court
# District of Massachusetts

HANS A. QUAAK, ATTILIO PO
and KARL LEIBINGER, on behalf of
themselves and those similarly
situated,
    Plaintiffs,

v.                                      CIVIL ACTION NO. 03-11566-PBS

DEXIA, S.A. and DEXIA BANK
BELGIUM (formerly known as
ARTESIA BANKING CORP., SA),
    Defendants.

## *ORDER ON DEXIA BANK BELGIUM'S MOTION TO COMPEL DOCUMENTS AND INTERROGATORY RESPONSES FROM CLASS PLAINTIFFS (#80)*

COLLINGS, U.S.M.J.

    The Court rules on Dexia's motion to compel as follows:

    <u>Request #10</u>: The plaintiff shall produce, *on or before the close of business on Tuesday, January 31, 2006,* all documents in the following categories within

its custody, possession, and/or control which were dated, created, sent or received before August 19, 2001:

> (1) Documents concerning any investigation by plaintiffs which were directed in any way to the activities of Dexia or Artesia specifically;
>
> (2) Documents concerning any investigation by plaintiffs which were directed in any way to the activities of a bank, banks, banking corporation(s) or banking institution(s) in connecting with the L & H fraud.
>
> (3) Documents concerning any investigation by plaintiff which mention Dexia or Artesia or which refer to Dexia or Artesia either by specific name or otherwise.
>
> (4) Documents upon which plaintiffs intend to rely to demonstrate Plaintiffs' counsel exercised reasonable diligence in investigating potential claims against Dexia or Arestia.

The defendants' request, to the extent that it seeks all documents in connection with the entire L & H investigation, is vastly overbroad. On the other hand, the plaintiffs' view that because they bear the burden of proof on the issue of whether a reasonably diligent investigation was conducted of Dexia and Arestia somehow acts as a limitation on discovery is incorrect. Subsection (2), *supra,* is designed to strike a balance - plaintiffs do not have to reveal all documents relating to the L & H investigation but must reveal documents relative to their investigation of institutions which were in a similar position to

Dexia and Artesia, i.e., banks, banking corporations or banking institutions. In my judgment, the defendants are entitled to documents relating to the plaintiffs' investigations of not only Dexia and Artesia but also to documents relating to their investigations of entities like Dexia and Artesia.

*Privilege Log:* The Court rules that the plaintiffs may not withhold documents which come within the categories specified, *supra,* which otherwise would be protected as non-opinion work product. However, as to any documents within the categories specified, *supra,* which the plaintiffs contend are protected as opinion work product, the plaintiffs shall file and serve, **on or before the close of business on Tuesday, January 31, 2006,** a privilege log.

*Loss Causation:* The Court rules that the interrogatories be fully and completely answered on the same date on which plaintiff is required to serve its expert reports.

To the extent indicated, *supra,* it is ORDERED that the motion to compel (#80) be, and the same hereby is, ALLOWED. It is FURTHER ORDERED that the motion to compel be, and the same hereby is, otherwise DENIED.

/s/ Robert B. Collings
ROBERT B. COLLINGS
December 22, 2005     United States Magistrate Judge