# EXHIBIT C

BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

April 10, 2006
*Via Facsimile and Electronic Mail*

Jeff E. Butler, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019-6131

Re:   *Quaak v. Dexia*
      *Stonington v. Dexia*
      *Filler v. Dexia*
      *Baker v. Dexia*

Dear Jeff:

    I write on behalf of all Plaintiffs in response to your April 5, 2006 letter concerning Dexia's purported intent to seek "deposition testimony" from Plaintiffs' trial counsel or their agents. Under the circumstances, we do not believe that Dexia is entitled to take any depositions upon oral examination of any of Plaintiffs' trial counsel or their agents.

    As you are aware, courts have long disfavored the practice of forcing trial counsel to testify as a witness. *See Hickman v. Taylor*, 329 U.S. 496, 513 (1947). As such, courts typically restrict depositions of trial counsel to the rare circumstances where the party seeking the deposition can demonstrate: (1) no other means exist to obtain the information; (2) the information sought is relevant and not privileged; and (3) the information is crucial to the preparation of the case. *See Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Putting aside issues (2) and (3), which Plaintiffs by no means concede, Dexia has not met its burden of demonstrating that the discovery sought is unavailable by other means.

    To the contrary, Dexia has at its disposal a myriad of means to obtain all the necessary evidence supporting its defense without taking the drastic measure of deposing trial counsel. First, Plaintiffs have already produced a vast quantity of documents to Dexia, including discovery propounded by Plaintiffs' counsel and key correspondences that demonstrate Plaintiffs' counsels' investigative efforts. Second, Plaintiffs have provided detailed, verified responses to several interrogatories propounded by Dexia concerning Plaintiffs' investigation of potential claims, including the dates on which Plaintiffs first learned of specific events or conduct. Dexia has not, and cannot, assert that Plaintiffs have failed to answer these interrogatories fully. Accordingly, there is no reason why Dexia cannot propound additional

BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

Jeff E. Butler, Esq.
April 10, 2006
Page 2

interrogatories to obtain any additional evidence Dexia deems relevant and necessary to support its defense, without the risks imposed by deposing trial counsel.

      To the extent that any testimony from trial counsel is necessary, which we do not concede, it should be limited to deposition by written question under Rule 31. This is the preferred method for examination of trial counsel because it is less fraught with danger of jeopardizing the attorney-client privilege and other immunities than an open-ended oral examination. Moreover, examination by written question has been employed in cases where the area of examination concerned counsel's diligent investigation relevant to a statute of limitations defense. In fact, in *American Standard Inc. v. Bendix Corp.*, 80 F.R.D. 706 (W.D. Mo. 1978), the case that Dexia has principally relied upon in its motions to compel Plaintiffs' counsels' attorney work product, the court only ordered Plaintiffs' counsel to answer written questions pursuant to Rule 31. *See id.* at 708.

      For these reasons, we suggest that Dexia reconsider it position. To the extent, however, that Dexia takes the misguided approach of continuing with your plan to depose trial counsel, then Plaintiffs agree that a simple notice of deposition, rather than individual subpoenas, is sufficient process for the individuals and entities referenced in your April 5, 2006 letter. This agreement, however, is without prejudice to Plaintiffs' right to seek a protective order, as you have already acknowledged in your letter. This is further without prejudice to holding any court-ordered depositions in New York City for any of the individuals or entities based in New York.

                                      Very truly yours,

                                      Patrick T. Egan

cc:    Patrick L. Rocco, Esq.
        J. Allen Carney, Esq.
        Susan M. Davies, Esq.
        Karen C. Dyer, Esq.
        Steven B. Singer, Esq.