# EXHIBIT E

## BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO

ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

May 17, 2006
*Via Facsimile and Electronic Mail*

Jeff E. Butler, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019-6131

Re:  *Quaak v. Dexia*
     *Stonington v. Dexia*
     *Filler v. Dexia*
     *Baker v. Dexia*

Dear Jeff:

    I write on behalf of the following entities and persons in response to your Notices of Deposition served on May 2 and May 5, 2006: Gregory P. Joseph, Bernstein Litowitz Berger & Grossmann LLP, Boies Schiller & Flexner LLP, Cauley Bowman Carney & Williams PLLC, Berman DeValerio Pease Tabacco Burt & Pucillo, Shalov Stone & Bonner LLP, and James Mintz Group Inc. (collectively "Plaintiffs' Counsel").

    Plaintiffs' Counsel hereby object to the Notices of Deposition on the grounds that the discovery sought is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information that is irrelevant to any claim or defense of any party, seeks information protected by the attorney-client privilege and the attorney work product doctrine and exceeds the scope of the Court's December 22, 2005 Order.

    As Mr. Rocco informed you during your May 9, 2006 meet and confer conference call, Plaintiffs' Counsel intend to file a motion for a protective order concerning these depositions. The motion will seek three forms of relief: First, for the reasons previously set forth in my April 10, 2006 letter, Plaintiffs' Counsel will request that any examination be limited to a deposition by written questions. Second, Plaintiffs' Counsel will request that the Court limit the scope of any examinations to the parameters already established by the Court in its December 22, 2005 Order. Third, Class Plaintiffs find it unnecessary, duplicative and burdensome for Dexia to seek deposition testimony from each lead counsel and Class Plaintiffs' investigator and, as such, intend to ask for a protective order limiting Dexia to one deposition by written question of lead counsel.

BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

Jeff E. Butler, Esq.
May 17, 2006
Page 2

      Plaintiffs' Counsel intend to file this motion later this week and will not appear on the noticed dates. To the extent you would like to meet and confer further on any of these issues, we are available; however, we believe that through our prior letters and conversations, we have exhausted discussion of this matter and that the positions of all parties are clear on this issue. Please advise by 12:00 p.m. on Friday, May 19, whether Dexia is willing to agree to any of the foregoing limitations of the depositions.

                                        Very truly yours,

                                        Patrick T. Egan

cc:    Patrick L. Rocco, Esq.
        J. Allen Carney, Esq.
        Susan M. Davies, Esq.
        Karen C. Dyer, Esq.
        Steven B. Singer, Esq.