## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10501 (PBS) |

## PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT
## RULE 30(B)(6) DEPOSITION OF DEFENDANT DEXIA BANK BELGIUM

Class plaintiffs together with plaintiffs Stonington Partners, Inc., Stonington Capital Appreciation 1994 Fund L.P. and Stonington Holdings, L.L.C., Gary B. Filler and Lawrence Perlman, Trustees of the TRA Rights Trust, and Janet Baker, James Baker, JKBaker LLC and JMBaker LLC (collectively, the "Plaintiffs") hereby move, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), for leave to depose defendant Dexia Bank Belgium ("Dexia").

In support of this motion, Plaintiffs state as follows:

1.    This litigation includes four separate actions that are coordinated for discovery purposes. All four actions relate to Dexia's role in the massive Lernout & Hauspie securities fraud. On October 18, 2005, Plaintiffs jointly conducted a single Rule 30(b)(6) deposition of Dexia, limited to the subject of Dexia's search for documents responsive to Lead Plaintiffs' First Request for Production of Documents. *See Declaration of Susan M. Davies in Support of Plaintiffs' Motion for Leave to Conduct Rule 30(b)(6) Deposition of Defendant Dexia Bank Belgium* ("Davies Decl.") ¶ 5 and Exhibit B. Dexia has taken the position that this single deposition means that Dexia "already has been deposed" in all four actions, and that Plaintiffs

2

must now either obtain Dexia's consent or leave of this Court in order to conduct a Rule 30(b)(6) deposition of Dexia concerning the merits of Plaintiffs' claims and Dexia's defenses. Davies Decl. at Exhs. D and E.

2. Plaintiffs disagree with Dexia's interpretation of Rule 30(a)(2)(B) as limiting Plaintiffs collectively to a single deposition of Dexia, given that Dexia is a defendant to four separate actions. Nevertheless, Plaintiffs negotiated extensively with Dexia in an effort to obtain Dexia's consent to a "second" deposition, and to avoid burdening the Court with the instant motion. Davies Decl. ¶¶ 6-11. Despite Plaintiffs efforts at accommodation, Dexia has agreed to a Rule 30(b)(6) deposition limited to only two topics – Dexia's trading in L&H securities, and Dexia's due diligence in connection with its acquisition of Artesia Banking Corporation, S.A. – and then only if Plaintiffs waive their right to seek leave to conduct a Rule 30(b)(6) deposition on any other topics. Davies Decl. Exh. E. Given the imminence of the June 16, 2006 deadline for completion of fact discovery, and Dexia's consistent stonewalling of Plaintiffs' efforts to obtain discovery (as evidenced by Plaintiffs' four pending motions to compel documents, computer back-up tapes, and depositions), Dexia has left Plaintiffs with no alternative but to file the instant motion.

3. Pursuant to Rule 30(a)(2)(B), leave of Court to conduct a second deposition of any person "<u>shall be granted</u> to the extent consistent with the principles stated in Rule 26(b)(2)." Rule 26(b)(2) provides, in relevant part, that discovery should only be limited if the court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or

3

>(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Here, Plaintiffs should be granted leave to conduct a Rule 30(b)(6) deposition of Dexia because the information Plaintiffs seek is available only from Dexia, the deposition testimony will not be duplicative, the Plaintiffs have not yet had the opportunity to obtain the information in discovery, and the information is essential to the prosecution of Plaintiffs' claims.

**The Information Plaintiffs Seek Is Only Available From Dexia or Its Employees.**

4.      Plaintiffs seek leave to depose Dexia concerning eight highly relevant topics that are exclusively within the knowledge of Dexia and its employees.  Specifically, Plaintiffs seek deposition testimony concerning:  (1) Dexia's trading in L&H securities; (2) Dexia's underwriting of public or private offerings of L&H securities; (3) Dexia's control over its subsidiaries Artesia Securities, S.A. and Cordius Asset Management; (4) Dexia's control over the analysts reports concerning L&H issued by those subsidiaries; (5) Dexia's general policies and procedures regarding Credit Default Swaps; (6) Dexia's due diligence in connection with its acquisition of Artesia Banking Corporation, S.A.; (7) Dexia's business records concerning the transactions at issue in this litigation; and (8) Dexia's statute of limitations defense to Plaintiffs' claims.  Davies Decl. Exh. A.

5.      It is beyond dispute that testimony concerning these eight topics cannot be obtained more conveniently or cheaply, or with less burden, from any source other than Dexia and its employees.  Fed. R. Civ. P. 26(b)(2)(i).  Indeed, Dexia does not contend that a Rule 30(b)(6) deposition on any of these topics would be unduly burdensome.  Davies Decl. Exh. E.

4

6.      In fact, Dexia has agreed to provide a Rule 30(b)(6) witness for two of these topics: Dexia's trading in L&H securities ("Deposition Topic 1") and Dexia's due diligence in connection with its acquisition of Artesia Banking Corporation, S.A. ("Deposition Topic 6"). *Id.* However, Dexia's agreement is conditioned on Plaintiffs agreeing not to seek Dexia's testimony on any other topics. Davies Decl. ¶ 8. Such gamesmanship should not be countenanced by this Court, and Dexia should be ordered to produce witnesses on Deposition Topics 1 and 6 immediately. For the reasons set forth below, Dexia should also be ordered to testify concerning the other six topics in Plaintiffs' pending Rule 30(b)(6) notice.

**A Deposition of Dexia Will Not Be Cumulative or Duplicative.**

7.      It is also beyond dispute that the eight topics about which Plaintiffs seek Dexia's testimony are not cumulative or duplicative of Dexia's prior Rule 30(b)(6) deposition testimony, which was limited to the topic of Dexia's search for documents responsive to Plaintiffs' document request and Dexia's applicable document retention policies. *Id.* at ¶ 5 and Exh. B. *See Quality Aero Technology, Inc. v. Telemetrie Elektronik, GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002) (granting motion to compel a second Rule 30(b)(6) deposition where the first and second deposition notices sought "information relating to different subject areas").

8.      Nor are these topics cumulative or duplicative of deposition testimony Plaintiffs have obtained from other witnesses. Indeed, when Dexia objected that ten of the fourteen topics in the Rule 30(b)(6) deposition notice that Plaintiffs served on February 27, 2006 were cumulative and duplicative of other discovery, Plaintiffs attempted to address Dexia's objection by withdrawing the February notice, and serving the amended Rule 30(b)(6) notice that is the subject of the instant motion. Davies Decl. ¶¶ 6-9 and Exhs. A, C, D. Dexia has objected to only three of the topics in the pending, amended notice as being cumulative: Dexia's general

5

policies and procedures regarding Credit Default Swaps ("Deposition Topic 5"), Dexia's business records concerning the transactions at issue in this litigation ("Deposition Topic 7"), and Dexia's statute of limitations defense ("Deposition Topic 8").  Davies Decl. Exh. E.  Dexia's objections to these three topics are misplaced.

9. **Deposition Topic 5.**  Contrary to Dexia's assertion, it is simply not the case that "Plaintiffs have had numerous opportunities to question witnesses about policies and practices concerning credit default swaps." *Id.*  Plaintiffs have questioned Dexia executives concerning the particular Credit Default Swaps entered into in connection with Dexia's loans to Radial Belgium N.V. ("Radial") and Language Investment Company ("LIC").  Those executives – who professed lack of familiarity with Credit Default Swaps generally[1] – testified that the Radial and LIC Credit Default Swaps were highly unusual transactions – indeed, the only Credit Default Swaps Dexia had ever entered into with private individuals[2] – and were not executed in accordance with Dexia's normal procedures.[3]  Plaintiffs do not seek further testimony from

---

[1]  *See, e.g.*, Piret 03/17/2006 Tr. at 13 lines 1-15 (Davies Decl. Exh. H) (Mr. Piret knows little about the theory of Credit Default Swaps and is not a specialist in Credit Default Swaps.); Piret 03/16/2006 Tr. at 135 lines 13-21 (Davies Decl. Exh. G) (Mr. Piret has never seen a "real" Credit Default Swap agreement.); Probst 03/15/2006 Tr. at 24 at lines 19-22, 111 lines 19-24 (Davies Decl. Exh. F) (Dexia's market room had entered into Credit Default Swaps "repeatedly," but Mr. Probst did not follow the Credit Default Swaps dealt with by the market room.); Janssens 04/21//06 Tr. 159 lines 15-21 (Davies Decl. Exh. I) (The Radial Credit Default Swap was the first CDS ever dealt with by Mr. Janssens' Credit Risk Department.).

[2]  *See, e.g.*, Probst 03/15/06 Tr. at 25 lines 8-16 (Davies Decl. Exh. F); Piret 03/16/06 Tr. at 133 lines 8-12 (Davies Decl. Exh. G).

[3]  For example, Plaintiffs conducted the following examination of Dexia executive Claude Piret:
> "Q. The CDS agreement[s] for Radial and LIC were not properly documented in accordance with the Bank's normal procedures, am I right?
> A. For so far that I can remember … there was something with the operational treatment of the CDS.
> . . .
> Q. Is that another way of saying there was a procedural problem with how the CDSs were executed?
> A. Yes.
> Q. So they were not done in the normal procedures of the Bank, correct?
> A. To the best of my knowledge could be."

Piret 03/17/06 Tr. at 60 line 16 – 61 line 7 (Davies Decl. Exh. H).

In addition, Plaintiffs obtained the following information from Dexia executive Alain Probst:

Dexia concerning the Radial and LIC Credit Default Swaps, but testimony concerning how Dexia normally executed Credit Default Swaps. That testimony will show that the Radial and LIC Credit Default Swaps were not legitimate transactions but artifices used by Dexia to commit fraud.

10.     **Deposition Topic 7.**  Dexia's objection that "Plaintiffs have had ample opportunity to question individual witnesses about their record keeping procedures and records, so this topic would be unreasonably cumulative" is inapposite. *Id.*  Plaintiffs do not seek testimony concerning individual employee's "record keeping procedures," but concerning which documents constitute Dexia's non-hearsay business records of the transactions at issue. Davies Decl. Exh. A.  To the extent that Plaintiffs have been able to obtain such testimony through the depositions of Dexia executives, Plaintiffs do not intend to seek duplicative testimony from Dexia about the same documents.

11.     **Deposition Topic 8.**  Dexia objects that Plaintiffs have already obtained information concerning Dexia's statute of limitations defense through Dexia's responses to Lead Plaintiffs' Third Set of Interrogatories. Davies Decl. Exh. E.[4]  However, Dexia has not responded fully to Plaintiffs' interrogatories concerning this subject. Plaintiffs' Interrogatory

---

>        "Q. . . . You told the police that the technique of Credit Default Swaps was widely accepted in the market room but you also didn't tell them that the Credit Default Swaps in question with the Radial loan were not issued from the market room, am I right?
>        A. I provided the police with an answer to all their questions.
>        Q. Sir, it is true, though, that the CDS that was issued with respect to the Radial loan was not issued from the market room, am I right?
>        A. It was issued on the basis of documentation supervised by our attorneys.
>        Q. Sir, it was not issued from the market room, am I correct?
>        A. Yes, that is correct."
>
> Probst 03/15/2006 Tr. at 117 line 14 – 118 line 4 (Davies Decl. Exh. F).

[4]  Dexia's further objection that Deposition Topic 8 calls for information that is protected by attorney client privilege and the work product doctrine is belied by Dexia's claim that it has already provided the requested information in interrogatory responses.

7

No. 9 asked Dexia to state the earliest point in time at which a reasonably diligent L&H investor should have discovered facts sufficient to support a good faith claim against Dexia for violation of Section 10(b) and Rule 10b-5 arising out of Dexia's provision of financing to Dictation, Radial, LIC, and Messrs. Lernout, Hauspie, and Willaert.  Davies Decl. Exh. J.  In response, Dexia simply identified the dates on which Dexia was first publicly identified as having provided financing to Dictation, Radial, LIC, and Messrs. Lernout, Hauspie, and Willaert.  Dexia's interrogatory responses did not address Plaintiffs' question:  when could or should a reasonable L&H investor have discovered that Dexia was not an ordinary, arms-length commercial lender to Dictation, *et al.*, but was involved in a fraudulent scheme with principals of L&H?  *Id.*  Under the circumstances, Plaintiffs are entitled to additional discovery about Dexia's statute of limitations defense and, in light of Dexia's previously evasive and incomplete interrogatory responses, a deposition is the most efficient and appropriate means of so doing.

**Plaintiffs Have Not Been Able To Obtain The Information Through Other Discovery.**

12.     With the exception of Deposition Topics 5, 7 and 8, Dexia does not contend that Plaintiffs have had the opportunity to obtain the information now sought.  Davies Decl. Exh. E. In fact, it is Dexia's position that Plaintiffs are not entitled to some of the information; specifically, information concerning Dexia's control over its subsidiaries Artesia Securities, S.A. and Cordius Asset Management ("Deposition Topic 3") and the analysts reports concerning L&H issued by those subsidiaries ("Deposition Topic 4").  *Id.*  Dexia's contention that discovery relevant to the Third Amended Class Action Complaint is currently subject to the PSLRA stay is refuted in *Lead Plaintiffs' Memorandum of Law in Support of Motion to Compel Documents Defendant Claims Are Subject to PSLRA Discovery Stay and to Prevent Defendant from Unilaterally Delaying Trial Date* filed on May 12, 2006.  Plaintiffs will not repeat here the

arguments set forth in that memorandum, which is incorporated herein by reference and annexed as Exhibit K to the accompanying Davies Declaration. Irrespective of any PSLRA stay, Deposition Topics 3 and 4 are highly relevant to establishing Dexia's scienter with respect to causes of action that the Court has already sustained, as well as to the Transactional Plaintiffs' common law claims, and Plaintiffs are entitled to depose Dexia concerning these subjects without awaiting the outcome of Dexia's motion to dismiss the Third Amended Class Action Complaint.

13.  As regards Deposition Topics 5, 7 and 8, for the reasons previously stated, Dexia's contention that Plaintiffs have already obtained sufficient information concerning these topics is not correct. *See supra* ¶¶ 9-11.

**The Information Plaintiffs Seek Is Essential to the Prosecution of Plaintiffs' Claims.**

14.  Dexia concedes that the information Plaintiffs seek via a Rule 30(b)(6) deposition is relevant to Plaintiffs' claims. Davies Decl. Exh. E. In fact, Plaintiffs only seek to depose Dexia to obtain information that they have not otherwise been able to obtain in discovery, at least in part because Dexia has refused to produce for deposition ten witnesses who are likely to have personal knowledge of, at a minimum, Deposition Topics 1, 3, 4 and 6.[5] The information Plaintiffs seek will advance the fact-finding process significantly, without imposing an undue burden on Dexia.

---

[5] Dexia's refusal to produce Piet Cordonnier, Bart Ferrand, Peter Rabaey, Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte, and Nadia van Hove for deposition is the subject of two pending motions to compel (filed November 4, 2005 and May 3, 2006, respectively). Recently, Dexia's counsel indicated that Dexia will seek a protective order to prevent noticed depositions of senior Dexia executives Stefan Decraene and Axel Miller.

**Certification Under Local Rules 7.1(a)(2) and 37.1(b)**

15. The undersigned counsel hereby certify that, prior to filing this motion counsel for Plaintiffs have conferred with counsel for Dexia in a good faith effort to obtain the relief requested herein, and to narrow the areas of disagreement to the greatest possible extent, without intervention of the Court. Davies Decl. ¶¶ 7-11.

WHEREFORE, Plaintiffs respectfully request that this Court enter orders:

(1) relieving Plaintiffs of the obligation under Local Rule 7.1(b)(1) to file a memorandum of law and declaration in support of the instant motion simultaneously herewith;

(2) granting Plaintiffs leave to conduct a deposition of Dexia Bank Belgium pursuant to the Rule 30(b)(6) deposition notice annexed as **Exhibit A** to the Davies Declaration; and

(3) for such other and further relief as the Court deems just and proper.

Dated: May 22, 2006

Respectfully submitted,

BERMAN DEVALERIO PEASE
 TABACCO BURT & PUCILLO
     /s/ Patrick T. Egan
Glen DeValerio, BBO # 122010
Jeffrey C. Block, BBO #600747
Patrick T. Egan, BBO # 637477
(pegan@bermanesq.com)
One Liberty Square
Boston, MA 02109
Telephone:  (617) 542-8300

SHALOV STONE & BONNER LLP
Lee S. Shalov
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 10000
New York, New York 10018
Telephone:  (212) 239-4340

CAULEY BOWMAN CARNEY & WILLIAMS PLLC
Allen Carney
11001 Executive Center Drive, Suite 200
P.O. Box 25438
Little Rock, Arkansas 722125438
Telephone: (501) 312-8500

**CO-LEAD COUNSEL TO CLASS PLAINTIFFS**
**HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER**

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP

          /s/ Avi Josefson
Max W. Berger
Steven B. Singer
Avi Josefson
(avi@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400

LOONEY & GROSSMAN LLP
Richard J. Grahn, BBO #206620
(rgrahn@lgllp.com)
Charles P. Kindregan, BBO #554947
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2800

**COUNSEL TO PLAINTIFFS STONINGTON PARTNERS, INC., STONINGTON CAPITAL APPRECIATION 1994 FUND L.P. AND STONINGTON HOLDINGS L.L.C.**

GREGORY P. JOSEPH LAW OFFICES LLC
      /s/ Susan M. Davies
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
805 Third Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 407-1200

KOTIN, CRABTREE & STRONG
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone: (617) 227-7031

**COUNSEL TO PLAINTIFFS GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust**


PARTRIDGE, ANKNER & HORSTMAN LLP
      /s/ Terrence K. Ankner
Terrence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone: (617) 859-9999

BOIES SCHILLER & FLEXNER
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida 32801
Telephone: (407) 425-7118

REED SMITH LLP
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone: (215) 851-8100

**COUNSEL TO PLAINTIFFS JANET BAKER, JAMES BAKER, JKBAKER LLC and JMBAKER LLC,**

12

## CERTIFICATE OF SERVICE

      I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF). A paper copy of this document has been mailed in accordance with FED. R. CIV. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

                                                                         /s/ Susan M. Davies
                                                   N.Y. Attorney Registration # 2413508