# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>     Defendants. | No.:  03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>     Plaintiffs,<br><br>     v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>     Defendants. | No.:  04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>     Plaintiffs,<br><br>     v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>     Defendants. | No.:  04-CV-10477 (PBS) |

JANET BAKER and JAMES BAKER, JKBAKER
LLC and JMBAKER LLC,

   Plaintiffs,

   v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),

   Defendants.

No.:  04-CV-10501 (PBS)

### DECLARATION OF SUSAN M. DAVIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT RULE 30(B)6) DEPOSITION OF DEFENDANT DEXIA BANK BELGIUM

SUSAN M. DAVIES, declares pursuant to 28 U.S.C. § 1746 that:

1.  I am a member of the Gregory P. Joseph Law Offices LLC, which represents Gary B. Filler and Lawrence Perlman, Trustees of the TRA Rights Trust ("Filler Plaintiffs") in the above-captioned action *Filler v. Dexia, S.A.*, No.:  04-CV-10477-PBS.  On June 13, 2005, the Court granted leave for me to appear *pro hac vice* in that action.  Unless otherwise indicated, I have personal knowledge of the matters addressed in this declaration.  I am over the age of 18 and am fully competent to testify.

2.  I submit this declaration in support of the motion by plaintiffs in the above-captioned actions ("Plaintiffs") for leave to conduct a Rule 30(b)(6) deposition of Defendant Dexia Bank Belgium ("Dexia").

3.  Annexed hereto as **Exhibit A** is a true and correct copy of *Plaintiffs' Amended Notice of Rule 30(b)(6) Deposition of Defendant Dexia Bank Belgium* dated May 10, 2006, which was served on Dexia on May 10, 2006.

4.  Annexed hereto as **Exhibit B** is a true and correct copy of *Plaintiffs' Notice of Deposition of Defendant Dexia Bank Belgium Pursuant to Federal Rules of Civil Procedure 30(a) and 30(b)(6)* dated September 14, 2005, which was served on Dexia on September 14, 2005.

5.      On October 18, 2005, Plaintiffs deposed Dexia's in-house counsel, Bernard Lamiroy, as the witness designated by Dexia to testify concerning the matters set forth in the deposition annexed hereto as **Exhibit B**.

6.      Annexed hereto as **Exhibit C** is a true and correct copy of *Plaintiffs' Notice of Rule 30(b)(6) Deposition of Defendant Dexia Bank Belgium* dated February 27, 2006, which was served on Dexia on February 27, 2006.

7.      Annexed hereto as **Exhibit D** is a true and correct copy of a letter dated March 24, 2006 to Plaintiffs' counsel from Dexia's counsel, Jeff E. Butler, Esq. of Clifford Chance US LLP, concerning the deposition notice annexed hereto as **Exhibit C**.

8.      On April 17, 2006, Avi Josefson, Esq., Karen Dyer, Esq. and Susan Davies, Esq., all counsel for Plaintiffs, met and conferred with Mr. Butler concerning, among other things, Dexia's assertion that the deposition notice annexed hereto as **Exhibit C** was an invalid "second" deposition notice, and Dexia's objections to the scope of the topics set forth in the notice. During the meet and confer, Mr. Butler indicated that any agreement by Dexia to produce a Rule 30(b)(6) witness on any particular topic or topics was subject to Plaintiffs agreement not to seek leave depose Dexia on any other topics.

9.      On May 10, 2006, in response to Dexia's objections, Plaintiffs withdrew their pending deposition notice and served the deposition notice that is annexed hereto as **Exhibit A**.

10.     Annexed hereto as **Exhibit E** is a true and correct copy of a letter dated May 18, 2006 to Plaintiffs' counsel from Mr. Butler concerning the deposition notice annexed hereto as **Exhibit A**. In the letter, Dexia consents to produce a Rule 30(b)(6) witness on only two of the eight topics listed in **Exhibit A**.

11.     On May 19, 2006, Patrick Rocco, Esq., George Coe, Esq., Steven Foytlin, Esq., Steve Voigt, Esq. and Susan Davies, Esq., all counsel for Plaintiffs, met and conferred with Mr. Butler concerning various outstanding discovery issues. During

the meet and confer, Plaintiffs' counsel advised Mr. Butler that they would not further amend the current deposition notice to address the objections in Mr. Butler's May 18th letter.

12.    Annexed hereto as **Exhibit F** are excerpts from the transcript of the March 15, 2006 deposition of Dexia executive Alain Probst.

13.    Annexed hereto as **Exhibit G** are excerpts from the transcript of the March 16, 2006 deposition of Dexia executive Claude Piret.

14.    Annexed hereto as **Exhibit H** are excerpts from the transcript of the March 17, 2006 deposition of Claude Piret.

15.    Annexed hereto as **Exhibit I** are excerpts from the transcript of the April 21, 2006 deposition of Jacques Janssens.

16.    Annexed hereto as **Exhibit J** are *Dexia Bank Belgium's Responses and Objections to Lead Plaintiffs' Third Set of Interrogatories* dated January 18, 2006.

17.    Annexed hereto as **Exhibit K** is *Lead Plaintiffs' Memorandum of Law in Support of Motion to Compel Documents Defendant Claims Are Subject to PSLRA Discovery Stay and to Prevent Defendant from Unilaterally Delaying Trial Date*, which was filed on May 12, 2006.

## Certification Under Local Rules 7.1(a)(2) and 37.1(b)

18.    As set forth in paragraphs 7-11 above, prior to filing this motion counsel for Plaintiffs have conferred with counsel for Dexia in a good faith effort to obtain the relief requested herein, and to narrow the areas of disagreement to the greatest possible extent, without intervention of the Court.  Counsel for Plaintiffs have narrowed considerably the topics concerning which they seek Dexia's testimony, but Dexia has not consented to be deposed on all of those topics.

4

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York this 22nd day of May 2006.

Susan M. Davies
N.Y. Attorney Registration # 2413508

## CERTIFICATE OF SERVICE

I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF). A paper copy of this document has been mailed in accordance with FED. R. CIV. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

/s/ Susan M. Davies
N.Y. Attorney Registration # 2413508