EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendant. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10477 (PBS) |

JANET BAKER and JAMES BAKER, JKBAKER LLC
and JMBAKER LLC,

     Plaintiffs,

     v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),

     Defendants.

No.: 04-CV-10501 (PBS)

## NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT DEXIA BANK BELGIUM

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and prior orders issued by the Court in the above-captioned actions, Plaintiffs, by their attorneys, will take the deposition upon oral examination, before a notary public or other person authorized to administer oaths, of Dexia Bank Belgium, on May 4-5, 2006, at 9:00 a.m., at Marx van Ranst Vermeesch & Partners, 270 Avenue de Terveuren/Tervureenlaan, 1150 Brussels, Belgium.

The deponent is hereby advised of its duty to designate an individual or individuals to testify on its behalf as to the matters of examination listed below, and of its obligation to ensure that the person or persons so designated have the ability to testify as to matters known or reasonably available to the organization.

**PLEASE TAKE FURTHER NOTICE** that the deposition will be recorded by stenographic means and videotaped.

You are invited to attend and cross-examine, in person. Telephonic participation for this deposition is not presently contemplated.

## DEFINITIONS

All definitions set forth in F.R.C.P. 26 and District of Massachusetts Local Rule 26.5 shall apply herein, as well as the following additional definitions:

1.      "Belgian Prosecutor's Investigation" refers to the investigation being conducted by the Honorable Henri Heimans of the Ghent Court of Appeals in Belgium concerning L&H, Dexia and others, and includes the investigation of same by any of Judge Heiman's predecessors, successors, agents and/or representatives.

2.      "CLDCs" means "Cross-Language Development Company" and refers to any or all of the following entities that purported to do business with L&H:  Lupeni Pte Ltd., Jelgava Pte Ltd., Harrisca Pte Ltd., Salfas Pte ltd., Senegal Pte ltd., Baleston Pte Ltd., or Duranzo Pte Ltd., and their predecessors, successors, parents, subsidiaries, divisions or affiliates, and their officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

3.      "Dexia" means Dexia Bank Belgium and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors (including, without limitation, Artesia Banking Corporation., SA and any of its branches, divisions, subsidiaries, affiliates and predecessors (including, without limitation, Artesia Services, Artesia Securities, Paribas Banque Belgium, and Bacob Bank C.V.) (collectively "Artesia")), its parent corporation Dexia, S.A., and the current and/or former officers, directors, employees, servants, and agents of any of the foregoing entities.

4.      "FLV Fund" means Flanders Language Valley Fund, c.v.a., including FLV Fund Management and FLV Management USA and any branches, divisions, subsidiaries, officers, directors, trustees, partners, members, employees, servants, and agents of any of these entities.

3

5.     "LDCs" means "Language Development Company" and refers to any or all of the following entities that purported to do business with L&H:  the Bahassa Development Company, the Slavic Development Company, the Farsi Development Company, the Greek Development Company, the Hungarian Development Company, the Polish Development Company, the Czech Development Company, the Thai Development Company, the Tamil Development Company, the Hindi Development Company, the Turkish Development Company, Shangra Pte Ltd., (Vietnamese), Vanesto Pte Ltd. (Urdu), Vaciena Pte Ltd. (Malay), Rodeon Pte Ltd (Taiwanese), Capital Union (Arabic and Arabic Dialects), or Lavenia (Armenian), including any of their respective predecessors, successors, parents, subsidiaries, divisions or affiliates, and their officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

6.     "L&H" means Lernout & Hauspie Speech Products, N.V. and includes any of its present or former branches, divisions, subsidiaries, affiliates, predecessors, and the former officers, directors, employees, servants, and agents of any of the foregoing entities.

7.     "L&H Audit Committee Investigation" means any investigation of L&H's accounting or business practices that was authorized by the Audit Committee of the Board of Directors of L&H, including without limitation, the investigation authorized by the Audit Committee on or about September 20, 2000 and conducted by Bryan Cave LLP, Arthur Andersen LLP, Allen & Overy, and/or Loeff Claeys Verbeke.

8.     "Security" or "securities" has the meaning ascribed to it under the Securities Act of 1933 (including any equity, debt, investments, or contracts).

9.     "LHIC" means L&H Investment Co., NV, and any branches, divisions, subsidiaries, officers, directors, servants and agents thereof.

10.    "L&H Korea" means the Korean division or subsidiary of L&H, and any of L&H Korea's current or former officers, directors, employees and agents.

## RELEVANT TIME PERIOD

Unless otherwise indicated, the Relevant Time Period is January 1, 1996, through and including August 19, 2003.

## AREAS FOR EXAMINATION

Pursuant to Rule 30(b)(6), the following subject matters are specified for examination:

1.    Transactions in L&H securities made by Dexia, including but not limited to, all purchases, receipts, acquisitions, and sales of L&H common stock, warrants, or debt.

2.    Dexia's engagement related to the underwriting of, participation in, or assistance with any public or private stock offering for L&H, FLV Fund and/or L&H Korea.

3.    Cash, securities, or any other consideration that Dexia received from L&H (or any officer or director of L&H), FLV Fund, LHIC, S.A.I.L. and/or L&H Korea as a result of, or as payment for, any services (including the extension of credit or credit lines) performed by Dexia for or on behalf of those entities, Dictation Consortium N.V., Brussels Translation Group N.V., Radial Belgium, N.V., Language Investment Company N.V. and Document Management Partners.

4.    Credit default swaps contemplated or entered into by and between Dexia and L&H, Jo Lernout, Pol Hauspie, Nico Willaert, Gaston Bastiens, and/or any other L&H officer or director.

5.    Loans and/or financing provided by Dexia to any of the following persons or entities:  L&H (including L&H Korea), Dictation Consortium N.V., Brussels Translation Group N.V., Radial Belgium N.V., Language Investment Company N.V., Language Development Fund

N.V., Document Management Partners, Dictaphone Corporation, LHIC, S.A.I.L., Peer Van Driesten, any LDCs, any CLDCs, FLV Fund, Jo Lernout, Pol Hauspie, Nico Willaert, Gaston Bastiens, and any other L&H officers and directors; including but not limited to, the purpose for such loans and financing, any investigation into the formation, business, and creditworthiness of these entities, and any communications with L&H regarding these entities.

6.    Communications with the L&H Audit Committee and/or its agents, which include Bryan Cave LLP, Arthur Andersen LLP, Allen & Overy, and/or Loeff Claeys Verbeke, concerning the L&H Audit Committee Investigation.

7.    The relationship between any or all of the following entities: Dexia Bank Belgium; Dexia, S.A.; Artesia Banking Corporation, S.A.; Artesia Bank; Artesia Securities; BACOB Bank; and Cordius Asset Management.

8.    Due diligence performed by or on behalf of Dexia on Artesia (including, without limitation, due diligence of the business customers or corporate portfolio of Artesia) prior to acquiring Artesia; the Relevant Time Period for this area of examination extends to the present.

9.    The policies, processes, plans, guidelines, and/or strategies utilized by the Dexia Credit Committees in determining whether and when to extend credit.

10.    The policies, processes, plans, guidelines, and/or criteria utilized by Artesia Securities regarding: (i) the initiation of analyst report coverage of any particular stock or issuer; (ii) the research and drafting of the contents of analyst reports; and (iii) the recommendation (e.g., buy or sell) to be placed by analysts on any particular stock or security.

11.    Due diligence and research performed by or on behalf of Dexia on L&H Korea (including Bumil) and L&H's operations in Singapore, including but not limited to due diligence on license agreements, assets, revenues, income, and business plans.

12.    The internal audit conducted by Dexia after the announcement of Dexia's indictment by the Belgian Magistrate, including but not limited to, the conclusions reached as a result of the internal audit; the Relevant Time Period for this area of examination extends to the present.

13.    Any internal audit concerning L&H, LHIC, Dictation Consortium N.V., Brussels Translation Group N.V., Radial Belgium N.V., Language Investment Company N.V., Peer van Driesten, Document Management Partners, or Gaston Bastiaens conducted by or on behalf of Dexia, including but not limited to the conclusions reached as a result of the internal audit(s).

14.    Dexia's responses to Class Plaintiffs' First Set of Interrogatories to Defendant Dexia Bank Belgium; Class Plaintiffs' Second Set of Interrogatories to Defendant Dexia Bank Belgium; Class Plaintiffs' Third Set of Interrogatories to Defendant Dexia Bank Belgium; Class Plaintiffs' Fourth Set of Interrogatories to Defendant Dexia Bank Belgium and Class Plaintiffs' Fifth Set of Interrogatories to Defendant Dexia Bank Belgium.

Dated: February 27, 2006

**BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO**

/s/ Patrick T. Egan
Patrick T. Egan, BBO # 637477
(pegan@bermanesq.com)
Glen DeValerio, BBO # 122010
Jeffrey C. Block, BBO # 600747
One Liberty Square
Boston, MA 02109
(617) 542-8300

**SHALOV STONE & BONNER LLP**
Patrick L. Rocco
Lee S. Shalov
James P. Bonner
485 Seventh Avenue, Suite 10000
New York, New York 10018
Telephone: (212) 239-4340

**CAULEY BOWMAN CARNEY**
 **& WILLIAMS PLLC**
Allen Carney
11001 Executive Center Drive, Suite 200
P.O. Box 25438
Little Rock, Arkansas 722125438
Telephone: (501) 312-8500

*Co-Lead Counsel to Lead Class Plaintiffs*
*Hans A. Quaak, Attilio Po, and Karl*
*Leibinger*

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

/s/  Steven B. Singer
Steven B. Singer
(steven@blbglaw.com)
Avi Josefson
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400

**LOONEY & GROSSMAN LLP**
Richard J. Grahn, BBO #206620
Charles P. Kindregan, BBO #554947
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2800

*Counsel to Plaintiffs Stonington Partners,*
*Inc., Stonington Capital Appreciation*
*1994 Fund L.P. and Stonington Holdings*
*L.L.C.*

**GREGORY P. JOSEPH LAW OFFICES LLC**

/s/  Susan M. Davies
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
Gregory P. Joseph, N.Y. Atty Reg. #1645852
805 Third Avenue, 31st Floor
New York, NY  10022
Telephone:  (212) 407-1200

**KOTIN, CRABTREE & STRONG**
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone:  (617) 227-7031

*Counsel to Plaintiffs Gary B. Filler and Lawrence Perlman, Trustees of the TRA Rights Trust*

**PARTRIDGE, ANKNER & HORSTMAN LLP**

/s/  Terence K. Ankner
Terence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone:  (617) 859-9999

**BOIES SCHILLER & FLEXNER**
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida  32801
Telephone:  (407) 425-7118

**REED SMITH LLP**
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone:  (215) 851-8100

*Counsel to Plaintiffs Janet Baker, James Baker, JKBaker LLC and JMBaker LLC*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Notice of Rule 30(b)(6) Deposition of Dexia Bank has been served via facsimile and U.S. Mail this 27th day of February, 2006, on the following:

Jeff E. Butler, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
Jeff.Butler@CliffordChance.com

Avi Josefson