# EXHIBIT E

**C L I F F O R D**
**C H A N C E**

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

Jeff E. Butler

DIRECT TEL 212-878-8205
DIRECT FAX 212-878-8375
jeff.butler@cliffordchance.com

May 18, 2006

VIA FACSIMILE

Susan M. Davies, Esq.
Gregory P. Joseph Law Offices LLC
805 Third Avenue, 31st Floor
New York, NY 10022

Re:   *Quaak v. Dexia Bank Belgium*
      *Stonington v. Dexia Bank Belgium*
      *Filler v. Dexia Bank Belgium*
      *Baker v. Dexia Bank Belgium*

Dear Susan:

This responds to your letter dated May 10, 2006, attaching a proposed Amended Notice of Rule 30(b)(6) Deposition directed at Dexia. As you know, Dexia has already been the subject of a Rule 30(b)(6) deposition in this litigation, and therefore permission from the Court is needed to serve a second Rule 30(b)(6) deposition. We have indicated, however, that Dexia may be willing to agree to one or more additional Rule 30(b)(6) depositions provided that the topics of those deposition are clear and reasonable.

The eight topics in the Amended Notice have been narrowed significantly from the fourteen topics in the original Notice. Nevertheless, many of the topics remain ambiguous, cumulative or otherwise unreasonable, and Dexia cannot agree to accept the Amended Notice as proposed. Each of the topics is discussed in more detail below. If Plaintiffs are willing to revise their topics in light of these comments, Dexia may be willing to allow one or more additional Rule 30(b)(6) depositions without any intervention from the Court. Given the crowded deposition schedule, however, it would not be possible to schedule such depositions before the current deadline of June 16, 2006.

1.   Reasons for Trading in L&H Securities

We do not object to this topic, and would be willing to designate one or more witnesses on this topic provided agreement can be reached on the other topics.

NYB 1529670.1

**CLIFFORD**
**CHANCE**                                                              CLIFFORD CHANCE US LLP

Susan M. Davies, Esq.                                                              Page 2
May 18, 2006

2. <u>Underwriting of Public or Private Offerings of L&H Securities</u>

It still is not clear what information Plaintiffs are seeking. If Plaintiffs are seeking particular information about a particular offering, then the topic should specify both the offering and the information sought. As written, this topic does not give Dexia enough notice of what questions might be asked relating to offerings of L&H securities.

3. <u>Relationship between Artesia Banking, Artesia Securities and Cordius</u>

This topic clearly relates to Class Plaintiffs' new claims relating to Artesia Securities, which are currently subject to the PSLRA stay. Moreover, this topic is too general to allow Dexia adequately to prepare a Rule 30(b)(6) witness. In particular, the phrases "exerted any control over" and "were common to or overlapped" are each ambiguous, and subject to many interpretations. Finally, the relationship between Artesia Banking and Cordius is not relevant to any claim asserted by Plaintiffs.

4. <u>Preparation of Analyst Reports by Artesia Securities and Cordius</u>

Once again, this topic relates to claims that are currently subject to the PSLRA stay. Also, this topic is overly general and ambiguous in several respects. The phrases "on any particular or security" and "the extent and nature of control over" stand out as particularly ambiguous. Finally, as noted above, Cordius is not relevant to any claim asserted by Plaintiffs.

5. <u>Policies and Practices Concerning Credit Default Swaps</u>

Plaintiffs have had numerous opportunities to question witnesses about policies and practices concerning credit default swaps, so this topic would be unreasonably cumulative.

6. <u>Due Diligence of Artesia Banking by Dexia Relating to L&H</u>

We do not object to this topic, and would be willing to designate one or more witnesses on this topic provided agreement can be reached on the other topics.

7. <u>Record Keeping Procedures and Records</u>

As written, this topic is too general and ambiguous to allow Dexia to prepare a Rule 30(b)(6) witness. Moreover, Plaintiffs have had ample opportunity to question individual witnesses about their record keeping procedures and records, so this topic would be unreasonably cumulative.

NYB 1529670.1

**CLIFFORD CHANCE**                                                    CLIFFORD CHANCE US LLP

Susan M. Davies, Esq.                                                              Page 3
May 18, 2006

8.  Dexia's Statute of Limitations Defense

This is not a proper topic for a Rule 30(b)(6) deposition. The information sought by this topic is plainly protected by the attorney client privilege and the work product doctrine. Moreover, Dexia has already responded to contention interrogatories relating to its statute of limitations defense.

Sincerely,

Jeff E. Butler

cc:  Patrick T. Egan, Esq.
     Patrick Rocco, Esq.
     Steven B. Singer, Esq.
     Karen Dyer, Esq.
     Alan Cotler, Esq.
     Peter M. Saparoff, Esq.

NYB 1529670.1