**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendant. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10477 (PBS) |

| |
|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC, |
| Plaintiffs, |
| v. |
| DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA), |
| Defendants. |

No.: 04-CV-10501 (PBS)

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEXIA'S MOTION TO SUSPEND SCHEDULING ORDER DEADLINES PENDING RESOLUTION OF DEXIA'S MOTION TO DISMISS AND VARIOUS DISCOVERY MOTIONS**

All Plaintiffs in the above-captioned actions submit this Memorandum of Law in Opposition to Dexia Bank Belgium's Motion to Suspend Scheduling Order Deadlines Pending Resolution of Dexia's Motion to Dismiss and Various Discovery Motions.

Dexia's proposal to suspend all deadlines under the current scheduling order is unprecedented and violative of Federal Rule of Civil Procedure 16, which mandates a scheduling order that limits the time to complete discovery. Fed. R. Civ. P. 16(b)(3). For this reason, Dexia's proposal must be rejected out of hand. Nor should this Court contemplate extending the current fact discovery deadline of June 16, 2006. Dexia's moving papers have failed to demonstrate good cause for a general extension of the deadline for completing fact discovery. *See* Fed. R. Civ. P. 16(b); D. Mass. L.R. 16.1(g). At this juncture, prior to the resolution of the pending discovery motions, Plaintiffs do not believe such an extension is necessary or desirable. To the contrary, this case is almost three years old and scheduled for a Final Pre-Trial conference in January 2007. Plaintiffs will be ready for trial in early 2007 and see no reason to delay final resolution of these litigations.

2

# I.  ARGUMENT

## A.  DEXIA'S MOTION MUST BE CONSIDERED IN LIGHT OF DEXIA'S REPEATED REFUSALS AND FAILURES TO PROVIDE DISCOVERY

The current fact discovery deadline is Friday, June 16, 2006.  Plaintiffs have been diligently prosecuting this case with the intent of completing all fact discovery by that deadline.  Nevertheless, Dexia has repeatedly stonewalled Plaintiffs in their efforts to obtain basic discovery from Dexia.  For example, Dexia initially represented that it would substantially complete its document production by the end of August 2005.  In reality, as of August 1, 2005, Dexia had produced a mere 8,690 documents to Plaintiffs, or roughly 6% of its total production to date.  In fact, Dexia did not produce the vast majority of its documents until late 2005, and it continues to produce documents to this day, most of which are in foreign languages and, therefore, require translation.  Dexia's production has also been woefully deficient.  It has refused to produce scores of relevant documents including material from back up tapes of Dexia's predecessors' computer systems from 1998-1999 – the heart of the Class Period.  Dexia has also refused to provide anything approaching full discovery about the glowing coverage of L&H during the Class Period by the analysts of Dexia's subsidiary, Dexia Securities, S.A. (formerly Artesia Securities).

Not content with its dilatory document discovery tactics, Dexia has taken a Goldilocks position regarding which of its personnel it will make available pursuant to a Rule 30 Notice of Deposition.  On the one hand, Dexia has refused to produce eight employees who played direct and crucial roles in the transactions at issue, on the basis that these individual were too junior to qualify them to testify as Dexia's managing agents.  On the other hand, Dexia has recently refused to produce two other employees on the basis that these individuals are too senior for their time to be wasted at depositions.  Conveniently for Dexia, it seems that the only deponents who

3

are "just right" are employees it selects. While such shenanigans should never be tolerated, the offense is aggravated here because Dexia's witnesses are all located in Belgium. Absent their production pursuant to a Rule 30 Notice of Deposition, Plaintiffs will be denied the opportunity to directly question these witnesses, seriously compromising Plaintiffs' discovery efforts. To further delay these proceedings, Dexia has also refused to produce a Rule 30(b)(6) witness on topics that are clearly relevant and about which there has been inadequate testimony from the Dexia employees that Dexia has deigned to make available for deposition.

This stonewalling by Dexia has resulted in several of the various pending motions that are scheduled for hearing on June 2, 2006. Having worked diligently to delay the discovery process, and the ultimate resolution of these litigations, Dexia now argues for an unprecedented suspension of *all* pre-trial deadlines pending resolution of Dexia's motion to dismiss the Class Plaintiffs' Third Amended Complaint ("TAC") and the various discovery motions pending. Such an open-ended suspension is entirely unwarranted.

**B.    THE CLASS PLAINTIFFS' THIRD AMENDED COMPLAINT
       DOES NOT JUSTIFY EXTENDING THE CURRENT DISCOVERY DEADLINE**

Dexia's primary argument – that discovery should be suspended until Judge Saris rules on Dexia's pending motion to dismiss the TAC – is a complete red herring. As previously argued in Plaintiffs' May 12, 2006 Memorandum In Support of Their Motion To Compel Documents Defendant Claims Are Subject To PSLRA Discovery Stay And To Prevent Defendants From Unilaterally Delaying Trial Date, which is hereby incorporated by reference, resolution of the pending motion to dismiss the TAC will have *no effect* on the proper scope of discovery in this matter. The TAC simply expands upon Class Plaintiffs' Second Amended Complaint to include allegations that Dexia's predecessor Artesia Banking Corporation S.A. ("Artesia Banking"), and Artesia Securities, S.A. ("Artesia Securities"), violated §10(b) of the

4

Securities Exchange Act of 1934 by issuing materially false and misleading analyst reports concerning L&H.  Further, the TAC alleges that, at the same time, Artesia was selling millions of dollars of L&H stock at a profit to the unsuspecting public.  Discovery on these topics is relevant under either the Second or Third Amended Complaint because it goes directly to Artesia's scienter at the time it engaged in the L&H fraud.  Because this evidence will be critical to Plaintiffs' case, irrespective of the outcome of Dexia's motion to dismiss, there is no reason to delay this discovery.

For the same reasons, Dexia's argument that an extension is warranted to allow it to take discovery on these "new" claims if they are sustained must be rejected.  Nothing has prevented Dexia from timely serving interrogatories, third party subpoenas or other discovery concerning these topics.  The TAC was filed over two months ago.  The fact that Dexia chose not to propound *any* discovery on these topics is not a legitimate basis for an open-ended suspension of all pre-trial deadlines.  Furthermore, Dexia's contention that it may require additional discovery concerning *its own* issuance of fraudulent analyst reports and insider trading is dubious at best.

Moreover, Dexia's possible desire to retain an expert to opine on any sustained claims does not support an open-ended suspension of all deadlines.  Under the Amended Scheduling Order, the parties were required to "identify the experts on whom it intends to rely concerning any matter for which that party bears the burden of proof" by May 15, 2000.  In compliance with said Order, on May 15, Plaintiffs disclosed their experts, including a banking expert who would opine, in part, on the relationship between commercial banking and research analyst operations.[1]  Dexia is now obligated to designate any rebuttal expert by May 30.[2]  Dexia has not set forth any

---

[1] On that same date, Dexia also identified four potential experts.

[2] The Scheduling Order calls for disclosure of rebuttal experts by May 29, which is the Memorial Day holiday.  Accordingly, rebuttal expert disclosure is due on May 30.

5

reasons why it cannot comply with that deadline.

Dexia's claim that any determination on its motion to dismiss will have bearing on the Class Plaintiffs' intended motion for class certification is purely illusory. The TAC does not alter the class period, put forth additional representatives or in any way call into question the adequacy or typicality of the previously-certified,[3] proposed representatives or their ability to fairly and adequately protect the interest of the class. Rather, both the Second Amended Complaint and the TAC set forth a classic "fraud on the market" case, under which the named Class Plaintiffs, together with the thousands of absent members of the Class, allege that they suffered damages by purchasing L&H securities at inflated prices only to see the value of those securities plunge as the truth of the L&H fraud was revealed. Under both complaints there can be no question that the claims or defenses of the representatives are typical of claims or defenses of the class as a whole and that the common questions of law or fact predominate. Accordingly, the filing of the TAC provides no reason to delay class certification briefing.[4]

---

[3] On December 16, 2004, Judge Saris certified the named class plaintiffs as representatives of the class in *In re L&H Securities Litigation*, 00-11589.

[4] Of course, this is hardly the first case in which a motion to dismiss has been pending at the time a scheduling deadline was reached. Indeed, parties regularly comply with scheduling orders despite the possibility that a court may alter the claims to be tried through a decision on a dispositive motion or otherwise.

C.  **THE PENDING DISCOVERY MOTIONS MAY WARRANT ONLY A CARVE-OUT FROM THE CURRENT DISCOVERY DEADLINES**

While there is no basis for generally extending the discovery deadlines here, should the Court grant Plaintiffs' pending motions to compel the additional discovery that Dexia has unreasonably withheld, this Court should then "carve out" from the current June 16, 2006 fact discovery deadline any discovery ordered by the Court in connection with those, or other pending motions. Plaintiffs respectfully submit that any such "carve out", if ordered, should be limited to:

a. Extending the fact discovery cut-off date by no more than sixty (60) days only for completion of any discovery ordered by the Court; and

b. Extending the deadlines for expert reports and discovery by forty-five (45) days.

Plaintiffs' submit that such a limited extension would permit additional time for the Court to consider the pending motions, but also preserve the current deadlines for class certification and summary judgment. At the same time, Plaintiffs' proposal to extend expert discovery would relieve Dexia's counsel of its concern about engaging in merits and expert discovery simultaneously. Most importantly, this Court would ensure that the needs of the parties and the Court are met, while allowing the long-scheduled January 2007 Final Pre-Trial Conference to remain intact.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Dexia's motion for an open-ended suspension of the entire pre-trial schedule.

Dated: May 26, 2006                     **BERMAN DEVALERIO PEASE**
                                        **TABACCO BURT & PUCILLO**

                                            /s/ Patrick T. Egan
                                        Glen DeValerio, BBO # 122010
                                        Patrick T. Egan, BBO # 637477
                                        (pegan@bermanesq.com)
                                        One Liberty Square
                                        Boston, MA 02109
                                        Telephone: (617) 542-8300

                                        **SHALOV STONE & BONNER LLP**
                                        James P. Bonner
                                        Patrick L. Rocco
                                        485 Seventh Avenue, Suite 10000
                                        New York, New York 10018
                                        Telephone: (212) 239-4340

                                        **CAULEY BOWMAN CARNEY & WILLIAMS PLLC**
                                        Allen Carney
                                        11001 Executive Center Drive, Suite 200
                                        Little Rock, Arkansas 72212
                                        Telephone: (501) 312-8500

                                        *Co-lead Counsel to Class Plaintiffs*
                                        *Hans A. Quaak, Karl Leibinger and Attilio Po*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

<u>/s/ Avi Josefson</u>
Max W. Berger
Steven B. Singer
Avi Josefson
(avi@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400

**LOONEY & GROSSMAN LLP**
Richard J. Grahn, BBO #206620
Charles P. Kindregan, BBO #554947
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2800

*Counsel to Plaintiffs Stonington Partners, Inc., Stonington Capital Appreciation 1994 Fund L.P. and Stonington Holdings L.L.C.*

**GREGORY P. JOSEPH LAW OFFICES LLC**

<u>       /s/ Susan M. Davies       </u>
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
805 Third Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 407-1200

**KOTIN, CRABTREE & STRONG**
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone: (617) 227-7031

*Counsel to Plaintiffs Gary B. Filler and Lawrence Perlman, Trustees of the TRA Rrights Trust*

**PARTRIDGE, ANKNER & HORSTMAN LLP**


      /s/ Terence K. Ankner
Terence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone:  (617) 859-9999

**BOIES SCHILLER & FLEXNER**
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida  32801
Telephone:  (407) 425-7118

**REED SMITH LLP**
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone:  (215) 851-8100

*Counsel to Plaintiffs Janet Baker, James Baker, JKBaker LLC and JMBbaker LLC.*