# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO<br>And KARL LEIBINGER, on behalf of<br>themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA BANK BELGIUM<br>(formerly known as ARTESIA BANKING<br>CORP., SA),<br><br>    Defendants. | Civil Action No.: 03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware<br>Corporation, STONINGTON CAPITAL<br>APPRECIATION 1994 FUND L.P., a Delaware<br>Partnership and STONINGTON HOLDINGS,<br>L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM<br>(formerly known as ARTESIA BANKING<br>CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE<br>PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM<br>(formerly known as ARTESIA BANKING<br>CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10477 (PBS) |

JANET BAKER and JAMES BAKER,
JKBAKER LLC and JMBAKER LLC,

     Plaintiffs,

     v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),

     Defendants.

Civil Action No.:  04-10501 (PBS)

## DECLARATION OF MARYANA A. KODNER

I, Maryana A. Kodner, declare and state as follows:

1.  I am an attorney associated with Clifford Chance US LLP and admitted *pro hac vice* to practice before this Court.  I am fully familiar with the facts set forth herein.  I submit this declaration in support of Dexia Bank Belgium's Opposition to Plaintiffs' Motion to Compel Dexia Bank Belgium to Respond to Plaintiffs' First Request for Admissions and Supplemental Interrogatories.

2.  Plaintiffs have served six sets of interrogatories on Dexia Bank Belgium ("Dexia"). Although these interrogatories contain the caption of only the *Quaak* class action, the Court has ordered discovery to be coordinated among the four separate actions in this litigation, and the parties have consistently behaved as if those interrogatories were served on behalf of all four sets of Plaintiffs.

3.  The first five sets of interrogatories consist of 11 numbered interrogatories with 121 separately numbered subparts.  Dexia has provided more than 75 pages of detailed, substantive responses to these interrogatories.

2

NYA 795379.1

4.  On May 16, 2006, Plaintiffs served Dexia with a sixth set of interrogatories, containing 11 numbered interrogatories and at least 44 discrete subparts.  Dexia objected to these interrogatories because Plaintiffs had not sought leave of the Court to exceed the limit set forth in Rule 33 of the Federal Rules of Civil Procedure.  Dexia has offered to provide substantive responses to many of these interrogatories, but the parties have not yet reached agreement on the scope of Dexia's responses.

5.  Attached hereto as Exhibit A is a true and correct copy of Class Plaintiffs' First Set of Interrogatories to Defendant Dexia Bank Belgium dated May 19, 2005.

6.  Attached hereto as Exhibit B is a true and correct copy of Class Plaintiffs' Second Set of Interrogatories to Defendant Dexia Bank Belgium dated September 15, 2005.

7.  Attached hereto as Exhibit C is a true and correct copy of Class Plaintiffs' Third Set of Interrogatories to Defendant Dexia Bank Belgium dated December 5, 2005.

8.  Attached hereto as Exhibit D is a true and correct copy of Class Plaintiffs' Fourth Set of Interrogatories to Defendant Dexia Bank Belgium dated January 9, 2006.

9.  Attached hereto as Exhibit E is a true and correct copy of Class Plaintiffs' Fifth Set of Interrogatories to Defendant Dexia Bank Belgium dated February 10, 2006.

10. Attached hereto as Exhibit F is a true and correct copy of Class Plaintiffs' Sixth Set of Interrogatories to Defendant Dexia Bank Belgium dated May 15, 2006.

11. Attached hereto as Exhibit G is a true and correct copy of a letter from George Coe to Jeff Butler dated June 8, 2006.

NYA 795379.1

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge.

Dated: New York, New York
        July 28, 2006

_____
Maryana A. Kodner

NYA 795379.1

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>     Defendants | Civil Action No.:  03-11566 (PBS) |

### CLASS PLAINTIFFS' FIRST SET OF INTERROGATORIES
### TO DEFENDANT DEXIA BANK BELGIUM

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.1, 26.5 and 33.1 of the District of Massachusetts Local Rules, Class Plaintiffs hereby propound the following interrogatories (the "Interrogatories") upon Dexia Bank Belgium ("Dexia").

### DEFINITIONS AND INSTRUCTIONS

All definitions and rules of instructions set forth in Local Rules 26.5 and 33.1 shall apply to all interrogatories herein, as well as the following additional definitions and instructions:

1.    "Identify" (With Respect To Documents) means to give, to the extent known, the

    (a) type of document;

    (b) general subject matter;

    (c) date of the document; and

    (d) author(s), addressee(s), and recipients(s).

2.    "Identify" (With Respect To Persons) means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural persons, the present or last known place of employment.

3.    "Person" means as any natural person or any business, legal, or governmental entity or association.

4.    "Dexia" means Dexia Bank Belgium and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors (including, without limitation Artesia Banking Corp., SA and any of its branches, divisions, subsidiaries, affiliates and predecessors), its parent corporation Dexia, S.A., and the current and former officers, directors, employees, servants, and agents of any of the foregoing entities.

5.    The following rules of construction apply to the interrogatories set forth here:

    (a) All/Each.  The terms "all" and "each" shall be construed as all and each.

    (b) And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside of its scope.

    (c) Number.  The use of the singular form of any word includes the plural and vice versa.

6.    If the attorney-client privilege, attorney work product doctrine or any other privilege or immunity from discovery is claimed as to any response called for by these Interrogatories, you are requested to provide the information required by Fed R. Civ. P. 26(b)(5).

7.    Pursuant to Fed R. Civ. P. 26(e), these Interrogatories are to be regarded as continuing in nature.  You are therefore requested to provide, by way of supplemental answers or

amendments thereto, such additional information as you, or any person on your behalf, may hereinafter obtain that will augment or modify the answers now given.

8.    If, after the exercise of due diligence to secure all responsive information, you cannot answer an interrogatory in whole or in part, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion and detail what you did to attempt to secure the unknown additional information.

## RELEVANT TIME PERIOD

Unless otherwise stated in a specific request, these requests seek documents that were dated, prepared, generated or received during the period January 1, 1996, through and including the present (the "Relevant Time Period") or that refer or relate to all or any portion of the Relevant Period, or to events or circumstances during any such period, even though dated, prepared, generated or received prior to or after that period.

## INTERROGATORIES

Interrogatory No. 1: Identify each of the following persons and state any position(s) each person held at Dexia during the Relevant Time Period, including titles, divisions, office location and years of employment, as well as if such person is currently, or was at any time during the Relevant Period, a director, officer or managing agent of Dexia:

(a)    Peter Rabaey;

(b)    Geert Dauwe;

(c)    Bart Ferrand;

(d)    Piet Cordonnier;

(e)    J.P. Cloes;

(f)    F. Dankelman;

(g)    K. Claessens;

(h)    Bernard Mommens;

(i)    Dirk Cools;

(j)    Etien Van Coillie;

(k)    Filip De Clerck;

(l)    F. De Gendt;

(m)    C. Seghers;

(n)    Patrick Faict;

(o)    Gerry Millants;

(p)    B. Lamiroy;

(q)    S. Vander Elst

(r)    M. Coolen;

(s)    G. Goffaux,

(t)    Th. De Schaepdrijver;

(u)    M. Legein;

(v)    J.-B. Dubois;

(w)    J.L. Devogele;

(x)    Chr. Giovognoli;

(y)    S. Tritz;

(z)    K. Van Riet;

(aa)    L. Myny;

(bb)    P. Van Tiggel;

(cc)  D. de Coninck;

(dd)  H. Wynants;

(ee)  Chr. Vermeylen;

(ff)  Claude Piret;

(gg)  Rene Avonts;

(hh)  Stefaan Decraene;

(ii)  Jacques Janssens;

(jj)  Alain Probst;

(kk)  Francois Saverys;

(ll)  Philippe Steverlynck;

(mm)  Jan Van der Ven;

(nn)  Frans Van Deun;

(oo)  Nadia Van Hove; and

(pp)  Antoone Baert.

Interrogatory No. 2:  Identify all members of the board of directors of Artesia Banking

Corporation, S.A. during the Relevant Time Period, including the dates of service for each board

member.

Interrogatory No. 3:    For each of the persons listed in Interrogatory No. 1 and/or

identified in your response to Interrogatory No. 2 who does not currently hold a position at

Dexia, state (a) the date of termination, (b) the reason for termination, and (c) the last known

business and home address.

Interrogatory No. 4:  For each of the persons listed in Interrogatory No. 1 whom your

response states is not currently, and was not at any time during the Relevant Time Period, a

director, officer, or managing agent of Dexia, for each title held during the Relevant Time Period

(a) describe in detail the person's job responsibilities, including the nature of corporate matters

over which the person exercised discretion or judgment, (b) identify by name and title all persons

reporting to the person, (c) identify by name and title all individuals to whom the individual

reported, and (d) state whether the person has been requested to make himself or herself

available for deposition in this action, and the person's response to any such request.

Dated: May 19, 2005                    Respectfully submitted,

                                       **BERMAN DeVALERIO PEASE**
                                       **TABACCO BURT & PUCILLO**

                                       *Patrick J. Egan*

                                       Glen DeValerio, BBO # 122010
                                       Jeffrey C. Block, BBO # 600747
                                       Patrick T. Egan, BBO # 637477
                                       One Liberty Square
                                       Boston, MA 02109
                                       (617) 542-8300

                                       **SHALOV STONE & BONNER LLP**
                                       Lee S. Shalov
                                       James P. Bonner
                                       Patrick L. Rocco
                                       485 Seventh Avenue, Suite 1000
                                       New York, New York 10018
                                       (212) 239-4340

                                       **CAULEY BOWMAN CARNEY & WILLIAMS**
                                       Curtis L. Bowman
                                       Allen Carney
                                       11001 Executive Center Drive
                                       Suite 200
                                       P.O. Box 25438
                                       Little Rock, Arkansas 72221-5438
                                       (501) 312-8500

                                       **CLASS PLAINTIFFS' LEAD COUNSEL**

CERTIFICATE OF SERVICE
I hereby certify that a true copy
of the above document was served
upon the attorney of record for each
other party by mail (by hand) on 5-19-05

and fax

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants | Civil Action No.:  03-11566 (PBS) |

## CLASS PLAINTIFFS' SECOND SET OF INTERROGATORIES
## TO DEFENDANT DEXIA BANK BELGIUM

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.1, 26.5 and 33.1 of the District of Massachusetts Local Rules, Class Plaintiffs hereby propound the following interrogatories (the "Interrogatories") upon Dexia Bank Belgium ("Dexia").

### DEFINITIONS AND INSTRUCTIONS

All definitions and rules of instructions set forth in Local Rules 26.5 and 33.1 shall apply to all interrogatories herein, as well as the following additional definitions and instructions:

1.    "Identify" (With Respect To Documents) means to give, to the extent known, the

    (a) type of document;

    (b) general subject matter;

    (c) date of the document; and

    (d) author(s), addressee(s), and recipients(s).

2.    "Identify" (With Respect To Persons) means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural persons, the present or last known place of employment.

3.    "Person" means as any natural person or any business, legal, or governmental entity or association.

4.    "Dexia" or "you" means Dexia Bank Belgium and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors (including, without limitation Artesia Banking Corp., SA and any of its branches, divisions, subsidiaries, affiliates and predecessors), its parent corporation Dexia, S.A., and the current and former officers, directors, employees, servants, and agents of any of the foregoing entities.

5.    The following rules of construction apply to the interrogatories set forth here:

(a) All/Each.  The terms "all" and "each" shall be construed as all and each.

(b) And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside of its scope.

(c) Number.  The use of the singular form of any word includes the plural and vice versa.

6.    If the attorney-client privilege, attorney work product doctrine or any other privilege or immunity from discovery is claimed as to any response called for by these Interrogatories, you are requested to provide the information required by Fed R. Civ. P. 26(b)(5).

7.    Pursuant to Fed R. Civ. P. 26(e), these Interrogatories are to be regarded as continuing in nature.  You are therefore requested to provide, by way of supplemental answers or

amendments thereto, such additional information as you, or any person on your behalf, may hereinafter obtain that will augment or modify the answers now given.

8.     If, after the exercise of due diligence to secure all responsive information, you cannot answer an interrogatory in whole or in part, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion and detail what you did to attempt to secure the unknown additional information.

## RELEVANT TIME PERIOD

Unless otherwise stated in a specific request, these Interrogatories seek information during the period January 1, 1996, through and including the present (the "Relevant Time Period") or that refers or relates to all or any portion of the Relevant Period, or to events or circumstances during any such period, even though generated or received prior to or after that period.

## INTERROGATORIES

Interrogatory No. 5: Identify each of the following persons and state any position(s) each person held at Dexia during the Relevant Time Period, including titles, divisions, office location and years of employment, as well as if such person is currently, or was at any time during the Relevant Period, a director, officer or managing agent of Dexia:

(a)     Paul Bernard;

(b)     Alexis Bogaert;

(c)     Dirk Bruneel;

(d)     Linda Claerhout;

(e)     Fernand Cloet;

(f)     Ivan De Coen;

(g)    Geert Costers;

(h)    Luc Coppenolle;

(i)    Christian Decaux;

(j)    Catherine De Coutere;

(k)    Eric De Gyns;

(l)    Dirk De Keuster;

(m)    Carl Esprit;

(n)    Renaud Greindl;

(o)    Lieven Gryp;

(p)    Luc Libbrecht;

(q)    Chris Lonneville;

(r)    Patrick Minjauw;

(s)    Willy Mollaert;

(t)    Marc Ronvaux;

(u)    Patrick Taghon;

(v)    Johan Valcke;

(w)    Willy Van Cauwelaert;

(x)    Joris Van Helleputte;

(y)    Walter Vanderbeken;

(z)    Paul Vanderlinden; and

(aa)    Dirk Vervaeke.

<u>Interrogatory No. 6:</u>    For each of the persons listed in Interrogatory No. 5 who does not currently hold a position at Dexia, state (a) the date of termination, (b) the reason for termination, and (c) the last known business and home address.

Interrogatory No. 7: For each of the persons listed in Interrogatory No. 5 whom your response states is not currently, and was not for any time during the Relevant Time Period, a director, officer, or managing agent of Dexia, for each title held during the Relevant Time Period (a) describe in detail the person's job responsibilities, including the nature of corporate matters over which the person exercised discretion or judgment, (b) identify by name and title all persons reporting to the person, and (c) identify by name and title all individuals to whom the individual reported.

Interrogatory No. 8:  State the following:

(a)      the earliest point in time (*i.e.*, the date) at which a reasonably diligent investor who had purchased Lernout & Hauspie Speech Products, N.V. stock during August 19, 1998 through November 9, 2000 could or should have discovered facts sufficient under applicable law and rules to support the assertion of a good faith claim against Dexia for violation(s) of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, in connection with L&H's improper revenue recognition, and state with particularity each such fact;

(b)      the date(s) a reasonably diligent investor could or should have discovered each such fact;

(c)      the reasons why a reasonably diligent investor could or should have discovered each such fact; and

(d)      any and all actions, and the date(s) of such actions, that a reasonably diligent investor could or should have taken which would have led to the discovery of each such fact.

Dated: September 15, 2005

**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**

Glen DeValerio, BBO # 122010
Jeffrey C. Block, BBO # 600747
Patrick T. Egan, BBO # 637477
One Liberty Square
Boston, MA 02109
(617) 542-8300

**SHALOV STONE & BONNER LLP**
Lee S. Shalov
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 1000
New York, New York 10018
(212) 239-4340

**CAULEY BOWMAN CARNEY & WILLIAMS**
Allen Carney
11001 Executive Center Drive
Suite 200
P.O. Box 25438
Little Rock, Arkansas 72221-5438
(501) 312-8500

**CLASS PLAINTIFFS' LEAD COUNSEL**

**CERTIFICATE OF SERVICE**
I hereby certify that on _9/15/05_
a true copy of the above document was
served by mail/by hand upon the attorney + fax
of record for each other party per the
attached service list.

*QUAAK v. DEXIA BANK BELGIUM*
**SERVICE LIST**

1.     **Co-Lead Counsel for the Lead Plaintiffs**

Glen DeValerio
Jeffrey C. Block, Esq.
Patrick T. Egan, Esq.
**BERMAN, DEVALERIO PEASE**
       **TABACCO BURT & PUCILLO**
One Liberty Square
Boston, MA 02109
(617) 542-8300

J. Allen Carney, Esq.
**CAULEY BOWMAN CARNEY & WILLIAMS, PLLC**
11001 Executive Center Drive, Suite 200
PO Box 25438
Little Rock, AR 72221-5438
(501) 312-8505

James P. Bonner, Esq.
Patrick L. Rocco, Esq.
**SHALOV STONE & BONNER**
485 7th Avenue, Suite 1000
New York, New York 10018
(212) 239-4340

2.     **Counsel for Filler, et als**

Gregory P. Joseph, Esq.
Susan M. Davies, Esq.
**GREGORY P. JOSEPH LAW OFFICES, LLC**
805 Third Avenue
31st Floor
New York, NY  10022
(212) 407-1210

3.    **Counsel for Stonington Partners, et als**

Max W. Berger, Esq.
Steven B. Singer, Esq.
Javier Bleichmar, Esq.
**BERNSTEIN LITOWITZ, BERGER & GROSSMAN LLP**
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

4.    **Counsel for Baker, et als**

Karen C. Dyer, Esq.
George C. Coe, Esq.
**BOIES, SCHILLER & FLEXNER LLP**
255 S. Orange Avenue
Suite 905
Orlando, FL 32801-3456
(407) 425-7118

Alan K. Cotler, Esq.
Joan Yue, Esq.
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 10103-4301
(215) 851-8100

Terence K. Anker, Esq.
**LAW OFFICES OF PATRIDGE, AKNER
        & HORSTMANN LLP**
200 Berkely St., 16th Floor
Boston, MA 02116
617 859-9999

5.    **Counsel for Defendant Dexia Bank Belgium**

James B. Weidner, Esq.
Jeff E. Butler, Esq.
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Tel: 212-878-8205
Fax: 212-878-8375

Peter M. Saparoff, Esq.
**MINTZ LEVIN COHN FERRIS**
　**GLOVSKY AND POPEO, PC**
One Financial Center
Boston, MA 02111

EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

HANS A. QUAAK, ATTILIO PO
and KARL LEIBINGER, on behalf of
themselves and those similarly situated,

     Plaintiffs,

     v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),

     Defendants.

No.: 03-CV-11566 (PBS)

## CLASS PLAINTIFFS' THIRD SET OF INTERROGATORIES
## TO DEFENDANT DEXIA BANK BELGIUM

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.1, 26.5 and 33.1 of the District of Massachusetts Local Rules, Class Plaintiffs hereby propound the following interrogatories (the "Interrogatories") upon Dexia Bank Belgium ("Dexia").

### DEFINITIONS AND INSTRUCTIONS

All definitions and rules of instruction set forth in Local Rules 26.5 and 33.1 shall apply to all Interrogatories herein, as well as the following additional definitions and instructions:

1.     "Dexia" means Dexia Bank Belgium and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors (including, without limitation, Artesia Banking Corporation., SA and any of its branches, divisions, subsidiaries, affiliates and predecessors (including, without limitation, Paribas Banque Belgium and Bacob Bank C.V.)), its parent corporation Dexia, S.A., and the current and former officers, directors, employees, servants, and agents of any of the foregoing entities.

2.      The following rules of construction apply to the interrogatories set forth here:

    a.  All/Each.  The terms "all" and "each" shall be construed as all and each.

    b.  And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside of its scope.

    c.  Number.  The use of the singular form of any word includes the plural and vice versa.

3.      If the attorney-client privilege, attorney work product doctrine or any other privilege or immunity from discovery is claimed as to any response called for by these Interrogatories, you are requested to provide the information required by Fed. R. Civ. P. 26(b)(5).

4.      Pursuant to Fed. R. Civ. P. 26(e), these Interrogatories are to be regarded as continuing in nature.  You are therefore requested to provide, by way of supplemental answers or amendments thereto, such additional information as you, or any person on your behalf, may hereinafter obtain that will augment or modify the answers now given.

5.      If, after the exercise of due diligence to secure all responsive information, you cannot answer an interrogatory in whole or in part, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion and detail what you did to attempt to secure the unknown additional information.

## RELEVANT TIME PERIOD

Unless otherwise stated in a specific Interrogatory, the relevant time period is January 1, 1996, through and including the present.

## INTERROGATORIES

Interrogatory No. 9:

With regard to each of the following transactions, state: (i) the earliest point in time (*i.e.*, the date) at which a reasonably diligent investor who had purchased Lernout & Hauspie Speech Products, N.V. stock during the period August 19, 1998 through November 9, 2000 should have discovered facts sufficient under applicable law and rules to support the assertion in good faith of a claim against Dexia for violation(s) of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder; (ii) each and every such fact a reasonably diligent investor should have discovered; (iii) the date(s) a reasonably diligent investor should have discovered each such fact; (iv) the reasons why a reasonably diligent investor should have discovered each such fact; and (v) any and all actions, and the date(s) of such actions, that a reasonably diligent investor should have taken which would have led to the discovery of each such fact.

a. Dexia's provision of financing to Dictation Consortium N.V.;
b. Dexia's organization and management of a private placement of common stock of Vasco Data Security International, in or about March-April, 1999;
c. Dexia's provision of financing to Radial Belgium N.V.;
d. Dexia's provision of financing to Language Investment Co.; and
e. Dexia's provision of a personal line of credit to Jo Lernout, Pol Hauspie and Nico Willaert, on or about June 25, 1999.

Dated: December 5, 2005

BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO

Glen DeValerio, BBO # 122010
Jeffrey C. Block, BBO #600747
Patrick T. Egan, BBO # 637477
One Liberty Square
Boston, MA 02109
Telephone:  (617) 542-8300

CERTIFICATE OF SERVICE
I hereby certify that a true copy
of the above document was served
upon the attorney of record for each
other party by mail (by hand) on 12/5/05

3

SHALOV STONE & BONNER LLP
Lee S. Shalov
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 10000
New York, New York 10018
Telephone: (212) 239-4340

CAULEY BOWMAN CARNEY & WILLIAMS PLLC
Allen Carney
11001 Executive Center Drive, Suite 200
P.O. Box 25438
Little Rock, Arkansas 722125438
Telephone: (501) 312-8500

**CO-LEAD COUNSEL TO LEAD CLASS PLAINTIFFS
HANS A. QUAAK, ATTILIO PO
and KARL LEIBINGER**

EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

HANS A. QUAAK, ATTILIO PO
and KARL LEIBINGER, on behalf of
themselves and those similarly situated,

      Plaintiffs,

      v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),

      Defendants

Civil Action No.: 03-11566 (PBS)

## CLASS PLAINTIFFS' FOURTH SET OF INTERROGATORIES
## TO DEFENDANT DEXIA BANK BELGIUM

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.1, 26.5 and 33.1 of the District of Massachusetts Local Rules, Class Plaintiffs hereby propound the following interrogatories (the "Interrogatories") upon Dexia Bank Belgium ("Dexia").

## DEFINITIONS AND INSTRUCTIONS

All definitions and rules of instructions set forth in Local Rules 26.5 and 33.1 shall apply to all interrogatories herein, as well as the following additional definitions and instructions:

1.    "Dexia" means Dexia Bank Belgium and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors (including, without limitation Artesia Banking Corp., SA and any of its branches, divisions, subsidiaries, affiliates and predecessors (including, without limitation, Paribas Banque Belgium and Bacob Bank C.V.)), its parent corporation Dexia, S.A., and the current and former officers, directors, employees, servants, and agents of any of the foregoing entities.

2.    The following rules of construction apply to the interrogatories set forth here:

(a) All/Each.  The terms "all" and "each" shall be construed as all and each.

(b) And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside of its scope.

(c) Number.  The use of the singular form of any word includes the plural and vice versa.

3.    If the attorney-client privilege, attorney work product doctrine or any other privilege or immunity from discovery is claimed as to any response called for by these Interrogatories, you are requested to provide the information required by Fed R. Civ. P. 26(b)(5).

4.    Pursuant to Fed R. Civ. P. 26(e), these Interrogatories are to be regarded as continuing in nature.  You are therefore requested to provide, by way of supplemental answers or amendments thereto, such additional information as you, or any person on your behalf, may hereinafter obtain that will augment or modify the answers now given.

5.    If, after the exercise of due diligence to secure all responsive information, you cannot answer an interrogatory in whole or in part, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion and detail what you did to attempt to secure the unknown additional information.

# INTERROGATORIES

Interrogatory No. 10:  Identify by Bates number all documents produced by Dexia from files or storage areas (including, without limitation, electronic document storage such as floppy disks, computer hard drives, computer servers, and electronic mail boxes) created by or on behalf of, or at any time maintained in the possession, custody, or control of, each of the following persons:

  (a)  Rene Avonts;

  (b)  Jean Paul Cloes;

  (c)  Piet Cordonnier;

  (d)  Geert Dauwe;

  (e)  Catherine Decoutere;

  (f)  Ivan de Coen;

  (g)  Eric de Gyns;

  (h)  Patrick Faict;

  (i)  Bart Ferrand;

  (j)  Jacques Janssens;

  (k)  Claude Piret;

  (l)  Alain Probst;

  (m)  Bernard Mommens;

  (n)  Peter Rabaey;

  (o)  Francois Saverys;

  (p)  Philippe Steverlynck;

  (q)  Jan van Broeckhoven;

  (r)  Jan van der Ven;

  (s)  Joris van Helleputte;

  (t)  Karel van Riet; and

(u)    any other current or former employee of Dexia whose deposition is noticed by
Plaintiffs in this litigation, or ordered by the Court.

Dated: January 9, 2006                         Respectfully submitted,

**BERMAN DeVALERIO PEASE
TABACCO BURT & PUCILLO**

_____/s/ Patrick T. Egan_____
Patrick T. Egan, BBO # 637477
(pegan@bermanesq.com)
Glen DeValerio, BBO # 122010
Jeffrey C. Block, BBO # 600747
One Liberty Square
Boston, MA 02109
(617) 542-8300

**SHALOV STONE & BONNER LLP**
Lee S. Shalov
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 1000
New York, New York 10018
(212) 239-4340

**CAULEY BOWMAN CARNEY & WILLIAMS**
Curtis L. Bowman
Allen Carney
11001 Executive Center Drive
Suite 200
P.O. Box 25438
Little Rock, Arkansas 72221-5438
(501) 312-8500

**CLASS PLAINTIFFS' LEAD COUNSEL**

# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HANS A. QUAAK, ATTILIO PO
and KARL LEIBINGER, on behalf of
themselves and those similarly situated,

      Plaintiffs,

      v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),

      Defendants.

No.: 03-CV-11566 (PBS)

## CLASS PLAINTIFFS' FIFTH SET OF INTERROGATORIES TO DEFENDANT DEXIA BANK BELGIUM

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.1, 26.5 and 33.1 of the District of Massachusetts Local Rules, Class Plaintiffs hereby propound the following interrogatories (the "Interrogatories") upon Dexia Bank Belgium ("Dexia").

### DEFINITIONS AND INSTRUCTIONS

All definitions and rules of instruction set forth in Local Rules 26.5 and 33.1 shall apply to all Interrogatories herein, as well as the following additional definitions and instructions:

1.    "Dexia" means Dexia Bank Belgium and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors (including, without limitation, Artesia Banking Corporation., SA and any of its branches, divisions, subsidiaries, affiliates and predecessors (including, without limitation, Paribas Banque Belgium and Bacob Bank C.V.)), its parent corporation Dexia, S.A., and the current and/or former officers, directors, employees, servants, and agents of any of the foregoing entities.

2.    "L&H" means Lernout & Hauspie Speech Products, N.V. and includes any of its present or former branches, divisions, subsidiaries, affiliates, predecessors, and the current and/or former officers, directors, employees, servants, and agents of any of the foregoing entities.

3.    "Security" or "securities" has the meaning ascribed to it under the Securities Act of 1933 (including any equity, debt, investments, or contracts).

4.    The following rules of construction apply to the interrogatories set forth here:

    a.  All/Each.  The terms "all" and "each" shall be construed as all and each.

    b.  And/Or.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside of its scope.

    c.  Number.  The use of the singular form of any word includes the plural and vice versa.

5.    If the attorney-client privilege, attorney work product doctrine or any other privilege or immunity from discovery is claimed as to any response called for by these Interrogatories, you are requested to provide the information required by Fed. R. Civ. P. 26(b)(5).

6.    Pursuant to Fed. R. Civ. P. 26(e), these Interrogatories are to be regarded as continuing in nature.  You are therefore requested to provide, by way of supplemental answers or amendments thereto, such additional information as you, or any person on your behalf, may hereinafter obtain that will augment or modify the answers now given.

7.    If, after the exercise of due diligence to secure all responsive information, you cannot answer an interrogatory in whole or in part, answer to the extent possible, specify your

2

inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion and detail what you did to attempt to secure the unknown additional information.

## RELEVANT TIME PERIOD

The Relevant Time Period is January 1, 1996, through and including December 31, 2000.

## INTERROGATORIES

Interrogatory No. 11:

Identify all transactions in L&H securities made by Dexia during the Relevant Time Period, including, but not limited to, all purchases, acquisitions, and sales of L&H common stock, warrants, or debt. For each such transaction, provide: (a) the date of the transaction; (b) the type of security involved; (c) the amount of securities involved; (d) whether the particular security was bought, sold, or otherwise acquired or divested; (e) the price at which the security was bought, sold, or otherwise acquired or divested; (f) the identity of the parties to the transaction; and (g) the amount of proceeds received or capital expended.

Dated: February 10, 2005

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**

/s/  Patrick T. Egan
Patrick T. Egan, BBO # 637477
(pegan@bermanesq.com)
Glen DeValerio, BBO # 122010
Jeffrey C. Block, BBO # 600747
One Liberty Square
Boston, MA 02109
(617) 542-8300

3

**SHALOV STONE & BONNER LLP**
Lee S. Shalov
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 10000
New York, New York 10018
Telephone: (212) 239-4340

**CAULEY BOWMAN CARNEY
   & WILLIAMS PLLC**
Allen Carney
11001 Executive Center Drive, Suite 200
P.O. Box 25438
Little Rock, Arkansas 722125438
Telephone: (501) 312-8500

*Co-Lead Counsel to Lead Class Plaintiffs
Hans A. Quaak, Attil io Po, and Karl
Leibinger*

# EXHIBIT F

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

HANS A. QUAAK, ATTILIO PO
and KARL LEIBINGER, on behalf of
themselves and those similarly situated,

      Plaintiffs,

      v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),

      Defendants

Civil Action No.: 03-11566 (PBS)

### CLASS PLAINTIFFS' SIXTH SET OF INTERROGATORIES
### TO DEFENDANT DEXIA BANK BELGIUM

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.1, 26.5

and 33.1 of the District of Massachusetts Local Rules, Class Plaintiffs hereby propound the

following interrogatories (the "Interrogatories") upon Dexia Bank Belgium ("Dexia").

### DEFINITIONS AND INSTRUCTIONS

      All definitions and rules of instructions set forth in Local Rules 26.5 and 33.1 shall apply

to all interrogatories herein, as well as the following additional definitions and instructions:

      1.     "Identify" (With Respect To Documents) means to give the

            (i)  type of document;

            (ii) general subject matter;

            (iii)date of the document; and

            (iv)author(s), addressee(s), and recipients(s).

In addition, please provide the Bates-stamp number of the Document (s) to the extent it has one.

2.      "Identify" (With Respect To Persons) means to give the person's full name, present or last known address, and, when referring to a natural persons, the present or last known place of employment.

3.      "Identify" (With Respect To Communications) means to give for each communication, the

      (i) type of communication (i.e. – e-mail, telephone, letter, etc.);

      (ii) substance of such communication;

      (iii) date of such communication; and

      (iv) participants of such communications.

4.      "Person" means as any natural person or any business, legal, or governmental entity or association.

5.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6.      "Concerning" means referring to, describing, evidencing, or constituting.

7.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.  Fed. R. Civ. P. 34(a) defines "documents" as including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.

## OTHER DEFINITIONS AND ABBREVIATIONS

The following definitions apply to these interrogatories:

8.    "Artesia Banking" means Artesia Banking Corp., SA and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors, and the current and former officers, directors, employees, servants, and agents of any of the foregoing entities;

9.    "Artesia Securities" means Artesia Securities, SA and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors, and the current and former officers, directors, employees, servants, and agents of any of the foregoing entities;

10.    "BACOB" means Bacob Bank C.V. and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors, and the current and former officers, directors, employees, servants, and agents of any of the foregoing entities;

11.    "Belgian Prosecutor's Investigation" refers to the investigation being conducted by the Honorable Henri Heimans of the Ghent Court of Appeals in Belgium concerning L&H, Dexia and others, and includes the investigation of same by any of Judge Heimans's predecessors, successors, agents and/or representatives.

12.    "CLDCs" means "Cross-Language Development Company" and refers to any or all of the following entities that purported to do business with L&H: Lupeni Pte Ltd., Jelgava Pte Ltd., Harrisca Pte Ltd., Salfas Pte Ltd., Senegal Pte Ltd., Baleston Pie Ltd., or Duranzo Pie Ltd. and their predecessors, successors, parents, subsidiaries, divisions or affiliates, and their officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions;

13.    "Dexia" means Dexia Bank Belgium and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors (including, without limitation

Artesia Banking Corp., SA and any of its branches, divisions, subsidiaries, affiliates and
predecessors), and the current and former officers, directors, employees, servants, and agents of
any of the foregoing entities;

14.    "FLV Fund" means Flanders Language Valley Fund, c.v.a., including FLV Fund
Management and FLV Management USA and any branches, divisions, subsidiaries, officers,
directors, trustees, partners, members, employees, servants, and agents of any of these entities;

15.    "LDCs" means "Language Development Company" and refers to any or all of
thefollowing entities that purported to do business with L&H: the Bahassa Development
Company, the Slavic Development Company, the Farsi Development Company, the Greek
Development Company, the Hungarian Development Company, the Polish Development
Company, the Czech Development Company, the Thai Development Company, the Tamil
Development Company, the Hindi Development Company, the Turkish Development Company,
Shangra Pte Ltd. (Vietnamese), Vanesto Pte Ltd. (Urdu), Vaciena Pte Ltd. (Malay), Rodeon Pte
Ltd. (Taiwanese), Capital Union (Arabic and Arabic Dialects), or Lavenia (Armenian), including
any of their respective predecessors, successors, parents, subsidiaries, divisions or affiliates, and
their officers, directors, agents, attorneys, accountants, employees, partners, or other persons
occupying similar positions or performing similar functions;

16.    "L&H" means Lernout & Hauspie Speech Products, N.V. a Belgian corporation
that had  its European principal executive offices in Ieper, Belgium and its United States
principal executive offices in Burlington, Massachusetts, and includes any of its predecessors,
successors, parents, subsidiaries, divisions or affiliates (including, without limitation, L&H
Holdings, USA, Inc., Kurzweil, L&H Korea, Dictation Corporation and L&H Asia Pte), and
their officers, directors, agents, attorneys, accountants, employees, partners, or other persons

occupying similar positions or performing similar functions (including, without limitation, Jozef

Lernout, Pol Hauspie, Carl Dammekens, Nico Willaert, and Gaston Bastiaens);

17. "Paribas" means Banque Paribas Belgium and includes any of its present or

former branches, divisions, subsidiaries, affiliates and predecessors, and the current and former

officers, directors, employees, servants, and agents of any of the foregoing entities;

18. "PWC" means the accounting firm PriceWaterhouseCoopers and any of its

predecessors, successors, parents, subsidiaries, divisions or affiliates, and their officers, directors,

agents, attorneys, accountants, employees, partners, or other persons occupying similar positions

or performing similar functions.

19. "PWC Investigation" means any investigation, evaluation, audit or assessment of, or

any inquiry into, the financial condition or accounting or business practices of L&H or L&H

Korea that was conducted by PWC;

20. "SEC" means the United States Securities and Exchange Commission.

21. "KPMG" means KPMG International, the Swiss non-operating association of

which all KPMG firms are members, and any member firm of KPMG International, any

corporate affiliate, parent, or subsidiary of a member firm of KPMG International and any entity

licensed or otherwise authorized to perform auditing or accounting services under the name

"KPMG." This includes, but is not limited to, KPMG LLP, Klynveld Peat Marwick Goerdeler

Bedrijfsrevisoren, KPMG UK and each of their current and former partners, members,

employees, contract employees, servants, agents, and attorneys, and includes any consulting

business that they currently have, or had prior hereto, and all current and former partners,

members, employees, contract employees, servants, agents, and attorneys of such consulting

business.

## RULES OF CONSTRUCTION

The following rules of construction apply to the interrogatories set forth here:

22.     All/Each.  The terms "all" and "each" shall be construed as all and each.

23.     And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses that might otherwise be construed to be outside of its scope.

24.     Number.  The use of the singular form of any word includes the plural and vice versa.

25.     If the attorney-client privilege, attorney work product doctrine or any other privilege or immunity from discovery is claimed as to any response called for by these Interrogatories, you are requested to provide the information required by Fed R. Civ. P. 26(b)(5).

26.     Pursuant to Fed R. Civ. P. 26(e), these Interrogatories are to be regarded as continuing in nature.  You are therefore requested to provide, by way of supplemental answers or amendments thereto, such additional information as you, or any person on your behalf, may hereinafter obtain that will augment or modify the answers now given.

27.     If, after the exercise of due diligence to secure all responsive information, you cannot answer an interrogatory in whole or in part, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion and detail what you did to attempt to secure the unknown additional information.

## RELEVANT TIME PERIOD

Unless otherwise stated in a specific request, these Interrogatories seek information during the period January 1, 1996, through and including the present (the "Relevant Time Period") or that refers or relates to all or any portion of the Relevant Period, or to events or circumstances during any such period, even though generated or received prior to or after that period.

## INTERROGATORIES

**Interrogatory No. 12:** Identify any consideration given by Dexia to Jo Lernout, Pol Hauspie, or Nico Willaert in connection with any credit default swap, including the date and amount of each payment by Dexia, and indicate: (i) whether this consideration was paid by depositing the monies into accounts opened for or in the name of Messrs. Lernout, Hauspie or Willaert and, if so, the date(s) any such account was opened and who at Dexia directed these accounts to be opened; (ii) whether Dexia prepared or submitted any 281.50 forms reflecting such consideration; (iii) whether Messrs. Lernout, Hauspie or Willaert waived, repaid or otherwise forgave any consideration owed to them by Dexia in connection with any credit default swap and identify the form and manner of any such waiver/forbearance, including but not limited to any agreement(s) of waiver or "settlement" agreements entered between Dexia on the one hand and any one or more of Messrs. Lernout, Hauspie or Willaert on the other; and (iv) the reasons for such waiver, repayment or forbearance.

**Interrogatory No. 13:** Identify the total amount of consideration or financial incentive (including securities, which includes but is not limited to, stock, options or warrants to purchase stock, or any type of "equity kicker") received by Dexia from L&H or any officer or director of L&H for any services (including, but not limited to, the extension of credit or credit lines) performed by Dexia for or on behalf of each of the individuals or entities listed below:

Dictation Consortium, N.V.
Brussels Translation Group, N.V.
Radial Belgium, N.V.
Language Investment Company, N.V.
Language Development Fund
Document Management Partners
L&H
Lernout & Hauspie Investment Company
Lernout & Hauspie Holding Company, Inc.
FLV Fund
SAIL
Peer Van Driesten
Jo Lernout
Pol Hauspie
Nico Willaert
Gaston Bastiaens
Dictaphone Corp.

**Interrogatory No. 14:** For all loans provided to the following individuals or entities, please

provide (a) the amount of the loan, (b) the term of the loan (including any extensions), (c) the

interest rate and any other consideration, financial incentive or compensation provided for the

loan from any source, (d) any security or guarantee of repayment provided for the loan, (e) the

date of repayment of the loan or the amount currently owed to Dexia under the loan or which

was written off and (f) whether any such loans were either initially granted or the due date

extended pursuant to Dexia's emergency procedures and, if so, the nature of the emergency

warranting use of those procedures:

Dictation Consortium, N.V.
Brussels Translation Group, N.V.
Radial Belgium, N.V.
Language Investment Company, N.V.
Language Development Fund
Document Management Partners
L&H
Lernout & Hauspie Investment Company
Lernout & Hauspie Holding Company, Inc.
FLV Fund
SAIL
Peer Van Driesten

Jo Lernout
Pol Hauspie
Nico Willaert
Gaston Bastiaens
Dictaphone Corp.

**Interrogatory No. 15:** Any actual or proposed public offering of stock, public offering or sale of

bonds or similar type of public financing for L&H or concerning or relating to the sale of stock

of L&H which Dexia participated in as an underwriter, co-underwriter or investment broker or

dealer, including the date(s) and amount(s) of any such offering, the identity of any offering

circular(s) for such offering(s), and the type and amount of any compensation received by Dexia

due to its participation in such offering.

**Interrogatory No. 16:** Identify all consideration, including but in no way limited to any

monetary compensation, stock, or ownership interest, distributions, or assets of any type received

or obtained by Dexia in connection with, or as a result of, L&H's and/or Dictaphone Corp.'s

bankruptcy proceedings in the United States or L&H's concordat in Belgium.

**Interrogatory No. 17:** For each of the following documents (copies of which are attached

hereto), please identify the author(s), recipient(s), the date it was prepared, and the reason the

document was prepared as well as how it was or is being used by Dexia:

Van Riet Deposition Exhibit 6
Van Riet Deposition Exhibit 7
Van Riet Deposition Exhibit 12
Van Riet Deposition Exhibit 16 (also marked as Piret Ex 16)
Van Riet Deposition Exhibit 17
Van Riet Deposition Exhibit 45
Van Riet Deposition Exhibit 54

**Interrogatory No. 18:** Identify every credit default swap contemplated or entered into by and

between Dexia and any one or more of the following: L&H, Jo Lernout, Pol Hauspie, Nico

Willaert, Gaston Bastiens, and/or any other L&H officer or director.  For any such credit default

swap(s) state (i) whether and when it was entered into and, if not, the reason it was not entered into; (ii) the underlying loan(s) to which the credit default swap(s) corresponds; (iii) the effective date of the credit default swap(s) entered into; (iv) the amount of consideration to be paid pursuant to each credit default swap entered into, when and to whom and (iv) whether any consideration was paid and, if so, how much and when.

**Interrogatory No. 19:** Describe the scope and nature of any due diligence performed by Dexia leading up to and in contemplation of Dexia's acquisition of Artesia, including but not limited to whether Dexia knew about Artesia's acts which Plaintiffs in this case claim constitute federal securities fraud under sections 10(b) and 20(a) of the Securities Exchange Act, and Rule 10b-5 promulgated thereunder, prior to the time Dexia performed any such due diligence and, if so, how, when and what Dexia learned and/or whether Dexia learned about Artesia's acts which Plaintiffs in this case claim constitute federal securities fraud under sections 10(b) and 20(a) in the course of Dexia performing any such due diligence and, if so, how, when and what Dexia learned and, if not, why Dexia did not learn about Artesia's acts which Plaintiffs in this case claim constitute federal securities fraud under sections 10(b) and 20(a) in the course of performing due diligence for the acquisition of Artesia.

**Interrogatory No. 20:**    Identify all employees, agents, officers or directors of Artesia Banking Corporation, S.A. who provided any services to Artesia Securities S.A. or who otherwise functioned, as employees, agents, officers or directors of Artesia Securities, S.A. If any such person simultaneously held positions at Artesia Banking Corporation and Artesia Securities S.A., indicate all titles or positions held at, and functions performed for, both Artesia Banking Corporation, S.A. and Artesia Securities, S.A.

**Interrogatory No. 21:** Identify all communications between Dexia on the one hand and L&H on

the other hand concerning any loan or extension of credit to any of the following:

Lernout & Hauspie Investment Company
FLV Fund
SAIL
Dictation Consortium, N.V.
Brussels Translation Group, N.V.
Radial Belgium, N.V.
Language Investment Company N.V.
Language Development Fund
Jo Lernout
Pol Hauspie
Nico Willaert
Gaston Bastiaens.

**Interrogatory No. 22:** Identify each and every Communication between Dexia, on the one hand,

and KPMG or any employee, partner, agent, attorney, or representative of KPMG, on the other

hand, Concerning any of the following individuals or entities, and Identify each and every

document reflecting any such Communication with the following individuals or entities:

Dictation Consortium, N.V.
Brussels Translation Group, N.V.
Radial Belgium, N.V.
Language Investment Company, N.V.
Language Development Fund
Document Management Partners
L&H
Lernout & Hauspie Investment Company
Lernout & Hauspie Holding Company, Inc.
FLV Fund
SAIL
Peer Van Driesten
Jo Lernout
Pol Hauspie
Nico Willaert
Gaston Bastiaens
Dictaphone Corp.

Dated: May 15, 2006                     Respectfully submitted,


**BERMAN DeVALERIO PEASE
TABACCO BURT & PUCILLO**

_____/s/ Patrick T. Egan_____
Glen DeValerio, BBO # 122010
Jeffrey C. Block, BBO # 600747
Patrick T. Egan, BBO # 637477
(pegan@bermanesq.com)
One Liberty Square
Boston, MA 02109
(617) 542-8300

**SHALOV STONE & BONNER LLP**
Lee S. Shalov
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 1000
New York, New York 10018
(212) 239-4340

**CAULEY BOWMAN CARNEY & WILLIAMS**
Curtis L. Bowman
Allen Carney
11001 Executive Center Drive
Suite 200
P.O. Box 25438
Little Rock, Arkansas 72221-5438
(501) 312-8500

**CLASS PLAINTIFFS' LEAD COUNSEL**

# EXHIBIT G

# BOIES, SCHILLER & FLEXNER LLP

NEW YORK        WASHINGTON DC        FLORIDA        CALIFORNIA        NEW HAMPSHIRE

June 8, 2006

**VIA ELECTRONIC MAIL**

Jeff E. Butler, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY  10019-6131

Re:    Quaak v. Dexia, S.A., *No. 03-CV-11566-PBS*
       Stonington Partners, Inc. v. Dexia, S.A., *No. 04-CV-10411-PBS*
       Baker v. Dexia, S.A., *No. 04-CV-10501-PBS*
       Filler v. Dexia, S.A., *No. 04-CV-10477-PBS*

Dear Jeff:

    I write on behalf of all plaintiffs regarding the deficiencies in Dexia Bank
Belgium's Responses and Objections to Lead Plaintiffs' Fifth Set of Interrogatories
("Interrogatory No. 11") as well as Dexia's document production regarding Dexia's
trading in L&H securities.  Your response to Interrogatory No. 11 is inadequate on its
face because it states that the response is limited to those entities "most likely to have
traded in L&H securities."  This limitation is not only inconsistent with the definition of
Dexia provided in Interrogatory No. 11 but also in contravention of the uniform
definitions for discovery requests in the Local Rules at 26.5(c)(5) which expressly
provide references to a party include not only the party itself but also corporate parents,
subsidiaries and affiliates.  In addition, the response disclaims the accuracy of the
information provided for Artesia Securities stating that there are "discrepancies in the
data from Artesia Securities that Dexia cannot explain" yet fails to identify what those
discrepancies are.

    The specific information provided in response to Interrogatory No. 11 is also
insufficient or not fully responsive.  For Artesia Securities, Dexia provides two lists of
transactions which it states are from "independent and potentially overlapping source(s)."
With regard to options transactions Dexia did not provide all of the information required
by Interrogatory No. 11 including the strike price, the strike date and whether the option
was exercised.[1]  Additionally, the list of Listed Options appears to duplicate, in at least

---

[1] The prices provided for the options transactions are also confusing because in some
cases they include options allegedly priced up to $84.00.  For the options transactions
between February 24, 2000 through May 5, 2000 please confirm that the price listed in
your response is the price of the option contract and not the strike price of the option
itself.

BOIES,   SCHILLER  &  FLEXNER   LLP

some instances the list of OTC Options that follows.[2] Finally, the description concerning Discount Notes also fails to identify key pricing data, similar to the deficiencies noted with the options transactions. In addition, the Discount Notes section of the response does not provide sufficient information to define the type of security involved or the amount of securities involved

The objections you have stated to Interrogatory No. 11 are not well-founded. Specifically, you have objected based on over-breadth and undue burden to providing information regarding all present or former branches, divisions, subsidiaries, affiliates or predecessors, including from Bacob Bank prior to its merger with Artesia in 1999, from Artesia Securities as a whole and regarding "transactions solely for hedging purposes." Dexia may not arbitrarily limit the information it provides in response to interrogatories regarding its own trading activities in L&H's stock. Notwithstanding your objections, Dexia has provided some information regarding trading by Bacob and Artesia Securities. Please verify that no responsive information is being withheld based on these specific objections.

Dexia also objected to providing information regarding the counterparty to Dexia's transactions because "[i]n most cases, Dexia's transactions were conducted through brokers or market makers, and the identity of the actual counterparty was not known or recorded." This response concedes that for some transactions, Dexia is aware of the counterparty. Accordingly, this objection does not state a valid basis for Dexia to refuse to disclose counterparties whose identities are known to Dexia. Please provide that information immediately.

In addition, you objected to the phrase "proceeds received or capital expended" as ambiguous because it does not specify whether such information should be "net of commissions, custodian fees and other expenses." Your response further states that "where available," Dexia has provided the "gross funds received or expended." Despite this objection, your response provides no specification whether the individual transactions are reported on a gross or net basis. This interrogatory does not ask for this information on a net basis and there are no grounds for any alleged confusion regarding this portion of the response. To the extent any of the information in your response is provided on a net basis, please identify that information and provide the gross proceeds received or capital expended.

We have also reviewed documents Dexia has produced regarding certain transactions in L&H securities and this production appears to be incomplete as well. Document Request No. 29 requests all documents concerning the acquisition, sale, purchase, transfer or brokering of any L&H common stock or securities by Dexia. While Dexia's production appears to include both summary documents as well as individual trading records, it does not include nearly all of the transactions identified in your interrogatory response. Please confirm that Dexia has produced all documents related to its own trading in L&H securities. In addition, please confirm Dexia has

---

[2] *Cf.* listed option transaction on February 23, 2000 on each list.

produced the final copy and all drafts of the report entitled "Evolution of Share Portfolio 1998 – 2000" which appears in various forms at, *inter alia*, DBB082868 – 88; DBB144114 – 17; DBB144234 – 39; DBB133240 – 46; DBB144247 – 54 and DBB144255 – 60.

Given the deficiencies detailed above, and the fact that this information is solely in Dexia's possession we ask that you supplement or amend your response to provide the information sought by Interrogatory No. 11 and confirm that you have produced all documents responsive to Request for Production No. 29 or produce all responsive documents not previously produced by June 16, 2006. To the extent you refuse to supplement or amend your responses, this letter is our request for a discovery conference on or before June 16, 2006 pursuant to Local Rule 37.1

Sincerely,

George Coe

cc:    Patrick Rocco (procco@lawssb.com)
       Patrick Egan (pegan@bermanesq.com)
       Susan M. Davies (sdavies@josephnyc.com)
       Steven Singer (steven@blbglaw.com)
       Joan Yue (jyue@reedsmith.com)