**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　Defendants. | Civil Action No.:  03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　Defendants. | Civil Action No.:  04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　Defendants. | Civil Action No.:  04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10501 (PBS) |

# MEMORANDUM OF LAW IN SUPPORT OF DEXIA'S MOTION FOR A PROTECTIVE ORDER LIMITING THE DEPOSITIONS OF BART FERRAND AND PETER RABAEY TO TWO DAYS EACH

Peter M. Saparoff (BBO# 567379)
Breton Leone-Quick (BBO# 391000)
Eóin P. Beirne (BBO# 660885)
MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO
One Financial Center
Boston, MA 02111
Tel:   (617) 542-6000
Fax:   (617) 542-2241

James B. Weidner
Jeff E. Butler
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel:   (212) 878-8000
Fax:   (212) 878-8375

*Counsel for Dexia Bank Belgium*

Defendant Dexia Bank Belgium ("Dexia") submits this Memorandum of Law in support of its Motion for a Protective Order Limiting the Depositions of Bart Ferrand and Peter Rabaey to Two Days Each. In addition to this Memorandum, Dexia also submits the Declaration of Jeff E. Butler dated September 13, 2006 ("Butler Decl.").

**Preliminary Statement**

Following the Court's ruling on July 10, 2006, that depositions of Bart Ferrand and Peter Rabaey go forward, Dexia has offered to schedule two-day depositions for each of these witnesses. This is consistent with the original deposition notice served by Plaintiffs, which sought two days of testimony from each witness, and also with the established practice in this litigation, which has been that no deposition continues for more than two days. Dexia remains willing to schedule these witnesses for depositions of two days each.

Plaintiffs, however, now insist that they are entitled to four days of testimony from each of these witnesses. On September 6, 2006—two months after the Court's ruling—Plaintiffs served an amended deposition notice specifying four-day periods for each deposition. Plaintiffs have threatened to move to hold Dexia in contempt of the Court's July 10, 2006 order unless Dexia complies with the amended notice.

Plaintiffs have no right to notice depositions of four days, and the circumstances of this case do not warrant such lengthy depositions. *First*, the Federal Rules limit depositions to one day of seven hours, unless the parties agree or the Court orders otherwise. Plaintiffs have not sought permission from the Court to conduct depositions in excess of one day. *Second*, none of the previous depositions in this case have lasted for more than two days, including depositions in which virtually every question and answer was translated to or from Dutch or French. *Third*, the two witnesses in question, Mr. Ferrand and Mr. Rabaey, had no more involvement in the relevant

loan transactions than any other witness. There is no reason to single out these two individuals for extra-lengthy depositions. *Finally*, the extensive prior testimony of other Dexia witnesses in this litigation, as well as the detailed statements by these witnesses to the Belgian Federal Police, should enable Plaintiffs to take focused, efficient depositions of these witnesses. If anything, the depositions of these witnesses should be shorter than average, not longer.

For all of these reasons, Plaintiffs' demand for four days of testimony from each of these witnesses is unreasonable, and Dexia's motion to limit these depositions to two days each should be granted.

## Background

To date, Plaintiffs have taken the depositions of twelve Dexia witnesses in this litigation.[1] Although depositions are normally limited to one day, Dexia has allowed Plaintiffs two days to examine witnesses who are testifying primarily in Dutch or French. Dexia has not agreed to more than two days for any of the depositions, and Plaintiffs have never filed a motion seeking additional time with any witness.

At the beginning of the deposition period, Plaintiffs jointly served a deposition notice on Dexia seeking to schedule two-day depositions for, among others, Bart Ferrand and Peter Rabaey. (Butler Decl. Ex. A.) Dexia objected to the notice on the ground that Mr. Ferrand and Mr. Rabaey are not managing agents of Dexia subject to deposition on notice under Rule 30. Plaintiffs moved to compel the depositions on March 8, 2006, attaching their initial deposition notice to their motion papers. (*See* Declaration of Susan M. Davies dated November 4, 2005, filed under seal, Ex. B.)

---

[1] In addition, Dexia has scheduled Joris Van Helleputte for a one-day deposition on September 19, 2006, and Ivan De Coen for a two-day deposition on September 21-22, 2006. Dexia originally offered to schedule those depositions in August, but Plaintiffs asked Dexia to reschedule because they were having difficulty lining up an interpreter.

2

On July 10, 2006, Magistrate Judge Collings entered an order granting Plaintiffs' motion to compel as to Mr. Ferrand and Mr. Rabaey. Consistent with the original deposition notice, Dexia subsequently offered to schedule each of these witnesses for two-day depositions. Dexia first offered to schedule Mr. Ferrand's deposition for September 7-8, 2006. (Butler Decl. ¶ 5.) Plaintiffs, however, declined that proposal because no other witness was available to testify during the same week. (*Id.*) During a telephone conference on August 22, 2006, Dexia tentatively offered to schedule Mr. Rabaey for a two-day deposition on October 10-11, 2006, and Mr. Ferrand for a two-day deposition on October 12-13, 2006. (*See id.* ¶ 6.) Plaintiffs responded to this proposal by e-mail on September 1, 2006, stating:

> Plaintiffs are available the week of October 9 and will notice Messrs. Rabaey and Ferrand for the "tentative" dates you propose [] to preserve those dates. But, Plaintiffs also intend to file a motion with the Court seeking to extend the time for the depositions.

(*Id.* Ex. B.) Dexia responded to this e-mail the same day, stating that Dexia was not willing to schedule the two-day depositions if Plaintiffs were determined to file a motion to extend the depositions to four days each.

There were no further communications between the parties concerning these depositions until, on September 6, 2006, Plaintiffs served an amended deposition notice seeking a four-day deposition of Mr. Rabaey on October 10-13, 2006, and a four-day deposition of Mr. Ferrand on October 16-19, 2006.[2] (*Id.* Ex. C.) In a cover letter sent with the amended notice, Plaintiffs insisted that they have the right under Rule 30 to examine each witness for four days without seeking permission from the Court. (*See id.* Ex. D, at 2.) Indeed, in a reversal from their position in the September 1 e-mail quoted above, Plaintiffs stated: "we do not intend to file any

---

[2] Plaintiffs did not inquire into the availability of the witnesses on these dates. Mr. Rabaey has a conflict on October 13, 2006, and is not available to testify on that date in any event.

3

motion to extend the examination period because no such motion is necessary." (*Id.* at 1.) Plaintiffs' discussion of these depositions concluded with the following threat: "If you refuse to produce these witnesses on the dates noticed, or seek to terminate the depositions prematurely, we will move to hold Dexia in contempt of the Court's July 10, 2006 order and will seek all appropriate sanctions up to and including a default judgment." (*Id.* at 2.)

## Argument

**I.   THE DEPOSITIONS OF MR. FERRAND AND MR. RABAEY SHOULD BE LIMITED TO TWO DAYS EACH.**

Plaintiffs should not be allowed to examine Bart Ferrand and Peter Rabaey for more than two days each. Under the Federal Rules, depositions are limited to *one* day of seven hours unless the parties agree to a longer period or the Court authorizes a longer period. FED. R. CIV. P. 30(d)(2). The Advisory Committee Note for the 2000 Amendment that added this provision, describes the procedure as follows:

> The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.

Due to the need for translation, Dexia has previously agreed to allow Plaintiffs to conduct two-day depositions of some witnesses who, like Mr. Ferrand and Mr. Rabaey, speak primarily Dutch or French. Dexia has never agreed that a deposition may continue for more than two days, and Plaintiffs have not asked the Court for additional time to examine any witness. Because Dexia has not agreed to a longer period and Plaintiffs have not obtained authorization from the Court, the depositions of Mr. Ferrand and Mr. Rabaey should be limited to two days each.

Plaintiffs have argued that, because there are four separate sets of plaintiffs in this litigation, Rule 30(d)(2) allows them to examine each witness for four days without court authorization. Plaintiffs are mistaken. Rule 30(d)(2) states that all depositions are presumptively

4

limited to one day. There is no express provision in Rule 30(d)(2) for additional time based on the number of parties who wish to examine the witness. To the contrary, the Advisory Committee Note states: "In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest." This passage clearly indicates that the Advisory Committee expected the one-day limit to apply in multi-party cases unless the additional time was allowed by the Court.

Plaintiffs have always coordinated their discovery efforts in the past, and have generally designated one lawyer to be the lead examiner in each deposition. Consistent with this practice, Plaintiffs *jointly* noticed the depositions of Mr. Ferrand and Mr. Rabaey, rather than filing separate notices for each group of Plaintiffs. Plaintiffs have no basis for departing from past practice by conducting separate, consecutive examinations of Mr. Ferrand and Mr. Rabaey.

Plaintiffs have also argued that Judge Saris authorized four-day depositions in the related *L&H Securities Litigation*. That is not exactly correct. During a status conference on February 13, 2003, Judge Saris set an *outer limit* of four days for depositions in that related action. (*See* Butler Decl. Ex. E, at 32.) The Court did not authorize four days for any particular deposition, nor did it provide a blanket authorization for four-day depositions for every witness. This is clear from the context in which the Court's comment arose.[3] Consistent with this, Plaintiffs have never sought to take a four-day deposition of any Dexia witness before now.

---

[3] Mr. DeValerio, speaking on behalf of Plaintiffs, suggested a procedure in which Plaintiffs would propose the amount of time needed for a particular witness, and then come to the Court if the parties failed to reach agreement on the time period. (*See id.* at 31.) Judge Saris agreed with that proposal, but cautioned that "I can't assume that everyone is willing to give you three weeks of their time." (*Id.*) The Court then set an outer limit of two days for non-party witnesses and four days for party witnesses, commenting that "people just have lives" and "You can't ask more of that." (*Id.* at 32.)

5

Even if Plaintiffs were to move to extend the depositions, as Rule 30(d)(2) requires, the request should be denied. *First*, Mr. Ferrand and Mr. Rabaey had no more involvement in the relevant loan transactions than the other Dexia witnesses deposed in this litigation. As Dexia pointed out in connection with Plaintiffs' motion to compel, Mr. Ferrand was not involved in the Radial or LIC loans, or in the earlier loans to Dictation Consortium or Brussels Translation Group. Mr. Ferrand did work on the application for a proposed loan to LDF, but that loan was never actually granted by Artesia. Similarly, Mr. Rabaey was not involved at all in the Dictation Consortium or Brussels Translation Group loans, and he was not involved in the initial granting of the Radial or LIC loans. He became involved in the Radial and LIC loans only after they were disbursed, when efforts were made to extend the time periods of these loans and to obtain additional security for the loans. Given that the relevant knowledge of these witnesses is no greater than other witnesses in this litigation, there is no justification for insisting on four full days of testimony from these particular witnesses.

*Second*, this is the end of the discovery process, not the beginning. Plaintiffs have already had the opportunity to question other Dexia witnesses extensively concerning the relevant loan transactions and other relevant matters. The prior testimony in this litigation should allow Plaintiffs to focus their examinations of these witnesses to the most relevant events and documents. Similarly, Plaintiffs have long had access to the detailed statements made by each of the witnesses to the Belgian Federal Police. (*See* Declaration of Susan M. Davies dated November 4, 2005, filed under seal, Exs. H-Q.) These statements provide a virtual preview of the testimony that Plaintiffs can expect from these witnesses, and should allow Plaintiffs to conduct extremely efficient examinations. Based on the available record, Plaintiffs should require *less* time with these witnesses, not more.

**Conclusion**

For all the foregoing reasons, Dexia's Motion for a Protective Order Limiting the Depositions of Bart Ferrand and Peter Rabaey to Two Days Each should be granted.

Dated:  September 13, 2006

Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO

By:   */s/* Eóin P. Beirne
     Peter M. Saparoff (BBO# 441740)
     Breton Leone-Quick (BBO# 655571)
     Eóin P. Beirne (BBO# 660885)

One Financial Center
Boston, MA 02111
Tel:   (617) 542-6000
Fax:   (617) 542-2241

James B. Weidner
Jeff E. Butler
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel:   (212) 878-8000
Fax:   (212) 878-8375

*Counsel for Dexia Bank Belgium*