**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

STONINGTON PARTNERS, INC., a Delaware    :
Corporation, STONINGTON CAPITAL    :
APPRECIATION 1994 FUND L.P., a Delaware    :
Partnership and STONINGTON HOLDINGS,    :
L.L.C., a Delaware limited liability company,    :
                           :
      Plaintiffs,    :
                           :
      v.    :
                           :
DEXIA, S.A. and DEXIA BANK BELGIUM    :
(formerly known as ARTESIA BANKING CORP.,    :
 S.A.),    :
                           :
      Defendants.    :
_____:

Civil Action No. 04-10411 (PBS)

**STONINGTON PLAINTIFFS' MOTION**
**FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 15 and 16 and applicable Local Rules, Plaintiffs Stonington Partners, Inc., Stonington Capital Appreciation 1994 Fund L.P., and Stonington Holdings, L.L.C. (collectively "Stonington Plaintiffs") hereby move for an order granting leave to file an amended complaint in the above-captioned action.

In support of this motion, Stonington Plaintiffs submit their proposed First Amended Complaint, file herewith the declaration of Avi Josefson, and state as follows:

1.      Stonington Plaintiffs' proposed First Amended Complaint ("FAC") (attached hereto as Exhibit A) shall serve to amend their complaint filed on March 1, 2004 as follows:

      a.      the FAC incorporates the additional factual allegations asserted in the Third Amended Complaint filed in *Quaak v. Dexia, S.A.*, No. 03-11566-PBS on March 14, 2006, concerning fraudulent misrepresentations made by Defendant Dexia

Bank Belgium ("Dexia") through its subsidiary Artesia Securities, and asserts a claim against Dexia for liability as a controlling person under Section 20(a) of the Securities Exchange Act of 1934 for violations of Section 10(b) of the Exchange Act committed by Artesia Securities, and

b.      the FAC includes additional factual allegations based on information obtained from Dexia in discovery regarding Dexia's knowing and intentional involvement in the LDC fraud, and Dexia's direct participation in, and knowledge of, Lernout & Hauspie Speech Products, N.V.'s ("L&H") acquisition of Dictaphone Corporation in May 2000.

## DEXIA HAS STIPULATED TO STONINGTON PLAINTIFFS' AMENDMENT TO INCLUDE THE SECTION 20(a) CLAIM AND RELATED ALLEGATIONS

2.      On or about March 29, 2006, Dexia entered into a stipulation with the Stonington Plaintiffs, and plaintiffs in the *Filler* and *Baker* actions, No. 04-CV-10477-PBS and No. 04-CV-10501-PBS, respectively, pursuant to which Dexia consented to the amendment of Stonington Plaintiffs' complaint to include a "controlling person" claim under Section 20(a) and related allegations, in the event that – as occurred on August 8, 2006 – this Court denied Dexia's motion to dismiss the Rule 20(a) claim in the Class Plaintiffs' Third Amended Complaint. *See* Josefson Decl. Exs. 1 (Stipulation Pursuant to Federal Rule of Civil Procedure 15, dated March 29, 2006) and 2 (Memorandum and Order, dated August 8, 2006, Dkt. No. 342 filed in Civil Action No. 03-cv-11566-PBS).   Accordingly, under Rule 15(a), leave of this Court is not required for Stonington Plaintiffs to file an amended complaint containing the Section 20(a) claim and related allegations.

**STONINGTON PLAINTIFFS' SHOULD BE GIVEN LEAVE TO FILE AN AMENDED COMPLAINT CONTAINING ALLEGATIONS RELATED TO THE DICTAPHONE TRANSACTION**

3.     On June 22, 2006, Dexia moved to dismiss Stonington Plaintiffs' common law claims on the ground that the losses suffered by the Stonington Plaintiffs were not reasonably foreseeable to Dexia.  While Stonington Plaintiffs' original complaint alleged that Dexia directly participated in the Dictaphone Transaction by providing L&H with the financing necessary to complete that acquisition (*see* ¶ 26) – a fact which alone is sufficient to establish that Stonington Plaintiffs' losses were foreseeable – the FAC alleges additional facts relating to Dexia's involvement in the Dictaphone Transaction that provide further detail regarding Dexia's facilitation and knowledge of this Transaction.  *See* FAC, at ¶¶ 147-69.  Further, the FAC contains additional allegations relating to Dexia's involvement in the LDC fraud, which are predicated on the discovery that has occurred to date.

4.     Dexia's motion to dismiss Stonington Plaintiffs' common law claims is currently pending.  At the July 28, 2006 hearing on the motion, this Court invited Stonington Plaintiffs to amend their complaint to include allegations based on materials outside the pleadings which Stonington Plaintiffs had submitted in opposition to Dexia's motion to dismiss.  By letter dated August 16, 2006, Stonington Plaintiffs notified this Court of their intention to file the FAC to, *inter alia*, address issues raised in Dexia's motion for judgment on the pleadings.

5.     Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires."  Stonington Plaintiffs have not engaged in undue delay, bad faith, or dilatory conduct in seeking to add the additional allegations related to Dexia's involvement in and knowledge of the Dictaphone acquisition to the FAC.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  If anything, Dexia is guilty of undue delay in bringing on its first motion to dismiss the Stonington Plaintiffs' common law claims more than two years after

the action commenced, and almost a year after the deadline for amendment of pleadings. Stonington Plaintiffs have not previously amended their complaint against Dexia, and Dexia will not be unduly prejudiced as a result of the additional allegations related to the Dictaphone Transaction. *Id.*

## DEXIA HAS REFUSED TO CONSENT TO PUBLIC FILING OF THE AMENDED COMPLAINT

6.      Notwithstanding this Court's February 17, 2006 and July 27, 2006 orders denying motions to file papers (including the Class Plaintiffs' Third Amended Complaint) under seal merely because they reflect information that Dexia has designated confidential, Dexia has refused to consent to the public filing of the FAC.  Accordingly, the Stonington Plaintiffs are bound by the terms of the confidentiality order in this action to seek leave to file the FAC under seal.  Such a motion is being filed contemporaneously herewith.  However, Stonington Plaintiffs do not believe that the FAC reflects any trade secrets or other confidential research, development, or commercial information entitled to protection under Rule 26(c), and do not believe that the FAC should be sealed from the public.

## CERTIFICATION UNDER LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), undersigned counsel certify that counsel for the Stonington Plaintiffs have conferred with counsel for Dexia Bank Belgium and attempted in good faith to resolve or narrow the issue presented on this motion.

WHEREFORE, Stonington Plaintiffs respectfully request that this Court enter an order in the above-captioned action:

(A)   relieving Stonington Plaintiffs of the obligation under Local Rule 7.1(b)(1) to file a memorandum of law in support of the instant motion simultaneously herewith;

(B)   granting Stonington Plaintiffs leave to file the FAC substantially in the form annexed

hereto as Exhibit A; and

(C)   for such other and further relief as the Court deems just and proper.

Dated:  September 15, 2006                    **BERNSTEIN LITOWITZ BERGER
                                                 & GROSSMANN LLP**

                                              /s/ Avi Josefson
                                              Steven B. Singer
                                              Avi Josefson
                                              1285 Avenue of the Americas
                                              New York, NY 10019
                                              (212) 554-1400 (phone)
                                              (212) 554-1444 (fax)

                                              - and -

                                              **LOONEY & GROSSMAN, LLP**

                                              Richard J. Grahn (BBO #206620)
                                              Charles P. Kindregan (BBO # 554947)
                                              101 Arch Street
                                              Boston, Massachusetts 02110
                                              (617) 951-2800 (phone)
                                              (617) 951-2819 (fax)

                                              ***Attorneys for the Stonington Plaintiffs***