UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>              Plaintiffs,<br><br>              v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>              Defendants. | Civil Action No.: 04-10501 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>              Plaintiffs,<br><br>              v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>              Defendants. | Civil Action No.: 04-10477 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>              Plaintiffs,<br><br>              v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>              Defendants. | Civil Action No.:  04-10411 (PBS) |

### RESPONSE OF DEFENDANT DEXIA BANK BELGIUM
### TO DRAGON AND STONINGTON PLAINTIFFS' MOTIONS
### FOR LEAVE TO AMEND AND TO FILE UNDER SEAL

Defendant Dexia Bank Belgium ("Dexia") submits this Response to the motions of the Stonington, Baker and Filler Plaintiffs ("Plaintiffs") for leave to amend their Complaints and the motions to file their First Amended Complaints ("FACs") under seal, stating as follows:

1. On March 29, 2006, Dexia agreed to permit Plaintiffs to amend their Complaints to include a section 20(a) claim, in the event that the Court denied Dexia's motion to dismiss the section 20(a) claim in the Class Plaintiffs' Third Amended Complaint ("TAC"). Dexia's motion to dismiss was denied on August 8, 2006.

2. On August 16 and 17, 2006, Plaintiffs stated in letters to the Court that they would seek leave to amend their Complaints to add allegations supporting a section 20(a) claim, and also stated that they would further amend their Complaints by adding allegations relating to their common law claims. (*See* Letter from Singer to the Court dated 8/16/06; Letter from Dyer to the Court dated 8/17/06.)

3. Plaintiffs now seek leave to file FACs, and have moved to file their FACs under seal. In the motions for leave to file under seal, Plaintiffs state that the Dexia Confidential Information in the FACs is not entitled to protection under the Confidentiality Order in force in these cases, and request that their motions to file under seal be "decided consistently with this Court's February 17, 2006 orders denying motions to seal papers that included Dexia Confidential Information (including the Third Amended Complaint in *Quaak v. Dexia*, S.A., No. 03-CV-11566-PBS)." (Stonington Plaintiffs' Unopposed Motion for leave to File Under Seal dated 9/15/06 at ¶ 3; Dragon Plaintiffs' Motion for Leave to File Motion Exhibits Under Seal dated 9/15/06 at ¶ 3.)

4.      Dexia did not initially consent to Plaintiffs' motions for leave to amend their Complaints because the amendments related to the common law claims that Plaintiffs proposed to add were not within the scope of the March 29, 2006 Stipulation and Dexia had had no opportunity to review those additional proposed amendments.

5.      With the present filings, Dexia has now had the opportunity to review the FACs proposed by Plaintiffs, and as a result of this review does not oppose the filing of the FACs.

6.      In connection with the motions to file under seal, Dexia has only one confidentiality concern. Dexia notes that the Stonington FAC contains, at ¶ 20 and in the last sentence of ¶ 160, certain allegations concerning a Dexia employee that provide information not publicly known or available in Belgium. Dexia has taken pains to keep this information confidential for the sake of the individual's privacy, and its inclusion in the publicly-filed FACs would be highly prejudicial to the individual concerned.

7.      Accordingly, Dexia agrees to permit withdrawal of Plaintiffs' motions to file under seal, upon condition that the allegations at ¶ 20 and in the last sentence of ¶ 160 are redacted from the FACs before public filing.

Dated:  Boston, Massachusetts
September 29, 2006

                           Respectfully submitted,

                             /s/ Breton Leone-Quick
                          Peter M. Saparoff (BBO#567379)
                          Breton Leone-Quick (BBO#391000)
                          Eoin Beirne (BBO#660885)

MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO
One Financial Center
Boston, MA 02111
Tel:  (617) 542-6000
Fax:  (617) 542-2241

CLIFFORD CHANCE US LLP
 James B. Weidner
 Thomas Teige Carroll
31 West 52nd Street
New York, NY 10019
Tel:     (212) 878-8000
Fax:     (212) 878-8375

*Counsel for Dexia Bank Belgium, S.A.*

**Certificate of Service**

     I, Breton Leone-Quick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 29, 2006.

   /s/  Breton Leone-Quick                                            Dated:  September 29, 2006