# EXHIBIT E

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　　　Defendants. | Civil Action No.: 03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　　　Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　　　Defendants. | Civil Action No.: 04-10477 (PBS) |

JANET BAKER and JAMES BAKER,
JKBAKER LLC and JMBAKER LLC,

      Plaintiffs,

                           Civil Action No.:  04-10501 (PBS)

      v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),

      Defendants.

### DEXIA BANK BELGIUM'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS AND SUPPLEMENTAL INTERROGATORIES

Pursuant to Rule 26, 33, and 36 of the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts, Dexia Bank Belgium ("Dexia") responds as follows to Plaintiffs' First Requests for Admissions and Supplemental Interrogatories dated May 17, 2006.

### GENERAL OBJECTIONS

1.  Dexia objects to each Request, Interrogatory, Instruction or Definition to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.  Dexia objects to each Request, Interrogatory, Instruction or Definition to the extent that it is overly broad, unduly burdensome, duplicative or seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

3.  Dexia objects to each Request, Interrogatory, Instruction or Definition to the extent that it is vague, ambiguous or does not identify with particularity the information sought.

4.  Dexia objects to each Request, Interrogatory, Instruction or Definition to the extent that it would impose an undue burden or expense on Dexia.

NYA 793266.1

5.  Dexia objects to each Request, Interrogatory, Instruction or Definition to the extent that it seeks information in the possession, custody or control of Plaintiffs.

6.  Dexia objects to each Request, Interrogatory, Instruction or Definition to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privileges.

7.  Dexia objects to each Request, Interrogatory, Instruction or Definition to the extent that it calls for information that is obtainable by Plaintiffs from public sources or other sources that are also available to Plaintiffs.

8.  Dexia objects to each Request, Interrogatory, Instruction or Definition to the extent that it calls for a legal opinion or for an opinion on a mixed question of law and fact.

9.  Dexia reserves the right to amend, modify, or supplement the Responses set forth herein to the extent required or permitted under Rule 26 of the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

Request No. 1

Defendant Dexia Bank Belgium is the corporate successor to Artesia Banking Corporation S.A., including Artesia Banking Corporation S.A.'s predecessor banks, Banque Paribas Belgium and Bacob Bank C.V.

Response to Request No. 1

Dexia objects to this request as vague and ambiguous because the meaning of the term "corporate successor" is not clear.  Subject to and without waiving the foregoing objection or the General Objections, Dexia admits that, for all purposes relevant to this litigation, Dexia Bank Belgium assumed any liability of Artesia Banking Corporation and its predecessors, Paribas Bank Belgium and Bacob Bank.

NYA 793266.1

Request No. 2

Defendant Dexia Bank Belgium assumed all of the liabilities of Artesia Banking Corporation S.A., including all of the liabilities of Artesia Banking Corporation S.A.'s predecessor banks, Banque Paribas Belgium and Bacob Bank C.V.

Response to Request No. 2

Subject to and without waiving the General Objections, Dexia denies this request, except admits that, for all purposes relevant to this litigation, Dexia Bank Belgium assumed any liability of Artesia Banking Corporation and its predecessors, Paribas Bank Belgium and Bacob Bank.

Request No. 3

During the Class Period, L&H common stock traded on the Nasdaq and Easdaq exchanges.

Response to Request No. 3

Subject to and without waiving the General Objections, Dexia admits that, during the Class Period, L&H common stock traded on the Nasdaq and Easdaq exchanges.

Request No. 4

During the Class Period, L&H's common stock traded in an efficient market.

Response to Request No. 4

Dexia objects to this request as calling for a legal opinion or an opinion on a mixed question of law and fact. Dexia objects to this request as vague and ambiguous because the meaning of the term "efficient market" is not clear. Dexia objects to this request as calling for information outside of the possession, custody or control of Dexia. Subject to and without waiving the foregoing objections or the General Objections, Dexia states that it cannot truthfully admit or deny the request.

Request No. 5

During the Class Period, L&H options traded on the Chicago Board of Trade Options Exchange.

4

Response to Request No. 5

Dexia objects to this request because the meaning of the term "L&H options" is not clear. Dexia objects to this request as calling for information outside of the possession, custody or control of Dexia. Subject to and without waiving the foregoing objections or the General Objections, Dexia states that it has made a reasonable inquiry and cannot truthfully admit or deny the request.

Request No. 6

During the Class Period, L&H options traded in an efficient market.

Response to Request No. 6

Dexia objects to this request as calling for a legal opinion or an opinion on a mixed question of law and fact. Dexia objects to this request because the meaning of the term "L&H options" is not clear. Dexia objects to this request as vague and ambiguous because the meaning of the term "efficient market" is not clear. Dexia objects to this request as calling for information outside of the possession, custody or control of Dexia. Subject to and without waiving the foregoing objections or the General Objections, Dexia states that it cannot truthfully admit or deny the request.

Request No. 7

Admit that:

  (a)    L&H publicly reported its financial results on a quarterly and annual basis during the period between January 1, 1998 and December 31, 2000; and

  (b)    Dexia knew this during the Class Period.

Response to Request No. 7(a)

Dexia objects to this request as calling for information outside of the possession, custody or control of Dexia. Subject to and without waiving the foregoing objection or the General

NYA 793266.1

Objections, Dexia denies this request, except admits that L&H publicly reported its financial results on a quarterly basis in 1998, 1999 and for the first two quarters of 2000, and on an annual basis for 1998 and 1999.

Response to Request No. 7(b)

      Dexia objects to this request as vague and ambiguous because the meaning of the phrase "Dexia knew" is not clear.  Dexia objects to this request as overly broad and unduly burdensome to the extent it seeks an admission that all Dexia employees "knew" about L&H financial reporting.  Subject to and without waiving the foregoing objections or the General Objections, Dexia denies this request, except states that one or more officers, directors or managing agents of Dexia were aware that L&H publicly reported its financial results on a quarterly basis in 1998, 1999 and for the first two quarters of 2000, and on an annual basis for 1998 and 1999.

Request No. 8

Admit that:

    (a)    L&H represented in its SEC filings during the period between January 1, 1998 and December 31, 2000 that it prepared its financial statements in accordance with U.S. GAAP;

    (b)    Dexia was aware of this representation during the Class Period; and

    (c)    Dexia knew during the Class Period that L&H was required to file its financial statements in accordance with U.S. GAAP.

Response to Request No. 8(a)

      Dexia objects to this request as calling for information outside of the possession, custody or control of Dexia.  Dexia objects to this request as overly broad and unduly burdensome to the extent it seeks an admission that all of L&H's SEC filings contained representations that L&H prepared its financial statements in accordance with U.S. GAAP.  Subject to and without waiving the foregoing objections or the General Objections, Dexia denies the request, except admits that

6

L&H represented in certain of its SEC filings during the period between January 1, 1998 and

December 31, 2000 that it prepared its financial statements in accordance with U.S. GAAP.

Response to Request No. 8(b)

      Dexia objects to this request as vague and ambiguous because the meaning of the phrase

"Dexia was aware" is not clear.  Dexia objects to this request as overly broad and unduly

burdensome to the extent it seeks an admission that all Dexia employees "w[ere] aware" of what

L&H represented in certain of its SEC filings.  Subject to and without waiving the foregoing

objections or the General Objections, Dexia denies this request.

Response to Request No. 8(c)

      Dexia objects to this request as vague and ambiguous because the meaning of the phrase

"Dexia knew" is not clear.  Dexia objects to this request as overly broad and unduly burdensome

to the extent it seeks an admission that all Dexia employees "knew" what requirements L&H had

to fulfill to file its financial statements.  Subject to and without waiving the foregoing objections

or the General Objections, Dexia denies this request, except states that one or more officers,

directors or managing agents of Dexia were informed that L&H was required to file its financial

statements in accordance with U.S. GAAP.

Request No. 9

L&H's financial statements for the third quarter of 1998 were materially false and misleading.

Response to Request No. 9

      Dexia objects to this request as calling for a legal opinion or an opinion on a mixed

question of law and fact.  Dexia objects to this request as calling for information outside of the

possession, custody or control of Dexia.  Subject to and without waiving the foregoing objections

or the General Objections, Dexia denies the request, except admits that L&H announced that it

NYA 793266.1

would restate its financial results for the third quarter of 1998, which implies that the results were materially inaccurate.

<u>Request No. 10</u>

L&H's financial statements for the fourth quarter of 1998 were materially false and misleading.

<u>Response to Request No. 10</u>

Dexia objects to this request as calling for a legal opinion or an opinion on a mixed question of law and fact. Dexia objects to this request as calling for information outside of the possession, custody or control of Dexia. Subject to and without waiving the foregoing objections or the General Objections, Dexia denies the request, except admits that L&H announced that it would restate its financial results for the fourth quarter of 1998, which implies that the results were materially inaccurate.

<u>Request No. 11</u>

L&H's year-end financial statements for 1998 were materially false and misleading.

<u>Response to Request No. 11</u>

Dexia objects to this request as calling for a legal opinion or an opinion on a mixed question of law and fact. Dexia objects to this request as calling for information outside of the possession, custody or control of Dexia. Subject to and without waiving the foregoing objections or the General Objections, Dexia denies the request, except admits that L&H announced that it would restate its financial results for year end 1998, which implies that the results were materially inaccurate.

<u>Request No. 12</u>

Each of L&H's quarterly financial statements for 1999 were materially false and misleading.

NYA 793266.1

Response to Request No. 12

Dexia objects to this request as calling for a legal opinion or an opinion on a mixed question of law and fact. Dexia objects to this request as calling for information outside of the possession, custody or control of Dexia. Subject to and without waiving the foregoing objections or the General Objections, Dexia denies the request, except admits that L&H announced that it would restate its financial results for each of the quarters in 1999, which implies that the results were materially inaccurate.

Request No. 13

L&H's year-end financial statements for 1999 were materially false and misleading.

Response to Request No. 13

Dexia objects to this request as calling for a legal opinion or an opinion on a mixed question of law and fact. Dexia objects to this request as calling for information outside of the possession, custody or control of Dexia. Subject to and without waiving the foregoing objections or the General Objections, Dexia denies the request, except admits that L&H announced that it would restate its financial results for year end 1999, which implies that the results were materially inaccurate.

Request No. 14

L&H's financial statements for the first and second quarter of 2000 were materially false and misleading.

Response to Request No. 14

Dexia objects to this request as calling for a legal opinion or an opinion on a mixed question of law and fact. Dexia objects to this request as calling for information outside of the possession, custody or control of Dexia. Subject to and without waiving the foregoing objections or the General Objections, Dexia denies the request, except admits that L&H announced that it

NYA 793266.1

would restate its financial results for the first and second quarters of 2000, which implies that the results were materially inaccurate.

<u>Request No. 15</u>

Admit the following with respect to each of the press releases issued by L&H during the Class Period in which L&H announced either quarterly or annual financial results:

    (a)    Each of those press releases materially overstated L&H's revenue.

    (b)    Each of those press releases materially overstated L&H's net income.

    (c)    During the Class Period, Dexia knew that each of [] those press releases materially overstated L&H's revenue.

    (d)    During the Class Period, Dexia knew that each of [] those press releases materially overstated L&H's net income.

<u>Response to Request No. 15(a)</u>

Dexia objects to this request as calling for a legal opinion or an opinion on a mixed question of law and fact.  Dexia objects to this request as calling for information outside of the possession, custody or control of Dexia.  Subject to and without waiving the foregoing objections or the General Objections, Dexia denies the request, except admits that L&H announced that it would restate and reduce its reported revenue for eight consecutive quarters beginning with the third quarter of 1998, which implies that press releases in which L&H announced either quarterly or annual financial results for those quarters materially overstated L&H revenue.

<u>Response to Request No. 15(b)</u>

Dexia objects to this request as calling for a legal opinion or an opinion on a mixed question of law and fact.  Dexia objects to this request as calling for information outside of the possession, custody or control of Dexia.  Subject to and without waiving the foregoing objections or the General Objections, Dexia denies the request, except admits that L&H announced that it would restate and reduce its reported net income for eight consecutive quarters beginning with

10

NYA 793266.1

the third quarter of 1998, which implies that press releases in which L&H announced either quarterly or annual financial results for those quarters materially overstated L&H net income.

<u>Response to Request No. 15(c)</u>

Dexia objects to this request as vague and ambiguous because the meaning of the phrase "Dexia knew" is not clear.  Dexia objects to this request as overly broad and unduly burdensome to the extent it seeks an admission that all Dexia employees "knew" about L&H press releases. Subject to and without waiving the foregoing objections or the General Objections, Dexia denies this request.

<u>Response to Request No. 15(d)</u>

Dexia objects to this request as vague and ambiguous because the meaning of the phrase "Dexia knew" is not clear.  Dexia objects to this request as overly broad and unduly burdensome to the extent it seeks an admission that all Dexia employees "knew" about L&H press releases. Subject to and without waiving the foregoing objections or the General Objections, Dexia denies this request.

<u>Request No. 16</u>

Admit the following with respect to each Artesia Securities analyst report issued during the Class Period which republished L&H quarterly or annual financial results:

(a)     Each of those analyst reports materially overstated L&H revenue.

(b)     Each of those analyst reports materially overstated L&H's net income.

(c)     Dexia authorized the dissemination of each of those analyst reports.

(d)     At or about the time they were issued, Dexia knew that each of [ ] those analyst reports materially overstated L&H's revenue

(e)     At or about the time they were issued, Dexia knew that each of  [ ] those analyst reports materially overstated L&H's net income.

11

(f)     Dexia's misrepresentations in those analyst reports concerning L&H's financial results were a proximate cause of the losses suffered by the members of the Class who purchased L&H securities after the date of those misrepresentations.

<u>Response to Request No. 16(a)</u>

Dexia objects to this request as calling for a legal opinion or an opinion on a mixed question of law and fact.  Dexia objects to this request as calling for information outside of the possession, custody or control of Dexia.  Subject to and without waiving the foregoing objections or the General Objections, Dexia denies this request, except admits that L&H announced that it would restate and reduce its reported revenue for eight consecutive quarters beginning with the third quarter of 1998, which implies that L&H's quarterly or annual financial results for those quarters were materially overstated.

<u>Response to Request No. 16(b)</u>

Dexia objects to this request as calling for a legal opinion or an opinion on a mixed question of law and fact.  Dexia objects to this request as calling for information outside of the possession, custody or control of Dexia.  Subject to and without waiving the foregoing objections or the General Objections, Dexia denies this request, except admits that L&H announced that it would restate and reduce its reported net income for eight consecutive quarters beginning with the third quarter of 1998, which implies that L&H's quarterly or annual financial results for those quarters were materially overstated.

<u>Response to Request No. 16(c)</u>

Dexia objects to this request as vague and ambiguous because the meaning of the word "authorized" is not clear.  Subject to and without waiving the foregoing objection or the General Objections, Dexia denies this request, except admits that Artesia Securities authorized one or more of its analysts to issue reports concerning L&H during the Class Period.

12

Response to Request No. 16(d)

Subject to and without waiving the General Objections, Dexia denies this request.

Response to Request No. 16(e)

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Response to Request No. 16(f)

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 17

Dexia acted with scienter in violating Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder in connection with L&H.

Response to Request No. 17

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 18

There were insufficient facts publicly available prior to August 19, 2001 to show that Dexia acted with the required state of mind to support a valid claim that Dexia violated Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder in connection with L&H.

Response to Request No. 18

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

NYA 793266.1

Request No. 19

There were insufficient facts publicly available prior to August 19, 2001 to support Plaintiffs' claim that Dexia violated Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder in connection with L&H.

Response to Request No. 19

Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

Request. No. 20

Plaintiffs could not reasonably have discovered sufficient facts prior to August 19, 2001 to support Plaintiffs' claim that Dexia violated Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder in connection with L&H.

Response to Request No. 20

Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

Request No. 21

Plaintiffs could not reasonably have discovered sufficient facts prior to August 19, 2001 to support a valid claim that Dexia acted with the required state of mind to support a claim that Dexia violated Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder in connection with L&H.

Response to Request No. 21

Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

Request No. 22

In November 2000, L&H's Audit Committee issued a report regarding an investigation of accounting irregularities at L&H, which report made no mention of Dexia.

NYA 793266.1

Response to Request No.22

 Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c).  Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

Request No. 23

Dexia loaned approximately 215 million Belgian Francs (equivalent to more than $5 million) to
Radial in 1998 with knowledge that Radial was a start up company without sufficient assets to
secure a loan for that amount.

Response to Request No. 23

 Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c).  Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

Request No. 24

Dexia's initial loan to Radial was not made in accordance with Dexia's applicable loan
procedures.

Response to Request No. 24

 Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c).  Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

Request No. 25

Dexia loaned money to Radial in 1998 with knowledge that Radial was going to use that money
to fund recently created LDCs that would then use those funds to pay fees to L&H.

Response to Request No. 25

 Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c).  Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

NYA 793266.1

Request No. 26

Dexia loaned money to Radial in 1998 with knowledge that L&H would recognize revenue on the fees it received from the LDCs that were funded by Dexia's loan to Radial.

Response to Request No. 26

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 27

Dexia knew that L&H needed to complete the Radial loan on short notice by the end of September 1998 so that it could recognize revenue on the proceeds of that loan on its quarterly financial statements for the third quarter of 1998.

Response to Request No. 27

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 28

In 1999, Dexia approved the extension of the loan to Radial on the condition that the loan be guaranteed by the principals of L&H, Jo Lernout, Pol Hauspie and Nico Willaert.

Response to Request No. 28

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 29

On the loan to Radial, Dexia intended the credit default swaps to serve as substitutes for the guarantees it originally requested.

NYA 793266.1

Response to Request No. 29

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 30

At the time Dexia loaned money to Radial, Dexia was aware that L&H could not recognize revenue on any fees paid with the proceeds of the Radial loan if L&H had any direct or indirect role in securing the Radial loan.

Response to Request No. 30

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 31

At the time Dexia loaned money to Radial, Dexia was informed that Lernout, Hauspie and Willaert refused to sign any guarantee for the Radial loan if such guarantee were disclosed in the letter of credit because they did not wish to disclose their involvement in the Radial loan to the U.S. Securities and Exchange Commission.

Response to Request No. 31

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 32

Dexia was aware at the time it loaned money to Radial that if Lernout, Hauspie and Willaert provided any form of surety for the Radial loan then L&H would not be able to recognize revenue under U.S. GAAP on the fees it received from LDC[ ]s that were funded by the Radial loan.

Response to Request No. 32

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 33

In 1998, L&H improperly recognized revenue on fees it received from LDCs financed by Dexia's loan to Radial.

Response to Request No. 33

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 34

Dexia loaned approximately 220 million Belgian Francs (equivalent to more than $5 million) to LIC in 1998 with knowledge that LIC had insufficient assets to secure a loan for that amount.

Response to Request No. 34

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 35

Dexia loaned money to LIC in 1998 with knowledge that LIC was going to use that money to fund recently created LDCs that would then use those same funds to pay fees to L&H.

Response to Request No. 35

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

NYA 793266.1

Request No. 36

Dexia loaned money to LIC in 1998 with knowledge that L&H would recognize revenue on the fees it received from the LDCs that were funded by Dexia's loan to LIC.

Response to Request No. 36

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 37

Dexia was informed that L&H needed to complete the LIC loan on short notice by the end of December, 1998 so that L&H could recognize revenue on the proceeds of that loan on its quarterly financial statements for the fourth quarter of 1998.

Response to Request No. 37

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 38

Dexia approved the loan to LIC in 1998 on the condition that the loan be guaranteed by L&H.

Response to Request No. 38

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 39

Dexia approved the extension of loan to LIC in 1999 on the condition that the loan be guaranteed by Messrs. Lernout, Hauspie and Willaert.

NYA 793266.1

Response to Request No. 39

Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

Request No. 40

On the loan to LIC, Dexia intended the [c]redit default swaps to serve as substitutes for the
guarantees it originally requested.

Response to Request No. 40

Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

Request No. 41

At the time Dexia loaned money to LIC, Dexia was aware that L&H could not recognize revenue
under U.S. GAAP on any fees paid with the proceeds of the Radial loan if L&H had any direct or
indirect role in securing the LIC loan.

Response to Request No. 41

Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

Request No. 42

At the time Dexia loaned money to LIC, Dexia was informed that Lernout, Hauspie and Willaert
refused to sign any guarantee for the LIC loan if such guarantee were disclosed in the letter of
credit because they did not wish to disclose their involvement in the LIC loan to the U.S.
Securities and Exchange Commission.

NYA 793266.1

Response to Request No. 42

      Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c).  Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

Request No. 43

Dexia was aware at the time it loaned money to LIC that Lernout, Hauspie and Willaert did not
want to sign personal guarantees for this loan because they did not want to have to disclose such
guarantees in L&H's financial statements.

Response to Request No. 43

      Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c).  Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

Request No. 44

Dexia was aware at the time it loaned money to LIC that if Lernout, Hauspie and Willaert
provided any form of surety for the LIC loan then L&H would not be able to recognize revenue
under U.S. GAAP on the fees it received from the LDC[ ]s that were funded by the LIC loan.

Response to Request No. 44

      Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c).  Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

Request No. 45

In 1998, L&H improperly recognized revenue in violation of U.S. GAAP on fees it received
from LDCs financed by Dexia's loan to LIC.

Response to Request No. 45

      Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c).  Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

NYA 793266.1

Request No. 46

Dexia suggested the use of credit default swaps on the Radial and LIC loans so that Lernout, Hauspie and Willaert would not have to disclose the surety they provided for the Radial and LIC loans.

Response to Request No. 46

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 47

Dexia's in-house counsel, Bernard Mommens, advised that the credit default swaps for the Radial and LIC loans had to be disclosed in the letters of credit for those loans.

Response to Request No. 47

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 48

The letters of credit for the original loan to Radial did not disclose the credit default swap issued in connection with that loan.

Response to Request No. 48

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 49

The letter of credit for the September 1999 extension of the Radial loan did not disclose the credit default swap issued in connection with that loan.

NYA 793266.1

Response to Request No. 49

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 50

The letters of credit for the original loan to LIC did not disclose the credit default swap issued in connection with that loan.

Response to Request No. 50

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 51

The letter of credit for the September 1999 extension of the LIC loan did not disclose the credit default swap issued in connection with that loan.

Response to Request No. 51

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 52

Dexia did not pay [ ] any consideration for the credit default swaps issued in connection with the Radial loan.

Response to Request No. 52

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

NYA 793266.1

Request No. 53

Dexia did not pay the full consideration for the credit default swap issued in connection with the LIC loan.

Response to Request No. 53

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 54

Dexia loaned money equivalent to approximately $20 million to Jo Lernout, Pol Hauspie and Nico Willaert in or about June 1999 (the "$20 million Dollar Loan").

Response to Request No. 54

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 55

Admit the following with regard to the $20 Million Loan:

(a)    Dexia originally contemplated a loan to the Language Development Fund guaranteed by a credit default swap by Messrs. Lernout, Hauspie and Willaert; and

(b)    Dexia converted that to a loan to the individuals because it could not obtain a guarantee and had lost comfort in the use of credit default swaps.

Response to Request No. 55(a)

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

NYA 793266.1

Response to Request No. 55(b)

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 56

Dexia knew that the purpose of the $20 Million Loan was to fund recently created LDCs that would then use those same funds to pay fees to L&H.

Response to Request No. 56

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 57

Dexia made the $20 Million Dollar Loan with knowledge that L&H would recognize revenue on the fees it received from the LDCs that were funded by Dexia's loan to Lernout, Hauspie and Willaert.

Response to Request No. 57

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 58

At the time Dexia granted the $20 Million Loan, Dexia was aware that L&H could not recognize revenue on any fees paid with the proceeds of that loan if L&H had any direct or indirect role in securing the financing of the LDCs that used those proceeds to pay L&H.

Response to Request No. 58

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

NYA 793266.1

Request No. 59

At the time Dexia granted the $20 Million Loan, Dexia was aware that L&H could not recognize revenue on any fees paid with the proceeds of that loan if Messrs. Lernout, Hauspie or Willaert had any role in securing the financing of the LDCs that used those proceeds to pay L&H.

Response to Request No. 59

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 60

In 1999, L&H improperly recognized revenue in violation of U.S. GAAP on fees it received from LDCs financed by Dexia's loan to Jo Lernout, Pol Hauspie and Nico Willaert.

Response to Request No. 60

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 61

Dexia acquired and sold L&H securities for its own account during the same time period that Artesia Securities issued buy recommendations for L&H stock.

Response to Request No. 61

Dexia objects to this request as exceeding the limit of 25 requests for admission per side provided by Local Rule 26.1(c). Subject to and without waiving the foregoing objection or the General Objections, Dexia states that no further response to this request is required.

Request No. 62

Dexia acquired and sold L&H securities for its own account during the same time period that it lent money to Radial, LIC and Messrs. Lernout, Hauspie and Willaert.

NYA 793266.1

Response to Request No. 62

Dexia objects to this request as exceeding the limit of 25 requests for admission per side

provided by Local Rule 26.1(c).  Subject to and without waiving the foregoing objection or the

General Objections, Dexia states that no further response to this request is required.

## SPECIFIC RESPONSES AND OBJECTIONS TO SUPPLEMENTAL INTERROGATORIES

Supplemental Interrogatory No. 1

If you deny Request No. 18, describe in detail the basis for your denial and identify each fact that
Plaintiffs could reasonably have discovered prior to August 19, 2001 to support a valid claim that
Dexia acted with the required state of mind to support a claim that Dexia violated Section 10(b)
of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder in
connection with L&H, and the source(s) of such fact(s).

Response to Supplemental Interrogatory No. 1

Dexia objects to this interrogatory as exceeding the limit of 25 interrogatories and

subparts per side provided by Federal Rule of Civil Procedure 33(a) and Local Rule 26.1(c).

Dexia objects to this interrogatory as vague and ambiguous because the meaning of the phrase

"describe in detail the basis for your denial" is not clear.  Dexia objects to this interrogatory as

vague and ambiguous because the meaning of the phrase "valid claim" is not clear.  Dexia

objects to this interrogatory as vague and ambiguous because the meaning of the phrase "identify

each fact . . . and the source(s) of such fact(s)" is not clear.  Dexia objects to this interrogatory as

calling for a legal opinion or an opinion on a mixed question of law and fact.  Subject to and

without waiving the foregoing objections or the General Objections, Dexia states that no further

response to this interrogatory is required.

Supplemental Interrogatory No. 2

If you deny Request No. 19, describe in detail the basis for your denial and identify each fact that
was publically [sic] available prior to August 19, 2001 to support Plaintiffs' claim that Dexia
violated Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated
thereunder in connection with L&H, and the source(s) of such fact(s).

27

Response to Supplemental Interrogatory No. 2

Dexia objects to this interrogatory as exceeding the limit of 25 interrogatories and

subparts per side provided by Federal Rule of Civil Procedure 33(a) and Local Rule 26.1(c).

Dexia objects to this interrogatory as vague and ambiguous because the meaning of the phrase

"describe in detail the basis for your denial" is not clear. Dexia objects to this interrogatory as

vague and ambiguous because the meaning of the phrase "identify each fact . . . and the source(s)

of such fact(s)" is not clear. Dexia objects to this interrogatory as calling for a legal opinion or

an opinion on a mixed question of law and fact. Subject to and without waiving the foregoing

objections or the General Objections, Dexia states that no further response to this interrogatory is

required.

Supplemental Interrogatory No. 3

If you deny Request No. 20, describe in detail the basis for your denial and identify each fact that
Plaintiffs could reasonably have discovered prior to August 19, 2001 to support Plaintiffs' claim
that Dexia violated Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5
promulgated thereunder in connection with L&H, and the way in which each such fact was
discoverable prior to August 19, 2001, and the source(s) of such fact(s).

Response to Supplemental Interrogatory No. 3

Dexia objects to this interrogatory as exceeding the limit of 25 interrogatories and

subparts per side provided by Federal Rule of Civil Procedure 33(a) and Local Rule 26.1(c).

Dexia objects to this interrogatory as vague and ambiguous because the meaning of the phrase

"describe in detail the basis for your denial" is not clear. Dexia objects to this interrogatory as

vague and ambiguous because the meaning of the phrase "identify each fact . . . and the source(s)

of such fact(s)" is not clear. Dexia objects to this interrogatory as calling for a legal opinion or

an opinion on a mixed question of law and fact. Subject to and without waiving the foregoing

objections or the General Objections, Dexia states that no further response to this interrogatory is

required.

NYA 793266.1

Supplemental Interrogatory No. 4

If you deny Request No. 21, describe in detail the basis for your denial and identify each fact that was publicly available prior to August 19, 2001 to show that Dexia acted with the required state of mind to support a valid claim that Dexia violated Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder in connection with L&H, and the source(s) of such fact(s).

Response to Supplemental Interrogatory No. 3

Dexia objects to this interrogatory as exceeding the limit of 25 interrogatories and subparts per side provided by Federal Rule of Civil Procedure 33(a) and Local Rule 26.1(c).

Dexia objects to this interrogatory as vague and ambiguous because the meaning of the phrase "describe in detail the basis for your denial" is not clear. Dexia objects to this interrogatory as vague and ambiguous because the meaning of the phrase "valid claim" is not clear. Dexia objects to this interrogatory as vague and ambiguous because the meaning of the phrase "identify each fact . . . and the source(s) of such fact(s)" is not clear. Dexia objects to this interrogatory as calling for a legal opinion or an opinion on a mixed question of law and fact. Subject to and without waiving the foregoing objections or the General Objections, Dexia states that no further response to this interrogatory is required.

Dated: July 17, 2006

CLIFFORD CHANCE US LLP

By: _____

James B. Weidner
Jeff E. Butler
31 West 52nd Street
New York, NY 10019-6131
Tel:    (212) 878-8000
Fax:    (212) 878-8375

MINTZ LEVIN COHN FERRIS GLOVSKY &
POPEO
    Peter M. Saparoff (BBO#567379)
    Breton Leone-Quick (BBO#391000)
One Financial Center
Boston, MA 02111
Tel:   (617) 542-6000
Fax:   (617) 542-2241

Counsel for Dexia Bank Belgium

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of Dexia Bank Belgium's Amended Responses and Objections to Plaintiffs' First Requests for Admissions and Supplemental Interrogatories were served upon the following parties by e-mail and first class mail on July 17, 2006:

BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
Glen DeValerio
Jeffrey C. Block
Patrick T. Egan
One Liberty Square
Boston, MA 02109
(617) 542-8300
Fax (617) 542-1194

SHALOV, STONE & BONNER LLP
Lee S. Shalov
James Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 100
New York, NY 10018
(212) 239-4340
Fax (212) 239-4310

CAULEY BOWMAN CARNEY & WILLIAMS, PLLC
J. Allen Carney
11311 Arcade Drive, Suite 200
Little Rock, AK 72212
(501) 312-8500
Fax (501) 312-8505
*Counsel for Class Plaintiffs*

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
Max W. Berger
Steven B. Singer
Avi Josefson
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400
Fax (212) 554-1444
*Counsel for Plaintiffs Stonington Partners, Inc.,*
*Stonington Capital Appreciation 1994 Fund L.P.*
*and Stonington Holdings, L.L.C.*

GREGORY P. JOSEPH LAW OFFICES LLC
Gregory P. Joseph
Susan M. Davies
805 Third Avenue, 31st Floor
New York, NY 10022
(212) 407-1200
Fax (212) 407-1299
*Counsel for Plaintiffs Gary B. Filler and Lawrence Perlman,*
*Trustees for the TRA Rights Trust*

BOIES, SCHILLER & FLEXNER LLP
Karen C. Dyer
George R. Coe
255 South Orange Avenue, Suite 905
Orlando, FL 32801
(407) 425-7118
Fax (407) 425-7047
*Counsel for Plaintiffs Janet Baker, James Baker, JKBaker LLC, and JMBaker LLC*


Dated:  July 17, 2006

_____
Maryana A. Kodner

NYA 793266.1