# United States District Court District of Massachusetts

HANS A. QUAAK,
ATTILIO PO
KARL LEIBINGER,
    on behalf of themselves
    and those similarly situated,
        Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　Civil Action No.: 03-11566 (PBS)

DEXIA, S.A. and
DEXIA BANK BELGIUM, ETC.,
        Defendants.

_____

STONINGTON PARTNERS, INC.,
     a Delaware Corporation,
STONINGTON CAPITAL
     APPRECIATION 1994 FUND L.P., a Delaware
     Partnership,
STONINGTON HOLDINGS, L.L.C.,
    a Delaware limited liability company,
        Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　Civil Action No.: 04-10411 (PBS)

DEXIA, S.A. and
DEXIA BANK BELGIUM, ETC.,
        Defendants.
_____

GARY B. FILLER,
LAWRENCE PERLMAN,
    Trustees of the TRA Rights Trust,
        Plaintiffs,

v.                                                              Civil Action No.: 04-10477 (PBS)

DEXIA, S.A. and
DEXIA BANK BELGIUM, ETC.,
        Defendants.
_____

JANET BAKER,
JAMES BAKER,
JKBAKER LLC,
JMBAKER LLC,
    Plaintiffs,

v.                                                              Civil Action No.: 04-10501 (PBS)

DEXIA, S.A. and
DEXIA BANK BELGIUM, ETC.,
        Defendants.

# FIRST ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT RULE 30(b)(6) DEPOSITION OF DEFENDANT DEXIA BANK BELGIUM (#246 IN

2

# *03cv11566, #93 IN 04cv10411, #111 IN 04cv10477, AND #95 IN 04cv10501*

COLLINGS, U.S.M.J.

In an attempt to resolve the issue of the Rule 30(b)(6) deposition, the Court makes the following rulings:

(1) The Court shall permit a further Rule 30(b)(6) deposition of the defendant Dexia Bank Belgium ("Dexia") on Topics 1 and 6.[1]  Planning for those depositions should proceed apace and not await the resolution of the other topics.

(2) Counsel shall confer in good faith to resolve any issues relating to Topics 2 through 5 and file a joint report to the Court on or before the close of business on January 8, 2007 as to whether, and to what extent, the disputes have been resolved.

(3) With respect to Topic 7, the Court agrees that a 30(b)(6) deposition is not the usual method of obtaining discovery as to a party's affirmative defenses. That being said, the Court rules that the plaintiffs are entitled to discover the facts which will form the basis of the statute of limitations defense.  The preferred method of discovery would be for the defendants to answer the plaintiffs' interrogatories on the subject fully and completely and confirm that they will not proffer any facts on the issue which have are not contained in the interrogatory answers.  If the

---

[1] The Court is utilizing the list contained in the Plaintiffs' Statement, Etc. filed 11/14/2006.

defendants are not willing to do that, and if a 30(b)(6) deposition is the only method by which the information can be gleaned, the Court shall permit the deposition. Accordingly, counsel shall meet and confer in an effort to resolve this issue consistent with these rulings and include in their joint report to be filed on January 8, 2007 whether, and to what extent, they have resolved the issue.

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

December 28, 2006.