**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br>    Plaintiffs,<br>        v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br>    Plaintiffs,<br>        v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br>    Plaintiffs,<br>        v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10477 (PBS) |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br>    Plaintiffs,<br>        v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10501 (PBS) |

**JOINT REPORT CONCERNING RULE 30(b)(6) DEPOSITION
OF DEFENDANT DEXIA BANK BELGIUM**

Plaintiffs in the above-captioned actions and Defendant Dexia Bank Belgium ("Dexia"), through their undersigned counsel, file this joint report pursuant to the Court's First Order on Plaintiffs' Motion for Leave to Conduct Rule 30(b)(6) Deposition of Defendant Dexia Bank Belgium dated December 28, 2006 (the "Order").

**Issues Resolved by the Parties**

Counsel for Plaintiffs and Dexia met and conferred by telephone on January 4, 2007 and January 8, 2007 concerning Topics 2-5 and 7 referenced in the Order. The parties have resolved their disagreements concerning **Topics 2, 4,** and **5** as follows:

**Topic 2.**[1] The parties have agreed that Plaintiffs will withdraw this topic after Dexia serves a written response to the following interrogatory: Identify each public or private offering of L&H debt or equity in which Dexia participated in any capacity including the date(s) and amount(s) of any such offering, the identity of any offering circular(s) for such offering(s), and the type and amount of any compensation received by Dexia due to its participation in such offering, which response will include a statement that it discloses all such offerings in which Dexia participated.

**Topic 4.**[2] The parties have agreed that this topic is modified to delete reference to Cordius Asset Management, and that Dexia will produce a Rule 30(b)(6) witness on this topic as modified.

**Topic 5.**[3] The parties have agreed that Dexia will produce a Rule 30(b)(6) witness on this topic.

**Unresolved Issues**

The parties have been unable to fully resolve their disputes concerning **Topics 3** and **7.**

---

[1] Topic 2: Dexia's underwriting of, participation in, or assistance with any public or private offering of L&H securities.

[2] Topic 4: The preparation of, and issuance by, Artesia Securities, S.A. and/or Cordius Asset Management of analysts reports concerning L&H including (i) the initiation of analyst report coverage of L&H securities; (ii) the research and drafting of such analyst reports; (iii) the determination of the recommendation (e.g., buy or sell) to be placed by analysts on any particular or security; and (iv) the extent and nature of control over, or coordination of, the content of such analysts reports by Artesia Banking Corporation, S.A.

[3] Topic 5: The policies, practices, processes, plans, guidelines, and procedures used by Artesia Banking Corporation, S.A. (including its predecessors Paribas Banque Belgium and Bacob Bank C.V.) regarding credit default swap transactions for the time period 1997 through 1999.

2

**Topic 3.**  This topic seeks deposition testimony of Dexia concerning Artesia Banking Corporation, S.A.'s ("ABC's") relationship with its subsidiaries Artesia Securities, S.A. and Cordius Asset Management.[4]  Dexia is willing to produce a witness to testify concerning ABC's relationship with Artesia Securities, S.A., but not concerning ABC's relationship with Cordius Asset Management.

**Topic 7.**  This topic seeks deposition testimony of Dexia concerning Dexia's statute of limitations defense.[5]  In the Order, this Court indicated that Dexia need not provide 30(b)(6) testimony on this topic to the extent it would respond fully and completely to the Plaintiffs' interrogatories on the subject and confirm that it will not proffer at trial any facts not contained in its interrogatory responses.  The parties have been unable to resolve their disputes on this topic and their respective positions are as follows:

> **Dexia's Position**:  Dexia's position is that it has already responded fully and completely to the interrogatories previously served by Plaintiffs, and that it should not be precluded from relying on new facts that may be discovered in the future.  To provide full disclosure concerning the facts upon which Dexia intends to rely, Dexia has offered to serve a written response to the following interrogatory:  Describe each fact upon which Dexia intends to rely to support its contentions that Plaintiffs were on inquiry notice of potential claims against Dexia and that Plaintiffs could have learned information

---

[4] Topic 3:  The relationship between Artesia Banking Corporation, S.A., on the one hand, and Artesia Securities, S.A. and Cordius Asset Management, on the other hand, including (i) the extent to which Artesia Banking Corporation, S.A.'s management exerted any control over either Artesia Securities, S.A. or Cordius Asset Management; and (ii) the extent to which the management, personnel, customers, accounts, e-mail systems, computer systems, office facilities, and business activities of either Artesia Securities, S.A. or Cordius Asset Management were common to or overlapped with those of Artesia Banking Corporation, S.A.

[5] Topic 7:  Dexia's statute of limitations defense, including (i) the facts that Dexia contends placed Plaintiffs on notice that they had a valid claim for a violation of Section 10(b) of the Securities and Exchange Act of 1934 including, without limitation, the facts that Dexia contends apprised Plaintiffs in connection with their purchases of L&H securities; (ii) when those facts were available to Plaintiffs; (iii) how Plaintiffs should have discovered those facts; and (iv) Dexia's responses to Class Plaintiffs' Interrogatories Nos. 8 and 9.

sufficient to file a claim under Section 10(b) against Dexia more than two years before the first complaint against Dexia was filed. Under this proposal, Dexia would reserve the right to amend its response based on any new information that might be learned in the future, but prior to trial.

**Plaintiffs' Position**: Plaintiffs' position is that the Order excuses Dexia from providing a Rule 30(b)(6) witness only if Dexia provides interrogatory responses that disclose all of the facts upon which Dexia intends to rely to establish its statute of limitations defense at trial. Dexia refuses to disclose all such facts in interrogatory responses and, contrary to the Order, insists on reserving a right to rely at trial on facts not previously disclosed to Plaintiffs. Because Dexia is unwilling to provide full and complete interrogatory responses, Dexia should therefore provide a Rule 30(b)(6) witness to testify concerning the facts supporting its statute of limitations defense. Dexia has refused to do so. Plaintiffs request an order compelling Dexia to submit to a Rule 30(b)(6) deposition on Topic 7.

The parties are prepared to explain their respective positions with respect to Topics 3 and 7, either orally or in writing, at the Court's request.

Dated:  January 8, 2007                             Respectfully submitted,

                                      **BERMAN DEVALERIO PEASE**
                                      **TABACCO BURT & PUCILLO**

                                          /s/ Patrick T. Egan
                                      Glen DeValerio, BBO # 122010
                                      Patrick T. Egan, BBO # 637477
                                      (pegan@bermanesq.com)
                                      Allison K. Jones, BBO # 654804
                                      One Liberty Square
                                      Boston, MA 02109
                                      Telephone:  (617) 542-8300

**SHALOV STONE & BONNER LLP**
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 10000
New York, New York 10018
Telephone:  (212) 239-4340

**CAULEY BOWMAN CARNEY & WILLIAMS PLLC**
Allen Carney
11001 Executive Center Drive, Suite 200
Little Rock, Arkansas 72212
Telephone:  (501) 312-8500

*Co-lead Counsel to Class Plaintiffs*
*Hans A. Quaak, Karl Leibinger and Attilio Po*


**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

/s/ Avi Josefson
Max W. Berger
Steven B. Singer
Avi Josefson
(avi@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 554-1400

**LOONEY & GROSSMAN LLP**
Richard J. Grahn, BBO #206620
Charles P. Kindregan, BBO #554947
101 Arch Street
Boston, MA 02110
Telephone:  (617) 951-2800

*Counsel to Plaintiffs Stonington Partners, Inc.,*
*Stonington Capital Appreciation 1994 Fund L.P.*
*and Stonington Holdings L.L.C.*

**GREGORY P. JOSEPH LAW OFFICES LLC**

      /s/ Susan M. Davies
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
805 Third Avenue, 31st Floor
New York, NY  10022
Telephone:  (212) 407-1200

**KOTIN, CRABTREE & STRONG**
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone:  (617) 227-7031

*Counsel to Plaintiffs Gary B. Filler and Lawrence Perlman, Trustees of the TRA Rights Trust*

**PARTRIDGE, ANKNER & HORSTMAN LLP**

      /s/ Terence K. Ankner
Terence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone:  (617) 859-9999

**BOIES SCHILLER & FLEXNER**
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida  32801
Telephone:  (407) 425-7118

**REED SMITH LLP**
Alan K. Cotler
Joan A. Yue
Steven T. Voigt
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone:  (215) 851-8100

*Counsel to Plaintiffs Janet Baker, James Baker, JKBaker LLC and JMBaker LLC.*

6

**MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO**

Peter M. Saparoff (BBO # 441740)
Breton Leone-Quick (BBO # 655571)
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241

**CLIFFORD CHANCE US LLP**

/s/ Jeff E. Butler
James W. Weidner
Jeff E. Butler
31 West 52nd Street
New York, NY 10019-6131
Tel: (212) 878-8000
Fax: (212) 878-8375

*Counsel for Defendant, Dexia Bank Belgium*

## CERTIFICATE OF SERVICE

     I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF). A paper copy of this document has been mailed in accordance with FED. R. CIV. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

                           /s/ Susan M. Davies
                           Susan M. Davies
                           N.Y. Atty Reg. #2413508