UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                      )
STONINGTON PARTNERS, INC.,            )
a Delaware Corporation,               )
STONINGTON CAPITAL APPRECIATION       )
1994 FUND L.P., a Delaware            )
Partnership, and STONINGTON           )
HOLDINGS, L.L.C., a Delaware          )
limited liability company             )
                                      )
              Plaintiffs,             )
                                      )
         v.                           )  CIVIL ACTION NO. 04-10411-PBS
                                      )
DEXIA BANK BELGIUM (formerly          )
known as ARTESIA BANKING              )
CORP., S.A.)                          )
                                      )
              Defendant.              )
                                      )
```

**MEMORANDUM AND ORDER**

February 2, 2007

Saris, U.S.D.J.

In these three consolidated cases,[1] defendants have moved for judgment on the pleadings on the common law claims of fraud, aiding and abetting fraud and conspiracy to commit fraud pursuant to Fed. R. Civ. P. 12(c). New York law applies. After hearing, the motions are **DENIED** for the reasons stated briefly below.

First, defendants assert collateral estoppel based on Filler v. Hanvit Bank, 339 F. Supp. 2d 553, 558 (S.D.N.Y. 2004) (dismissing aiding and abetting claims against the defendants,

---

[1] The Court consolidated Civil Action Nos. 04-10411; 04-10477; and 04-10501.

who were bankers for Lernout & Hauspie's ("L&H") Korean subsidiary, because the pleadings could "not support an inference that defendants actually knew that L&H Belgium was attempting to defraud its investors"). The matters raised in this suit are factually quite different from those in Hanvit, and collateral estoppel simply does not apply. See Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 430 (1st Cir. 2005).

Second, Dexia argues that the fraud, the aiding and abetting fraud, and conspiracy claims should be dismissed because there is no allegation that Dexia made any direct misrepresentations to the plaintiffs and could not have foreseen that, two years after the alleged fraud, plaintiffs would rely on any of its allegedly fraudulent conduct or misrepresentations. When all reasonable inferences are drawn in favor of the plaintiffs, Dexia could have foreseen that its allegedly fraudulent conduct, which included falsification of records, the misrepresentation of the status of certain loans to L&H auditors, and glowing analyst reports by a wholly-owned subsidiary, could reasonably be relied on by future investors and cause them damages. See Singer v. Jefferies & Co., Inc., 160 A.D.2d 216, 219 (N.Y. App. Div. 1990) ("[T]he element of reasonable foreseeability does not mean that the exact occurrence or precise injury need to be foreseen. It is sufficient that defendants should have been able to foresee that some injury might have resulted from their acts." (citations omitted)).

Moreover, the fact that the alleged misrepresentations (via statements as well as conduct) were made to third persons is not dispositive. While New York's caselaw on third party reliance is fractured, New York's highest court has recognized the "general and unremarkable principle that liability for fraud can be imposed through communication by a third party," provided the plaintiff justifiably and directly relied on the fraud. <u>Securities Investor Protection Corp. v. BDO Siedman, LLP</u>, 95 N.Y.2d 702, 710 (N.Y. 2001).

In any event, there is an allegation that Dexia knowingly financed the allegedly fraudulent purchase of Dictaphone (and based on new discovery, the purchase of Dragon as well). This allegation itself would support an aiding and abetting theory of liability.

### ORDER

The motions for judgment on the pleadings (Docket Nos. 122 128, 142) are **DENIED**.

<u>S/PATTI B. SARIS</u><br>
United States District Judge